# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ACADEMY, LTD. d/b/a ACADEMY SPORTS + OUTDOORS,<br><br>Defendant. | Case No. 2:19-cv-00092-JRG-RSP<br><br>LEAD CASE |
| THE HOME DEPOT, INC.,<br><br>Defendant. | Case No. 2:19-cv-00098-JRG-RSP<br><br>Consolidated Case |

### THE HOME DEPOT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC ("Home Depot" or "Defendant") hereby submits its Answer to Plaintiff's Complaint for Patent Infringement filed by Plaintiff Team Worldwide Corporation ("TWW" or "Plaintiff").[1]

## I.  ANSWER

As set forth below, Home Depot answers the allegations in TWW's Complaint by reproducing each of the pertinent headings therein [in brackets] and the corresponding paragraph

---

[1] As noted in a joint motion filed by the parties (Dkt. #43), The Home Depot, Inc. is not the correct party to this case; therefore, The Home Depot, Inc. will be dismissed without prejudice and will be replaced with two separate entities: Home Depot U.S.A. Inc. and Home Depot Product Authority, LLC.  Home Depot U.S.A. Inc. and Home Depot Product Authority, LLC (collectively "Home Depot" or "Defendant") are the correct defendants and this Answer is submitted by Home Depot U.S.A. Inc. and Home Depot Product Authority, LLC.  Further, pursuant to the Court's Order (Lead Case Dkt. No. 27), Defendant understands that the above-captioned case is limited solely to TWW's allegations relating to U.S. Patent No. 9,211,018 ("the '018 Patent").  Accordingly, Defendant submits this Answer addressing allegations relating only to the '018 Patent and reserves all rights to respond to allegations relating to any other patent originally asserted by TWW and all defenses regarding the same.

numbering with the text of TWW's paragraph(s) in single spaced, **bold typeface**, immediately followed by Home Depot's answers thereto.  Home Depot's reproduction, below, of any headings set forth in TWW's Complaint is solely for the purpose of convenience and is not, and should not be construed as, an admission by Home Depot that any allegations or other statements in such headings, whether explicit or implied, are true, correct, or admitted by Home Depot; any such allegations are hereby denied.  All allegations in TWW's Complaint that Home Depot does not expressly admit or deny, below, are hereby denied.

## [THE PARTIES]

**1.      Plaintiff TWW is a Taiwanese corporation having a principal place of business at 9F., No. 24, Songzhi Rd., Xinyi District Taipei City 110, Taiwan R.O.C.**

<u>ANSWER:</u>      Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and, therefore, denies them.

**2.      Defendant, Home Depot is a Delaware company with its principal place of business located at 2455 Paces Ferry Road, Atlanta, GA 30339. Upon information and belief, Home Depot may be served with process through its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.**

<u>ANSWER:</u>      Home Depot admits the allegations in paragraph 2.

**3.      Home Depot is a retailer that sells and offers to sell consumer goods through physical stores, and/or the online retail website, https://www.homedepot.com.**

<u>ANSWER:</u>      Home Depot U.S.A., Inc. admits the allegations in paragraph 3.

## [JURISDICTION AND VENUE]

**4.      This is an action for patent infringement under the patent laws of the United States of America, 35 U.S.C. § 1, et seq.**

<u>ANSWER:</u>      Home Depot admits that TWW's Complaint purports to allege a claim of "patent infringement under the patent laws of the United States of America, 35 U.S.C.

§ 1, *et seq.*;" however, Home Depot denies the merit and validity of any and all of

TWW's claims brought pursuant to 35 U.S.C. § 1 *et seq.*

**5.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).**

ANSWER:     The allegations in paragraph 5 are conclusions of law, rather than

statements of fact, to which no response is required.  To the extent a response is required,

Home Depot lacks knowledge or information sufficient to form a belief as to whether this

Court has subject matter jurisdiction over this action and, therefore, denies the same.

**6.     This Court has personal jurisdiction over Home Depot because it, directly or through subsidiaries, divisions, groups, or distributors, has sufficient minimum contacts with this forum  as a result of business conducted within the State of Texas and this judicial district, including regularly conducting business from the Home Depot store located at 411 E Loop 281, Longview, TX 75605 and the website www.homedepot.com.  Further, on information and belief there are at least 175 (one hundred seventy-five) retail stores within the state of Texas, including a number within this judicial district.[2] TWW's cause of action arises directly from Home Depot's business contacts and other activities in the State of Texas and this judicial district, including at a minimum, selling or offering to sell infringing products and committing patent infringement in the State of Texas and this judicial district. Home Depot has committed acts of infringement and has a regular and established place of business in this district. Additionally, Home Depot (directly and/or through a distribution network) regularly places infringing products into the stream of commerce with the knowledge and/or understanding that the infringing products will be sold in the State of Texas and in this judicial district.**

ANSWER:     The allegations regarding personal jurisdiction in paragraph 6 are

conclusions of law, rather than statements of fact, to which no response is required.  To

the extent a response is required, Home Depot does not contest, for purposes of this

action only, that this Court has specific personal jurisdiction over it with respect to sales

of the accused products that occurred in Texas, but Home Depot denies the merit and

---

[2] **https://www.homedepot.com/l/TX - last visited March 13, 2019.]**

validity of any of TWW's claims for which personal jurisdiction may be had or on which personal jurisdiction may be based.

Further, Home Depot objects to the Court's exercise of personal jurisdiction over it with respect to causes of action arising outside of the State of Texas.  There is no general personal jurisdiction over Home Depot in Texas.  As for specific jurisdiction, each allegedly infringing sale of any accused product constitutes a separate cause of action under controlling law.  *E.I. du Pont de Nemours & Co. v. MacDermid Printing Sols., L.L.C.*, 525 F.3d 1353, 1362 (Fed. Cir. 2008) ("[W]e have held that each act of infringement gives rise to a separate cause of action.").  Specific personal jurisdiction requires that the suit arise out of or relate to the defendant's contact with the forum.  There must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the forum State's regulation.  For causes of action (i.e. allegedly infringing sales) arising outside the State of Texas, that affiliation is lacking.  TWW's causes of action and thus its claims for relief, which are based on alleged specific personal jurisdiction over Home Depot, must therefore be limited to any alleged infringing acts that occurred in Texas.  There is no personal jurisdiction over Home Depot for any cause of action that did not arise out of or relate to Home Depot's conduct in Texas.  *See, e.g.*, *Bristol-Myers Squibb Co. v. Superior Court*, --- U.S. ---, 137 S. Ct. 1773 (2017).

Home Depot denies any and all allegations of infringement in paragraph 6 and further denies any remaining allegations in paragraph 6.

7.      Under the United States Government's country of origin marking rule, 19 CFR §134.11, all or substantially all of the Infringing Products (as defined below) are marked with China as the country of origin. On information and belief, all or substantially all of the Infringing Products are manufactured in multiple unknown locations by multiple unknown entities in China.

ANSWER:     Home Depot denies any and all allegations of infringement in paragraph 7. Home Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and, therefore, denies them.

8.      This Court has general jurisdiction over Home Depot due to its continuous and systematic contacts with the State of Texas and this jurisdiction. Further, Home Depot is subject to this Court's jurisdiction because it has committed acts of patent infringement and has a regular and established place of business in the State of Texas and this jurisdiction.

ANSWER:     The allegations regarding general jurisdiction in paragraph 8 are conclusions of law, rather than statements of fact, to which no response is required.  To the extent a response is required, Home Depot denies that this Court has general jurisdiction over it.  Home Depot denies any and all allegations of infringement in paragraph 8 and further denies any remaining allegations in paragraph 8.

9.      Venue is proper under 28 U.S.C. §§ 1391 and 1400(b). Home Depot has transacted business in this judicial district and/or committed acts of patent infringement in this judicial district.

ANSWER:     Home Depot denies that venue is proper.  Home Depot further denies any and all allegations of infringement in paragraph 9 and denies any remaining allegations in paragraph 9.

## [BACKGROUND]

10.      Founded in 1977, TWW is an innovative designer and manufacturer of inflatable products including, among others, inflatable mattresses generally known in the industry and to consumers as "air beds." TWW's air bed products are sold under multiple brands in the United States including Air CloudTM, ALPS Mountaineering®, Concierge Collection®, Cozelle®, EZ BedTM, Frontgate®, Grandin Road®, Improvements®, Insta

BedTM, Ivation, Kelty®, Lazery SleepTM, Serta®, Simply Sleeper®, SoundAsleep, Swiss Gear®, and Wenzel® ("TWW Products").

ANSWER:   Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and, therefore, denies them.

11.   TWW has been developing air bed technology for many years and, as a result of its ingenuity and inventions, is the owner of numerous patents related to air beds. Among such patented inventions are air beds that have electric inflation/deflation devices or "pumps" that are built into the air beds so that the air beds do not require an external means, such as a separate compression pump or similar device, to inflate the air bed.

ANSWER:   Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and, therefore, denies them.

12.   Specifically, TWW owns the following U.S. Patents asserted in this case: U.S. Pat. No. 7,246,394 (the "'394 Patent"), U.S. Pat. No. 7,346,950 (the "'950 Patent"), and U.S. Pat. No. 9,211,018 (the "'018 Patent", collectively the "Asserted Patents").

ANSWER:   Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and, therefore, denies them.

13.   The Asserted Patents are currently subject to the following proceedings at the United States Patent Office: IPR2018-00859; IPR2018-00875; IPR2018-00874, IPR2018-00873, IPR2018-00872, IPR2018-00871, IPR2018-00870 (collectively "IPRs"). Plaintiff will agree to extend Defendant's answer dates and agree to stipulate to a stay of this lawsuit until the Patent Trial and Appeal Board issues final decisions for or dismisses the IPRs.

ANSWER:   Home Depot understands that the IPRs are currently on appeal to the United States Court of Appeals for the Federal Circuit.  Further, Home Depot understands that this Court lifted the stay mentioned in paragraph 13, but only did so for purposes of TWW's allegations relating to the '018 Patent.  Accordingly, Home Depot's answer is limited to the '018 Patent allegations.  Home Depot denies any remaining allegations in paragraph 13.

14.   This Court has already entered a claim construction order regarding the Asserted Patents in the prior lawsuit, Team Worldwide Corporation v. Wal-Mart Stores,

**Inc., et al., 2-17-cv- 00235, Dkt 153 (March 15, 2018), Ex. E. In the prior lawsuit, based on this Court's claim construction, Walmart, Intex, and Bestway admitted that the accused products infringed. Ex. D. The parties to the prior lawsuit reached settlement at the pretrial conference. Ex. F.**

ANSWER:    Home Depot admits that Exhibits D, E, and F to the complaint appear to

be papers filed in the referenced case; however, Home Depot lacks information or

knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14

regarding those exhibits and, therefore, denies them.  Further, Home Depot denies any

and all allegations of infringement in paragraph 14 and denies any remaining allegations

in paragraph 14.

**15.    TWW manufactures and sells air bed products that practice the Asserted Patents throughout the United States and in this judicial district. In compliance with 35 U.S.C. § 287, TWW marks and requires the marking of its products covered by the Asserted Patents with the appropriate and corresponding patent numbers.**

ANSWER:    Home Depot lacks information or knowledge sufficient to form a belief as

to the truth of the allegations in paragraph 15 and, therefore, denies them.

**16.    Home Depot imports, has imported, sells, has sold, has offered for sale and/or offers for sale in the United States, airbed products that are not manufactured or licensed by TWW that infringe the Asserted Patents ("Infringing Products").**

ANSWER:    Home Depot denies the allegations in paragraph 16.

**17.    The Asserted Patents are infringed and have been infringed in the statutory damages period by air beds that feature an internally housed pump. Examples of products that infringe the Asserted Patents include, but are not limited to, Intex® brand air mattresses (including those with pump model number AP619A), and Air Comfort®, among others.**

ANSWER:    Home Depot denies the allegations in paragraph 17.

**18.    Home Depot imported, imports, sells, offers for sale, has sold and/or has offered for sale the Infringing Products within the United States, and specifically within this judicial district.**

ANSWER:    Home Depot denies the allegations in paragraph 18.

19.     Home Depot has voluntarily and purposely placed the Infringing Products into the stream of commerce with the expectation that they would be offered for sale and sold in Texas and in this judicial district.

ANSWER:     Home Depot denies the allegations in paragraph 19.

## [COUNT I]
### [(Infringement of the '018 Patent)]

20.     Home Depot's infringement of the '018 Patent was, is, and continues to be deliberate and willful because Home Depot was and is aware of the '018 Patent yet continues to infringe the '018 Patent; therefore, the infringement is willful and deliberate because Home Depot has been aware of the '018 Patent since at least the filing of this Complaint.

ANSWER:     Home Depot denies the allegations in paragraph 20.

21.     The United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '018 Patent, entitled "Inflatable Airbed Provided with Electric Pump Having Pump Body Recessed into the Inflatable Airbed," on December 15, 2015. A true and correct copy of the '018 Patent is attached as Exhibit A.

ANSWER:     Home Depot admits that an uncertified copy of the '018 Patent is attached to TWW's Complaint as Exhibit A, that the cover page thereof includes the title "Inflatable Airbed Provided With Electric Pump Having Pump Body Recessed Into The Inflatable Airbed," and that the cover page shows an issue date of December 15, 2015. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and, therefore, denies them.

22.     Each and every claim of the '018 Patent is currently valid and enforceable, and each enjoys a statutory presumption of validity under 35 U.S.C. § 282.

ANSWER:     The allegations in paragraph 22 are legal conclusions, rather than statements of fact, to which no response is required.  To the extent a response is required, Home Depot denies the allegations in paragraph 22.

23.     TWW is the assignee of all rights, title, and interest in and to the '018 Patent and possesses the exclusive right of recovery, including the exclusive right to recover for past infringement.

ANSWER:    Home Depot lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 23 and, therefore, denies them.

**24.     TWW has marked and/or required the marking of covered TWW Products with the '018 Patent since on or about December 2015.**

ANSWER:    Home Depot lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 24 and, therefore, denies them.

**25.     The claims of the '018 Patent cover, inter alia, inflatable products, such as air beds, which comprise an inflatable body comprising an exterior wall and an electric pump that pumps the inflatable body, the electric pump comprising a pump body and an air outlet, wherein the pump body is built into the exterior wall and wholly or partially recessed into the inflatable body, leaving at least a portion of the pump body exposed by the exterior wall, and wherein the pump body is permanently held by the inflatable body.**

ANSWER:    The allegations in paragraph 25 are legal conclusions, rather than

statements of fact, to which no response is required.  To the extent a response is required,

Home Depot lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 25 and, therefore, denies them.

**26.     Home Depot has been and is now directly infringing, literally and/or under the doctrine  of equivalents, one or more claims, including at least claims 1, 7, 11, 12, 13 and 14, of the '018 Patent by importing, selling and/or offering to sell the Infringing Products in the United States without authority and/or license from TWW and is liable to TWW under 35 U.S.C. § 271(a).**

ANSWER:    Home Depot denies the allegations in paragraph 26.

**27.     By way of example, Home Depot sells and has sold Infringing Products under at least the Intex® and Air Comfort® names that infringe at least claims 1, 7, 11, 12, 13, and 14 of the '018 Patent because they are inflatable products, including airbeds, which comprise an inflatable body comprising an exterior wall and an electric pump that pumps the inflatable body, the electric pump comprising a pump body and an air outlet, wherein the pump body is built into the exterior wall and wholly or partially recessed into the inflatable body, leaving at least a portion of the pump body exposed by the exterior wall, and wherein the pump body is permanently held by the inflatable body.**

ANSWER:    Home Depot denies the allegations in paragraph 27.

28.     For example, **Home Depot offers this infringing airbed for sale online at https://www.homedepot.com/p/Intex-Classic-Pillow-Rest-Queen-Air-Mattress-66777E/305229243 (last visited March 13, 2019).**



ANSWER:     Home Depot admits that the product identified in paragraph 28 is offered for sale online.  Home Depot denies any and all allegations of infringement in paragraph 28 and denies any remaining allegations in paragraph 28.

29.     **Home Depot sells and has sold Infringing Products that the manufacturer and/or supplier has judicially admitted infringe claims of the '018 and '394 Patents. Ex. D.**

ANSWER:     Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the '018 Patent in paragraph 29 and, therefore, denies them.  Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the allegations in paragraph 29 regarding the '394 Patent remain stayed; therefore, no response is required at this time.  Home Depot denies any remaining allegations in paragraph 29.

30.     **Home Depot is able to sell and has sold Infringing Products at a higher price than non- infringing products, reaping enhanced economic benefits from their infringement of the '018 Patent.**

ANSWER:     Home Depot denies the allegations in paragraph 30.

31.     **Home Depot's infringement causes TWW to sell products at lower prices, resulting in price erosion of TWW's products covered by the '018 Patent.**

ANSWER:     Home Depot denies any and all allegations of infringement in paragraph

31.  Home Depot denies any remaining allegations in paragraph 31.

**32.     As a result of Home Depot's infringement of the '018 Patent, TWW has suffered and continues to suffer damages. Thus, TWW is entitled to recover from Home Depot the damages TWW sustained as a result of Home Depot's wrongful and infringing acts in an amount subject to proof at trial, which is no less than its lost profits and/or a reasonable royalty rate, together with interest and costs fixed by this Court under 35 U.S.C. § 284.**

ANSWER:     Home Depot denies the allegations in paragraph 32.

**33.     TWW has suffered damage because of the infringing activities of Home Depot, and TWW will continue to suffer irreparable harm for which there is no adequate remedy at law unless Home Depot's infringing activities are preliminarily and permanently enjoined by this Court.**

ANSWER:     Home Depot denies the allegations in paragraph 33.

**34.     Home Depot has had actual notice of the '018 Patent since at least the filing of this Complaint or shortly thereafter and knew of the '018 Patent and knew of its infringement, including by way of this lawsuit.**

ANSWER:     Home Depot admits it has had knowledge of the '018 Patent since the date

TWW's Complaint was served.  Home Depot denies any and all allegations of

infringement in paragraph 34 and denies any remaining allegations in paragraph 34.

**35.     On information and belief, Home Depot was further in a position to have actual notice of the '018 Patent before the filing of this Complaint at least because its competitor, Walmart, and at least one of Home Depot's suppliers admitted infringement:**

> 6.  The accused products from Intex, Bestway, and Boyd infringe asserted claims 1,
>
> 7, 11, 12, 13, and 14 of the '018 Patent; asserted claims 1, 2, 3, 4, 5, 7, 8, 10, and
>
> 12 of the '394 Patent.

**Ex. D.**

ANSWER:     Home Depot is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 35 and, therefore, denies them.

**36.     Home Depot's infringement of the '018 Patent was, is, and continues to be deliberate and willful because Home Depot was and is aware of the '018 Patent yet continues to infringe the '018 Patent; therefore, the infringement is willful and deliberate because Home Depot has been aware of the '018 Patent since at least the filing of this Complaint.**

ANSWER:     Home Depot denies the allegations in paragraph 36.

**[COUNT II]**
**[(Infringement of the '950 Patent)]**

**37.     TWW repeats and re-alleges the allegations contained in paragraphs 1-36 of this Complaint as if fully set forth herein.**

ANSWER:     In response to paragraph 37, Home Depot realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in paragraphs 1-36 above.

**38.     The United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '950 Patent, entitled "Inflatable Product Provided with Electric Air Pump," on March 25, 2008. A true and correct copy of the '950 Patent is attached as Exhibit B.**

ANSWER:     Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the allegations in paragraph 38 remain stayed; therefore, no response is required at this time.

**39.     Each and every claim of the '950 Patent is currently valid and enforceable, and each enjoys a statutory presumption of validity under 35 U.S.C. § 282.**

ANSWER:     Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the allegations in paragraph 39 remain stayed; therefore, no response is required at this time.

**40.     TWW is the assignee of all rights, title, and interest in and to the '950 Patent and possesses the exclusive right of recovery, including the exclusive right to recover for past infringement.**

<u>ANSWER:</u>      Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 40 remain stayed; therefore, no response is required at this time.

**41.      TWW has marked and/or required the marking of covered TWW Products with the '950 Patent since at least January 1, 2011.**

<u>ANSWER:</u>      Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 41 remain stayed; therefore, no response is required at this time.

**42.      The claims of the '950 Patent cover, inter alia, inflatable products, such as air beds, which include a first chamber comprising a chamber wall, a pack with an interior region, an air intake communicating the interior region to the outside of the first chamber and a first air outlet communicating the interior region to the inside of the first chamber, wherein the pack is built in the chamber wall and extends into an interior of the first chamber; a first valve for opening and closing the first air outlet, wherein the first valve is connected to the pack; and a fan and motor disposed in the interior region of the pack, wherein, on activation of the fan and motor to inflate the first chamber, air is pumped from outside of the first chamber through the air intake into the interior region of the pack, then through the first valve and first air outlet into the first chamber.**

<u>ANSWER:</u>      Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 42 remain stayed; therefore, no response is required at this time.

**43.      Home Depot has been and is now directly infringing, literally and/or under the doctrine  of equivalents, one or more claims, including at least claims 1, 7, 11, 13, and 14, of the '950 Patent by importing, selling and/or offering to sell Infringing Products in the United States without authority and/or license from TWW and is liable to TWW under 35 U.S.C. § 271(a).**

<u>ANSWER:</u>      Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 43 remain stayed; therefore, no response is required at this time.

**44.      By way of example, Home Depot sells and has sold Infringing Products under at least the Intex and Air Comfort names that infringe at least claims 1, 7, 11, 13, and 14 of**

the '950 Patent because they are inflatable products, including airbeds, which include a first chamber comprising a chamber wall, a pack with an interior region, an air intake communicating the interior region to the outside of the first chamber and a first air outlet communicating the interior region to the inside of the first chamber, wherein the pack is built in the chamber wall and extends into an interior of the first chamber; a first valve for opening and closing the first air outlet, wherein the first valve is connected to the pack; and a fan and motor disposed in the interior region of the pack, wherein, on activation of the fan and motor to inflate the first chamber, air is pumped from outside of the first chamber through the air intake into the interior region of the pack, then through the first valve and first air outlet into the first chamber.

ANSWER:   Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the allegations in paragraph 44 remain stayed; therefore, no response is required at this time.

45.   For example, Home Depot offers this infringing airbed for sale online at https://www.homedepot.com/p/Intex-Classic-Pillow-Rest-Queen-Air-Mattress-66777E/305229243 (last visited March 13, 2019).



ANSWER:   Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the allegations in paragraph 45 remain stayed; therefore, no response is required at this time.

46.   Home Depot is able to sell and has sold Infringing Products at a higher price than non- infringing products, reaping enhanced economic benefits from their infringement of the '950 Patent.

ANSWER:   Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the allegations in paragraph 46 remain stayed; therefore, no response is required at this time.

47.     Home Depot's infringement causes TWW to sell products at lower prices, resulting in price erosion of TWW's products covered by the '950 Patent.

ANSWER:     Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 47 remain stayed; therefore, no response is required at this time.

48.     As a result of the Home Depot's infringement of the '950 Patent, TWW has suffered and continues to suffer damages. Thus, TWW is entitled to recover from Home Depot the damages TWW sustained as a result of Home Depot's wrongful and infringing acts in an amount subject to proof at trial, which is no less than its lost profits and/or a reasonable royalty rate, together with interest and costs fixed by this Court under 35 U.S.C. § 284.

ANSWER:     Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 48 remain stayed; therefore, no response is required at this time.

49.     TWW has suffered damage because of the infringing activities of Home Depot, and TWW will continue to suffer irreparable harm for which there is no adequate remedy at law unless Home Depot's infringing activities are preliminarily and permanently enjoined by this Court.

ANSWER:     Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 49 remain stayed; therefore, no response is required at this time.

50.     Home Depot has had actual notice of the '950 Patent since at least the filing of this Complaint or shortly thereafter and knew of the '950 Patent and knew of its infringement, including by way of this lawsuit.

ANSWER:     Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 50 remain stayed; therefore, no response is required at this time.

51.     On information and belief, Home Depot was further in a position to have actual notice of the '950 Patent before the filing of this Complaint at least because Home

Depot's supplier's products were previously accused of infringing the '950 Patent in other litigation.

> ANSWER:    Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's
>
> subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the
>
> allegations in paragraph 51 remain stayed; therefore, no response is required at this time.

**52.    Home Depot's infringement of the '950 Patent was, is, and continues to be deliberate and willful because Home Depot was and is aware of the '950 Patent yet continues to infringe the '950 Patent; therefore, the infringement is willful and deliberate because Home Depot has been aware of the '950 Patent since at least the filing of this Complaint.**

> ANSWER:    Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's
>
> subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the
>
> allegations in paragraph 52 remain stayed; therefore, no response is required at this time.

**[COUNT III]**
**[(Infringement of the '394 Patent)]**

**53.    TWW repeats and re-alleges the allegations contained in paragraphs 1-52 of this Complaint as if fully set forth herein.**

> ANSWER:    In response to paragraph 50, Home Depot realleges and incorporates by
>
> reference, as if fully set forth herein, its responses and any allegations and affirmative
>
> statements set forth in paragraphs 1-52 above.

**54.    The United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '394 Patent, entitled "Inflatable Product with Built-In Housing and Switching Pipe," on July 24, 2007.  A true and correct copy of the '394 Patent is attached as Exhibit C.**

> ANSWER:    Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's
>
> subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the
>
> allegations in paragraph 54 remain stayed; therefore, no response is required at this time.

**55.    Each and every claim of the '394 Patent is currently valid and enforceable, and each enjoys a statutory presumption of validity under 35 U.S.C. § 282.**

ANSWER:      Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 55 remain stayed; therefore, no response is required at this time.

**56.     TWW is the assignee of all rights, title, and interest in and to the '394 Patent and possesses the exclusive right of recovery, including the exclusive right to recover for past infringement.**

ANSWER:      Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 56 remain stayed; therefore, no response is required at this time.

**57.     TWW has marked and/or required the marking of covered TWW Products with the '394 Patent since at least January 1, 2011.**

ANSWER:      Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 57 remain stayed; therefore, no response is required at this time.

**58.     The claims of the '394 Patent cover, inter alia, inflatable products, such as air beds, which include an inflatable body, a fan and motor assembly for pumping air, a housing built into the inflatable body, the housing having an interior region; and an air conduit disposed at least in part in the housing, the air conduit being movable between a first position and a second position while remaining disposed at least in part in the housing, the fan and motor inflating the inflatable body when the air conduit is in the first position, and deflating the inflatable body when the air conduit is in the second position; wherein air flows between the interior region of the housing and the inflatable body during inflation and deflation.**

ANSWER:      Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 58 remain stayed; therefore, no response is required at this time.

**59.     Home Depot has been and is now directly infringing, literally and/or under the doctrine  of equivalents, one or more claims, including at least claims 1-3 and 7-12, and 16 of the '394 Patent by importing, selling and/or offering to sell Infringing Products in the**

**United States without authority and/or license from TWW and is liable to TWW under 35 U.S.C. § 271(a).**

ANSWER:    Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 59 remain stayed; therefore, no response is required at this time.

**60.    By way of example, Home Depot sells and has sold Infringing Products under at least the Intex and Air Comfort names that infringe at least claims 1-3, 7-12, and 16 of the '394 Patent because they are inflatable products, including airbeds, which include an inflatable body, a fan and motor assembly for pumping air, a housing built into the inflatable body, the housing having an interior region; and an air conduit disposed at least in part in the housing, the air conduit being movable between a first position and a second position while remaining disposed at least in part in the housing, the fan and motor inflating the inflatable body when the air conduit is in the first position, and deflating the inflatable body when the air conduit is in the second position; wherein air flows between the interior region of the housing and the inflatable body during inflation and deflation.**

ANSWER:    Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 60 remain stayed; therefore, no response is required at this time.

**61.    For example, Home Depot offers this infringing airbed for sale online at https://www.homedepot.com/p/Intex-Classic-Pillow-Rest-Queen-Air-Mattress-66777E/305229243 (last visited March 13, 2019).**



Classic Pillow Rest Queen Air Mattress

★ ★ ★ ★ ★    Write the first Review    Ask the first question

**$37**⁷⁹

**Overview**

The Intex Queen Pillow Rest Classic Airbed Kit is the perfect choice for the rugged outdoors. The flocked top gives a more luxurious sleep surface, cleans easily and is waterproof. Includes battery operated pump. It's also a comfortable... See Full Description

ANSWER:      Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 61 remain stayed; therefore, no response is required at this time.

**62.      Home Depot sells and has sold Infringing Products that the manufacturer and/or supplier has judicially admitted infringe claims of the '018 and '394 Patents. Ex. D.**

ANSWER:      Home Depot is without knowledge or information sufficient to form a

belief as to the truth of the allegations regarding the '018 Patent in paragraph 62 and,

therefore, denies them.  Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and

the Court's subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt.

No. 27), the allegations in paragraph 62 regarding the '394 Patent remain stayed;

therefore, no response is required at this time.  Home Depot denies any remaining

allegations in paragraph 62.

**63.      Home Depot is able to sell and has sold Infringing Products at a higher price than non- infringing products, reaping enhanced economic benefits from their infringement of the '394 Patent.**

ANSWER:      Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 63 remain stayed; therefore, no response is required at this time.

**64.      Home Depot's infringement causes TWW to sell products at lower prices, resulting in price erosion of TWW's products covered by the '394 Patent.**

ANSWER:      Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 64 remain stayed; therefore, no response is required at this time.

**65.      As a result of Home Depot's infringement of the '394 Patent, TWW has suffered and continues to suffer damages. Thus, TWW is entitled to recover from Home Depot, the damages TWW sustained as a result of Home Depot's wrongful and infringing acts in an amount subject to proof at trial, which is no less than its lost profits and/or a**

**reasonable royalty rate, together with interest and costs fixed by this Court under 35 U.S.C. § 284.**

> ANSWER:    Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's
>
> subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the
>
> allegations in paragraph 65 remain stayed; therefore, no response is required at this time.

**66.     TWW has suffered damage because of the infringing activities of Home Depot, and TWW will continue to suffer irreparable harm for which there is no adequate remedy at law unless Home Depot's infringing activities are preliminarily and permanently enjoined by this Court.**

> ANSWER:    Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's
>
> subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the
>
> allegations in paragraph 66 remain stayed; therefore, no response is required at this time.

**67.     Home Depot has had actual notice of the '394 Patent since at least the filing of this Complaint or shortly thereafter and knew of the '394 Patent and knew of its infringement, including by way of this lawsuit.**

> ANSWER:    Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's
>
> subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the
>
> allegations in paragraph 67 remain stayed; therefore, no response is required at this time.

**68.     On information and belief, Home Depot was further in a position to have actual notice of the '394 Patent before the filing of this Complaint at least because its competitor, Walmart, and at least one of Home Depot's suppliers admitted infringement of the '018 and '394 Patents:**

> 6.   The accused products from Intex, Bestway, and Boyd infringe asserted claims 1,
>
> 7, 11, 12, 13, and 14 of the '018 Patent; asserted claims 1, 2, 3, 4, 5, 7, 8, 10, and
>
> 12 of the '394 Patent.

**Ex. D.**

ANSWER:     Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 68 remain stayed; therefore, no response is required at this time.

**69.     Home Depot's infringement of the '394 Patent was, is, and continues to be deliberate and willful because Home Depot was and is aware of the '394 Patent yet continues to infringe the '394 Patent; therefore, the infringement is willful and deliberate because Home Depot has been aware of the '394 Patent since at least the filing of this Complaint.**

ANSWER:     Pursuant to the Court's stay order (Lead Case Dkt. No. 12) and the Court's

subsequent order lifting the stay as to the '018 Patent only (Lead Case Dkt. No. 27), the

allegations in paragraph 69 remain stayed; therefore, no response is required at this time.

## [PRAYER FOR RELIEF]

In response to TWW's Prayer for Relief and paragraphs A through D thereof, Home

Depot respectfully requests the Court deny in all respects TWW's claims and any other requests

for relief; that TWW take nothing by way of its claims and any other requests for relief; that

TWW's Complaint and all claims therein be dismissed with prejudice; and that the Court enter

judgment in favor of Home Depot on all claims asserted by TWW.

## II.  AFFIRMATIVE DEFENSES

For its defenses, Home Depot realleges and incorporates by reference, as if fully set forth

herein, its responses and any allegations and affirmative statements set forth in its answers to

paragraphs 1-69 above.  Without admitting or acknowledging that it bears the burden of proof as

to any of them, Home Depot asserts at least the following defenses to TWW's claims; Home

Depot reserves the right to assert additional defenses that become known through the course of

discovery.  Moreover, if any of the below affirmative defenses are more appropriately considered

denials, they should be construed as denials.  Likewise, if any of the above denials are more

appropriately considered affirmative defenses, they should be construed as affirmative defenses.

## First Defense: Non-Infringement

Home Depot does not infringe, and has never infringed, in any way, any valid claim of U.S. Patent No. 9,211,018 (the "'018 Patent"), whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, or otherwise under any section of 35 U.S.C. § 271, and, as such, is without any liability to TWW.

## Second Defense: Invalidity

All claims of the '018 Patent are invalid for failure to meet and/or comply with one or more of the conditions and requirements of the patent laws and regulations, including, but not limited to, the conditions and requirements set forth in 35 U.S.C. §§ 101, 102, 103, and 112; and 37 C.F.R. §§ 1.1 *et seq*.

## Third Defense: Limitation on Damages

Some or all of TWW's claims for relief concerning the '018 Patent are limited or barred as a consequence of failing to comply with the requirements of 35 U.S.C. §§ 285–287 and/or 288.

## Fourth Defense: Equitable Defenses

TWW's claims for relief concerning the '018 Patent are barred, in whole or in part, under the principles of equity, including, without limitation, prosecution laches, waiver, implied waiver, estoppel, prosecution history estoppel, misconduct, unclean hands, patent misuse, unfair competition, and/or other equitable defenses.

## Fifth Defense: Failure to State a Claim

TWW has failed to state any claim upon which relief can be granted.

## Sixth Defense: Unavailability of Injunctive Relief

TWW is not entitled to injunctive relief or any other equitable relief at least because any alleged injury to TWW is not irreparable and because, had TWW been injured, it would have an adequate remedy at law.

## Seventh Defense: Disclaimer/Disavowal of Claim Scope

By virtue of statements, arguments, or amendments made, or positions taken, during the prosecution of one or more of the applications for the '018 Patent and any related patents, during any *inter partes* and/or *ex parte* review proceedings (including appeals) relating to the '018 Patent, and/or by virtue of statements made within one or more of the specifications thereof, TWW has disclaimed and/or disavowed the full scope of any allegedly infringed claim of the '018 Patent and, as such, is estopped from construing any such claim to cover or include, either literally or under the doctrine of equivalents, any product, system, or service of, or any method performed in whole or in part by, Home Depot.

## Eighth Defense: Prosecution History Estoppel

By virtue of statements, arguments, or amendments made, or positions taken, during the prosecution of one or more of the applications for the '018 Patent and any related patents, during any *inter partes* and/or *ex parte* review proceedings (including appeals) relating to the '018 Patent, and/or by virtue of statements made within one or more of the specifications thereof, TWW is estopped, under the doctrine of prosecution history estoppel, from construing any allegedly infringed claim of the '018 Patent to cover or include under the doctrine of equivalents any product, system, or service of, or any method performed in whole or in part by, Home Depot.

### Ninth Defense: Failure to State a Claim for Willful Infringement

TWW's claim for relief and each and every one of TWW's allegations fails to state a claim of willful infringement.

### Tenth Defense: Exceptional Case

TWW cannot prove that this is an exceptional case justifying an award of attorneys' fees against Home Depot pursuant to 35 U.S.C. § 285.

### Eleventh Defense: *Res Judicata*, Collateral Estoppel, Claim and Issue Preclusion

TWW is barred, under the doctrines of *res judicata,* collateral estoppel, claim and/or issue preclusion, from asserting infringement against, and recovering damages from, Home Depot pursuant to any alleged act of infringement that TWW asserted or could have asserted in prior litigation, including at least *Team Worldwide Corporation v. Wal-Mart Stores, Inc., et al.*, 2-17-cv- 00235 ("the 2017 TWW Litigation").  The 2017 TWW Litigation was dismissed by this Court with prejudice, which is tantamount to a final judgment on the merits.  *See Pactiv Corp. v. Dow Chem. Co.*, 449 F.3d 1227, 1230 (Fed. Cir. 2006).  In both the above-captioned matter and the 2017 TWW Litigation, TWW asserted the same claims of the '018 Patent and did so against the same products.  Furthermore, although Home Depot was not a party to the 2017 TWW Litigation, TWW has already attempted to use filings from the 2017 TWW Litigation against Home Depot in the above-captioned matter.  (*See, e.g.*, Complaint Ex. D.)  Thus, to the extent Home Depot is in privity with any party in the 2017 TWW Litigation (whether for the foregoing reasons or any other reason), TWW is precluded from bringing claims in this matter that it brought or could have brought in the 2017 TWW Litigation; all such claims and any remedies for the same are extinguished.

## Twelfth Defense: Kessler Doctrine

TWW is barred under the *Kessler* doctrine—*see Kessler v. Eldred*, 206 U.S. 285 (1907)—from asserting that air mattresses supplied by Intex ("Intex Air Mattresses") infringe the '018 Patent.  For example, the *Kessler* doctrine bars TWW from asserting infringement against Intex Air Mattresses having pumps that were accused of infringement (or potentially could have been accused of infringement) *in Intex Recreation Corp. v. Team Worldwide Corporation*, No. 1:04-cv-01785 (D.D.C.) and/or *Intex Recreation Corp, Plaintiff-Appellee v. Team Worldwide Corporation, Defendant-Appellant*, No. 2014-1450 (Fed. Cir.).  The Intex Air Mattresses for which TWW is barred, under the *Kessler* doctrine, from asserting infringement include those incorporating at least pump model number AP619A. TWW is also barred under the *Kessler* doctrine pursuant to the 2017 TWW Litigation.  More specifically, under the *Kessler* doctrine, TWW is barred from asserting infringement of the '018 Patent against any actions involving air mattresses that were accused of infringement in the 2017 TWW Litigation or that could have been accused of infringement in the 2017 TWW Litigation.

## Thirteenth Defense: Lack of Jurisdiction and Limitation of Liability

There is no general personal jurisdiction over Home Depot in Texas.  As for specific jurisdiction, each allegedly infringing sale of any accused product constitutes a separate cause of action under controlling law.  *E.I. du Pont de Nemours & Co. v. MacDermid Printing Sols., L.L.C.*, 525 F.3d 1353, 1362 (Fed. Cir. 2008) ("[W]e have held that each act of infringement gives rise to a separate cause of action."). Specific personal jurisdiction requires that the suit arise out of or relate to the defendant's contact with the forum.  There must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the forum State's regulation.  For causes

of action (i.e. allegedly infringing sales) arising outside the State of Texas, that affiliation is lacking.  TWW's causes of action and thus its claims for relief, which are based on alleged specific personal jurisdiction over Home Depot, must therefore be limited to any alleged infringing acts that occurred in Texas.  There is no personal jurisdiction over Home Depot for any cause of action that did not arise out of or relate to Home Depot's conduct in Texas.  *See, e.g.*, *Bristol-Myers Squibb Co. v. Superior Court*, --- U.S. ---, 137 S. Ct. 1773 (2017).

### Fourteenth Defense: Failure to Mitigate Damages

TWW's claims are barred, in whole or in part, by its failure to mitigate damages.

### Fifteenth Defense: Reservation of Additional Defenses

Home Depot reserves all defenses in the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or equity that exist now or that may be available in the future based on discovery, any other factual investigation, or any other development relating to this case or any other action.

### III. PRAYER FOR RELIEF

WHEREFORE, Home Depot respectfully requests that the Court deny, in all respects, TWW's claims relating to the '018 Patent and any other requests for relief; that TWW take nothing by way of its claims and any other requests for relief; that TWW's Complaint, and all claims therein, be dismissed with prejudice; that the Court enter judgment in favor of Home Depot and against TWW on all claims asserted by TWW; and that the Court enter judgment:

A.  Finding that TWW should take nothing by way of its Complaint;

B.  Finding that Home Depot does not infringe, and has never infringed, any valid claim of the '018 Patent, whether literally, directly, indirectly, jointly with any other person or entity,

contributorily, by inducement, under the doctrine of equivalents, or otherwise under any section of 35 U.S.C. § 271;

C. Finding that all asserted claims of the '018 Patent are invalid;

D. Finding that TWW is not entitled to any injunctive relief;

E. Finding that TWW failed to comply with 35 U.S.C. § 287(a) and therefore is not entitled to pre-suit damages;

F. Finding that all asserted claims of the '018 Patent are unenforceable against Home Depot and no damages for any alleged past infringement of the '018 Patent by Home Depot can be recovered by TWW because such damages are barred by the equitable doctrines of laches, waiver, and/or estoppel;

G. Finding that all asserted claims are barred, in whole or in part, by *res judicata,* collateral estoppel, claim and/or issue preclusion;

H. Finding that any relief sought based on allegations regarding conduct that occurred outside the State of Texas are barred, in whole or in part, pursuant to the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court*, --- U.S. ---, 137 S. Ct. 1773 (2017).

I. Finding that all asserted claims are barred, in whole or in part, by release, license, exhaustion, and/or waiver;

J. Enjoining TWW, its counsel, its officers, and any and all persons in active concert or participation with TWW, either directly or indirectly, from charging infringement of, or instituting any action for infringement of, the Asserted Patents against Home Depot, its vendors, its business partners, or its customers for the manufacture, use, sale, offer for sale, or importation of the products, systems, and/or services that TWW has accused of infringing the '018 Patent;

K.  Awarding Home Depot its costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285 and/or other applicable statutes; and

L.  Awarding Home Depot such other and further relief as the Court deems just, equitable and proper.

## IV. JURY DEMAND

The Home Depot, Inc. hereby respectfully requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

Dated: March 31, 2020

Respectfully submitted,

*/s/ Andrew M. McCoy*
Michael C. Smith
State Bar No. 18650410
**Siebman, Forrest, Burg & Smith, LLP**
113 E. Austin St.
Marshall, TX  75671
Office: 903-938-8900
michael.smith@siebman.com

Charles Everingham IV
State Bar No. 00787447
**Ward Smith & Hill, PLLC**
P.O. Box 1231
Longview, TX  75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
Email: ce@wsfirm.com

R. Trevor Carter (admitted in E.D. Texas)
Andrew M. McCoy (admitted in E.D. Texas)
**FAEGRE DRINKER BIDDLE & REATH LLP**
300 N. Meridian St., Suite 2500
Indianapolis, IN  46204
(317) 237-0300 (telephone)
(317) 237-1000 (facsimile)

*Counsel for Defendants, Home Depot U.S.A., Inc.*
*and Home Depot Product Authority, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 31, 2020, the foregoing was filed electronically via the Court's CM/ECF system. Per Local Rule CV-5(a)(3), notice of this filing will be sent to counsel of record, all of whom are registered ECF users and deemed to have consented to electronic service, by operation of the Court's electronic filing system.

<u>/s/ Andrew M. McCoy</u>