# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TEAM WORLDWIDE CORPORATION,<br><br>*Plaintiff*,<br><br>v. | §§§§§§ | |
| ACADEMY, LTD D/B/A ACADEMY SPORTS + OUTDOORS, | §§§ | Case No. 2:19-cv-00092-JRG-RSP<br>LEAD CASE |
| ACE HARDWARE CORPORATION, | §§ | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC and AMAZON.COM LLC, | §§§ | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | §§ | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | §§§ | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | §§ | Case No. 2:19-cv-00097-JRG-RSP |
| THE HOME DEPOT, INC., | §§ | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S, INC. and MACY'S.COM, LLC, | §§§ | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION and TARGET BRANDS, INC., | §§§ | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, and TRANSFORM HOLDCO LLC,<br><br>*Defendants*. | §§§§§§ | Case No. 2:20-cv-00006-JRG-RSP<br>CONSOLIDATED CASES |

## **PROTECTIVE ORDER FOR PATENT CASES**

Whereas, Plaintiff Team Worldwide Corporation ("TWW") and Defendants Academy, LDT d/b/a Academy Sports + Outdoors, Ace Hardware Corporation, Amazon.com, Inc., Amazon.com LLC, Bed Bath & Beyond Inc., Costco Wholesale Corporation, Dick's Sporting Goods, Inc., The Home Depot, Inc., Macy's, Inc., Macy's.com, LLC, Target Corporation, Target Brands, Inc., Sears, Roebuck and Co., Sears Holdings Corp., and Transform Holdco LLC, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

Whereas, the Parties seek a protective order (**Dkt. No. 73**) limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

Therefore, it is hereby stipulated among the Parties and **ORDERED** that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material obtained by any party pursuant to discovery in this litigation may be used only for the purposes of 1) this litigation and any appeals thereof ("Action"); and 2) any proceeding before the United States Patent and Trademark Office ("USPTO") or Patent Trial and Appeal Board ("PTAB") of a patent asserted in this litigation that was requested by one or Defendants or names one or more Defendants as a petitioner or real-party-in-interest and any appeals therefrom ("Related Proceeding"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material

with one of the following two designations: "CONFIDENTIAL." or "RESTRICTED – ATTORNEYS' EYES ONLY. Any confidentiality designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as designated material.

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" or "Confidential – Outside Counsel Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," or "RESTRICTED - ATTORNEYS' EYES ONLY" (i.e., "DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of Protected Materials designated as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" both individually and collectively.

      from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon. Notwithstanding the above, the following information is not Protected Material: (a) Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information; (b) Any information that the receiving party can show was already publicly known prior to the disclosure; and (c) Any information that the receiving party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 13 herein:

(a)     outside counsel of record in this Action or Related Proceeding for the Parties;

(b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action or Related Proceeding;

(c)     with respect to financial materials, one in-house counsel for Receiving Party;

(d)     up to and including one (1) designated representative of each of the Parties, who must be an employee of a Party in this case and who must sign and return Appendix B to the Producing Party at least five (5) business days prior to receiving any Protected Material, to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation or Related Proceeding, provided that:

       i.     such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action or Related Proceeding;

       ii.     no disclosure of Protected Material to an outside consultant or expert or their necessary support personnel shall occur until that person has signed the form attached hereto as Appendix A, and a signed copy has been provided to the producing party; and to the extent there has been an objection under paragraph (d)(iii) below, that objection is resolved according to the procedures set forth below;

       iii.     a party desiring to disclose Protected Material to an outside consultant or expert shall give prior written notice of the intended disclosure by email to all counsel of record in the litigation, and the producing party shall have seven (7) business days after such notice is given to object in writing to the disclosure. The party desiring to disclose Protected Material to an outside consultant or expert must provide the following information for each such consultant or expert: (1) name; (2) address; (3) current curriculum vitae; (4) current employer; (5) employment history for the past five years including a list of every entity for which the consultant or expert has consulted or is currently consulting and which the consultant has the authority to disclose; however, if the consultant has no authority to disclose a particular engagement, the consultant shall confirm that the engagement does not relate to TWW or any other party to these consolidated cases; (6) a listing of cases in which the consultant or expert has testified as an expert at trial or by deposition within the past five years, and (7) an identification of any patents or patent applications in

which the consultant or expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. No Protected Material shall be disclosed to such outside consultant or expert until the expiration of the foregoing notice period and resolution of any timely objection by agreement or Court order. Any objection shall state with particularity the ground(s) of the objection and the Protected Material that is subject of the objection, and the Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.

(f) independent litigation support services, including persons working for or as court reporters, videographers, translators, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel for the Receiving Party and reasonably necessary to assist counsel with the litigation of this Action or Related Proceeding;

(g) the Court and its personnel; the USPTO and its personnel in any Related Proceedings(s) before the USPTO; the PTAB and its personnel in any Related Proceedings(s) before the PTAB; the Federal Circuit and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action or Related Proceeding (if required, to the extent authorized by the PTAB), and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any

portion thereof except as may be reasonably necessary in the litigation of this Action or Related Proceeding (if required, to the extent authorized by the PTAB). Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY."

9. For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g).

10. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive DESIGNATED MATERIAL who obtains, receives, has access to, or otherwise learns, in whole or in part, another Party's research and development or technical data or information marked RESTRICTED—ATTORNEYS' EYES ONLY under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit or the subject matter of such documents and information, on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for two years after its conclusion, including any appeals. This prosecution bar begins when access to such RESTRICTED—ATTORNEYS' EYES ONLY is first received by the affected individual. The parties expressly agree that the prosecution bar set forth herein shall be personal to any

        attorney(ies) who review(s) such RESTRICTED— ATTORNEYS' EYES ONLY materials and shall not be imputed to any other persons or attorneys at the attorneys' law firm. To "prepare, prosecute, supervise or assist in the preparation or prosecution of a patent application" under this prosecution bar (i.e., the prohibited activities) shall mean: (1) prepare and/or prosecute any patent application (or portion thereof), whether design or utility, and either in the United States or abroad on behalf of a patentee or assignee of patentee's rights; (2) prepare patent claim(s) on behalf of a patentee or assignee of patentee's rights; or (3) participate in any reissue proceedings on behalf of a patentee or assignee of patentee's rights. However, the prosecution bar set forth herein shall not apply to participation in inter partes review, post-grant review, and/or reexamination of the patents-in-suit.

11.   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall

gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

12. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

13. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to the limitations in this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the

producing Party or from the Court.

14. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "RESTRICTED - ATTORNEY' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED - ATTORNEY' EYES ONLY."

15. Any DESIGNATED MATERIAL that is filed with the Court or in any Related Proceeding shall be filed under seal and shall remain under seal until further order of the Court or any other deciding body in a Related Proceeding. The filing party shall be responsible for ensuring that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court or any filing in a Related Proceeding, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court or any other deciding body in a Related Proceeding.

16. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action or Related Proceeding, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued

by this Court, or Related Proceeding subject to any order issued by the PTAB or USPTO.

17. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

18. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

19. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

20. Documents produced by any party in *Team Worldwide Corp. v. Wal-Mart Stores, Inc., et al.*, Case No. 2:17-CV-0235-JRG (the "Prior Litigation") and designated under the

protective order in that case as "CONFIDENTIAL" or " CONFIDENTIAL-OUTSIDE COUNSEL ONLY," may be used in this action and shall be protected information under this Order. Information designated as "CONFIDENTIAL" in the Prior Litigation shall be treated as CONFIDENTIAL information in this action, and information designated as CONFIDENTIAL – OUTSIDE COUNSEL ONLY in the Prior Litigation shall be treated as RESTRICTED – ATTORNEYS' EYES ONLY information in this action.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. All Protected Information not reduced to documentary, tangible or physical form, or which cannot be conveniently stamped and designated as set forth herein, may be designated by the producing party by informing the receiving party of the designation of such Protected Information in writing.

23. Within sixty (60) days of the later of the final termination of this Action or any Related Proceeding, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this

Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic backup systems. Notwithstanding the foregoing outside counsel shall be entitled to maintain copies of all correspondence, pleadings, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and/or RESTRICTED -- ATTORNEYS' EYES ONLY information for archival purposes only.

24. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any

action alleged to constitute a violation of this Order.

26. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action or Related Proceeding and (b) to apply for additional protection of DESIGNATED MATERIAL.

**SIGNED this 29th day of April, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE