IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, § § *Plaintiff*, § § v. § § ACADEMY, LTD d/b/a ACADEMY § SPORTS + OUTDOORS, ET AL. § § *Defendants*. § | Case No. 2:19-cv-00092-JRG-RSP LEAD CASE |

## MEMORANDUM ORDER

Before the Court is Defendants Academy, LTD d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Amazon.com, Inc.; Amazon.com LLC; Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Dick's Sporting Goods, Inc.; The Home Depot U.S.A, Inc.; Home Depot Product Authority, LLC; Macy's.com LLC; Macy's Retail Holdings, Inc.; Sears, Roebuck and Co.; Sears Holdings Corporation; Target Corporation; Transform SR LLC; and Transform KM LLC; (collectively "Defendants") Motion to Strike Infringement Contentions ("Motion"). **Dkt. No. 105**. Defendants' Motion seeks to strike portions of Plaintiff Team Worldwide's P.R. 3-1 infringement contentions or alternatively order Plaintiff (1) to chart the accused products by pump model, or (2) explain and support, with specificity and supporting documentary or declaratory evidence, its assertions there are no material differences between charted and uncharted pump models, and (3) to strike the circular "catch-all" language in Plaintiff's Contentions.

After due consideration, the Court finds that the pumps are not the accused products and **DENIES** Defendants' Motion and **ORDERS** Plaintiff to supplement its infringement

contentions to identify by name or model number any additional products promptly after learning of them.

## I. BACKGROUND

In 2017, Plaintiff filed a case in the Eastern District of Texas in Marshall against Wal-Mart (the "Wal-Mart case"). *Team Worldwide Corp. v. Wal-Mart Stores, Inc. et al*, Case No. 2:17-cv-00235-JRG (E.D. Tex.). Three large suppliers of the accused products intervened as defendants, and Plaintiff obtained discovery from them. *Id.* The parties settled and the Court dismissed the case with prejudice. *Id.* There is overlap between counsel for defendants in the Wal-Mart case and the present case. *See Id.*

In 2019, Plaintiff sued several retailers for patent infringement with respect to various airbeds with built-in pumps. These cases were stayed pending completion of *Inter Partes* Review challenges to the three asserted patents, and the stay was lifted as to U.S. Pat. No. 9,211,018 (the "'018 Patent"). Dkt. No. 27. Plaintiff asserts Claims 1, 7, and 11-14 of the '018 Patent. Independent Claim 1 reads:

> 1. An inflatable product comprising:
> an inflatable body comprising an exterior wall; and
> an electric pump for pumping the inflatable body, the electric pump comprising a pump body and an air outlet, wherein the pump body is built into the exterior wall and wholly or partially recessed into the inflatable body, leaving at least a portion of the pump body exposed by the exterior wall, and wherein the pump body is permanently held by the inflatable body

Dkt. No. 1-1 at 32.

Appendix A to TWW's Contentions identified hundreds of products from over 70 manufacturers and suppliers as purportedly infringing the asserted claims of the '018 Patent. *See* Appx A in Dkt. No. 106-4, 106-8, 106-10, 106-15, 106-17, 106-19, 106-23, 106-26, 106-28,

106-31. Plaintiff asserts that its contentions contained over 5,000 pages, with more than 2,500 pages of charts alone for its infringement contentions. Dkt. 111 at 6. Defendants assert that Plaintiff's contentions identify 38 pump models but only chart 15 of those pump models while identifying over 150 other accused products that rely on a pump model from one brand as "representative" of products from multiple different brands. Dkt. No. 105 at 4. Plaintiff has not disputed Defendant's assertion that not all pumps are charted, and Defendant has not disputed Plaintiff's indication of volume of the contentions. The present Motion regards the dispute over the completeness of Plaintiff's contentions.

## II.  LEGAL STANDARD

This district's Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007). Notice is the core function of P.R. 3-1 contentions—including contentions made under P.R. 3.1(g)—and although such "contentions must be reasonably precise and detailed . . . they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement." *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 U.S. Dist. LEXIS 73217, 2009 WL 2590101, at *5 (E.D. Tex. 2009).

P.R. 3-1 requires a party asserting infringement to serve infringement contentions "set[ting] forth specific theories of infringement at the outset of the case." *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006). P.R. 3-1 further requires contentions that identify "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent[s] themselves." *DataTreasury Corp. v. Wells Fargo & Co.*, C.A. No. 2:06-CV-72-DF, 2010 U.S.

Dist. LEXIS 110658, at *21 (E.D. Tex. Sep. 13, 2010) (citing *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004)). "When parties formulate, test, and crystallize their infringement theories before stating their preliminary infringement contentions, as the Patent Rules require, the case takes a clear path . . . ." *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005).

Contentions "are not intended to require a party to set forth a prima facie case of infringement and evidence in support thereof." *Dynamic Applet Techs., LLC v. Mattress Firm, Inc.*, Case No. 4:17-cv-00860-ALM-KPJ, Dkt. No. 123, 2019 U.S. Dist. LEXIS 50125, at *8 (E.D. Tex. Mar. 26, 2019). Further, infringement contentions "are not meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process." *Vertical Computer Systems, Inc., v. Interwoven, Inc. et al.*, Case No. 2:10-cv-00490-WCB, Dkt. No. 149 at *2-3; citing *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004).

Courts have excused plaintiffs from charting each instrumentality if the charts would be identical or if one instrumentality is sufficiently representative of others. *See, e.g.*, *UltimatePointer, LLC v. Nintendo Co., Ltd., et al.*, No. 6:11-CV-496, [Dkt. # 269] at 5 (E.D. Tex. May 28, 2013) (contemplating a plaintiff could designate and chart only an exemplar accused product if the plaintiff also provided an explanation of the technical and functional identity of the products represented); *see also, e.g., Infineon Tech AG v. Volterra Semiconductor*, No. C-11-6239, 2013 WL 5366131, at *4 (N.D. Cal. July 31, 2013) (holding a claim chart for a single product was adequately representative of all accused products when the plaintiff provided nearly 50 pages of analysis supporting its position); *Implicit Networks Inc. v. Hewlett–Packard Co.*, No. 10-CV-3746 SI, 2011 WL 3954809 (N.D. Cal. Sept. 7, 2011) (approving use of a single

claim chart to represent 120 products where patentee did not reverse engineer any products and instead relied primarily on citations to manuals and other documentation to explain characteristics of other accused products); *Renesas Tech. Corp. v. Nanya Tech. Corp.*, No. C03-05709JFHRL, 2004 WL 2600466, at *4 (N.D. Cal. Nov. 10, 2004) (finding a patentee presented sufficient evidence to accuse 160 products in a single claim chart where patentee reverse engineered only 3 products and provided declarations in support of contentions that all products infringe). But even then, the contentions must be "reasonably precise and detailed to provide a defendant with adequate notice of the plaintiff's theories of infringement." *Roy-G-BIV Corp.*, 63 F. Supp. 3d at 698.

"Striking infringement contentions is an extreme decision comparable to determining 'whether evidence should be excluded for discovery violations.' " *Eolas Tech. Inc. v. Amazon.com, Inc.*, 6:15-cv-1038, 2016 WL 7666160, at *1 (E.D. Tex. Dec. 5, 2016) (quoting *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007)). Courts are thus hesitant to strike contentions without evidence of unreasonable delay and prejudice. *Id.*

### III.     ANALYSIS

Defendants' Motion seeks to strike portions of Plaintiff Team Worldwide's P.R. 3-1 infringement contentions or alternatively order Plaintiff (1) to chart the accused products by pump model, including how each pump model meets each element of each Asserted Claim, or (2) as part of its contentions, to explain and support, with specificity and supporting documentary or declaratory evidence, its assertions there are no material differences between charted and uncharted pump models, including specifically addressing in detail the differences set forth herein as to each pump model, and (3) to strike the circular "catch-all" language in TWW's

Contentions. Dkt. No. 105 at 17. Defendant's basis for this is the assertion that Plaintiff has not provided sufficient charts complying with PR 3-1(c) or identified each Accused Instrumentality as required by Rule 3-1(b). *Id.* at 9–17.

### a. PR 3-1(c) Charts

Defendants assert that Plaintiff's contentions rely heavily on representative models and simply state that the other pump models and accused products are not materially different from representative pumps. Dkt. No. 105 at 9. Defendants state that TWW's contentions do not include analysis supporting that a certain pump is representative of all other pumps or that there is no material difference between a representative pump and all other pumps in the accused products, and took a number of "improper shortcuts." *Id.* These improper shortcuts include simply photographing the face of each pump, providing charts that combine features of pumps, not charting all pumps and not showing how they are materially different, and asserting that a charted product is a representative model for other accused products from other suppliers. *Id.* at 9–10. Defendants argue Plaintiff's generic statements linking all accused products to "representative" pumps fail to provide them with meaningful notice of Plaintiff's infringement theories. *Id.* at 10–11.

Plaintiff counters that "[t]he '018 patent claims are simple; TWW's infringement theory is simple. TWW's infringement theory is the same for all accused products regardless of brand or pump model. Moreover, TWW's infringement theory is the same in this case as in the Walmart case; Defendants know it well." Dkt. No. 111 at 9. Plaintiff argues that Defendants improperly present non-infringement arguments in their Motion. Plaintiff argues further that Defendants' ability to chart out their non-infringement arguments for Claims 1(c), 1(d), and 14(c) show that they understand Plaintiff's infringement theory. *Id.*, citing Dkt. No. 105 at 11.

Plaintiff argues that its contentions are sufficiently detailed to explain why, regardless of the specific example shown, its infringement theory remains the same and is applicable to each accused product that is not shown. Plaintiff points to its explanation for the Bestway charts as an example:

> "Each Bestway Accused Product includes a pump body that is built in the exterior wall, and at least partially extends into an interior of the air mattress with at least of portion of the pump body remaining exposed by the exterior wall of the air mattress. An air pump model, such as P3401, P3042, or a pump of substantially the same design as relevant to this claim, is incorporated by each of the Accused Bestway Products, include a pump body that is built in the wall of the air mattress and extends into the interior of the air mattress while leaving at least a portion of the pump body exposed by the exterior wall."

Dkt. No. 111 at 11–12, citing 111-5 at 4. Plaintiff then points to several other examples in attached exhibits. Dkt. No. 111 at 12.

After reviewing the exhibits, the Court is of the opinion that Plaintiff has provided adequate notice of its infringement theory in compliance with P.R. 3-1(c). The accused products are airbeds with electric, built-in pumps, not specific pump models. It is the accused airbeds that must be charted and identified by name or model number if known.

Defendants rely on *Alacritech, Jaipuria*, and *Ultimate Pointer* to support their motion. Dkt. No. 105 at 13–17. Plaintiff notes that the claims in all three cases were directed to complex computer technology, while the technology, claims, and infringement theory in this case are simple. Dkt. No. 111 at 16. The Court agrees. While there are likely details that need to be developed, these developments will occur throughout discovery and claim construction. Based on the examples the Court has seen, Plaintiff has sufficiently put Defendants on notice of its infringement theory, and the Court will not resolve the substantive issue of infringement on pre-discovery contentions.

### b. Accused Instrumentality Identification

Defendant asserts that Plaintiff used catch-all language to expand the scope of its contentions beyond the specifically identified accused products in Appendix A to its contentions, contrary to the requirements of P.R. 3.1(b). Dkt. No. 105 at 16. Defendant quotes one example of this catch-all language:

> "[e]ach Intex inflatable mattress product imported, used, offered for sale, or sold by one or more defendants that includes a built-in pump as well as all of the limitations of the Asserted Claim . . . including but not limited to the following and products in the same family, product line, style, and/or design, such as additional sizes or varying feature configurations thereof

Dkt. No. 105 at 16, quoting Dkt. 106-5 at 2. Defendant argues that the Court's local rules and case law do not support such catch-all language. Dkt No. 105 at 16–17. Defendants are correct.

The Court has previously recognized that "[Plaintiff] cannot simply rely on the 'same or similar functionality' language to sweep in additional products that have not been identified with sufficient specificity in the Original Contentions." *Tivo Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 2:15-cv-01503-JRG, 2016 WL 5172008, at *3 (E.D. Tex. July 22, 2016). Although the technology and infringement theory are simple compared to complex computer technology, Plaintiff must still clearly identify accused products.

Plaintiff argues that Plaintiff included language plainly identifying accused products where TWW did not know the specific product name: "inflatable mattress product . . . that includes a built-in pump as well as all limitations of the Asserted Claims." Dkt. No. 111 at 17, citing Dkt 106-31 at 2. The Court recognizes this as sufficient to put Defendants on preliminary notice of the types of accused products, despite being catch-all language.

The Court finds the catch-all language used by Plaintiff in its infringement contentions is no substitute under the rules for proper identification of accused products. The Court **ORDERS**

Plaintiff to supplement its infringement contentions to identify by name or model number any additional products promptly after learning of them.

### IV. CONCLUSION

In sum, the Court finds Plaintiff has sufficiently put Defendants on notice of their infringement theory and **DENIES** Defendants' Motion (Dkt. No. 105) but **ORDERS** Plaintiff to supplement its infringement contentions as provided above.

**SIGNED this 11th day of August, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE