# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, **Plaintiff,** v. ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS, **Defendant**. | Case No. 2:19-cv-00092-JRG-RSP LEAD CASE |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC., AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| HOME DEPOT PRODUCT AUTHORITY, LLC, HOME DEPOT U.S.A., INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S RETAIL HOLDINGS, INC., MACYS.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, TRANSFORM SR LLC, AND TRANSFORM KM LLC, **Defendants.** | Case No. 2:20-cv-00006-JRG-RSP CONSOLIDATED CASES |

**PLAINTIFF TEAM WORLDWIDE CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,211,018**

I.      INTRODUCTION

Defendants **do not dispute** that accused products with the Intex 619A or Bestway P3042 pump type (the "Instant Products") infringe claims 1, 7, and 11-14 (the "Asserted Claims") of U.S. Patent No. 9,211,018 (the "'018 Patent") and, as a result, Plaintiff Team Worldwide Corporation ("TWW") is entitled to partial summary judgment of infringement as to those products and claims.

The Asserted Claims of the '018 Patent are generally drawn to an inflatable product like an airbed with an electric pump body built into the exterior wall of the inflatable body. The accused products are airbeds, also known as air mattresses, with built-in electric pumps. The accused products have various pump types, including the Intex 619A and Bestway P3042 pump types. One or more Defendants[1] have admittedly sold airbeds with the Intex 619A and/or Bestway P3042 pump types during the relevant time period for damages.

Since TWW's expert has established a prima facie case of infringement by the Instant Products, and Defendants have not disputed that case, TWW is entitled to partial summary judgment of infringement by the Instant Products.

II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Statement of Issue No. 1: Whether the Court should grant partial summary judgement of infringement of any Defendants' sales, and offers of sale, of any accused products with the Intex 619A pump type, where there is no genuine issue of material fact that all elements of the Asserted

---

[1] Defendants refers to: Academy, Ltd. d/b/a Academy Sports + Outdoors ("Academy"); Ace Hardware Corporation ("Ace"); Amazon.com, Inc., Amazon.com LLC (collectively, "Amazon"); Bed Bath & Beyond Inc. ("BBB"); Costco Wholesale Corporation ("Costco"); Dick's Sporting Goods, Inc. ("DSG"); Home Depot Product Authority, LLC, Home Depot U.S.A., Inc. (collectively, "Home Depot"); Macy's Retail Holdings, Inc., Macys.com, LLC (collectively, "Macy's"); Target Corporation ("Target"); Sears, Roebuck and Co., Sears Holdings Corporation, Transform SR LLC, and Transform KM LLC (collectively "Sears/Transform").

1

Claims of the '018 Patent are present in such products and Defendants have completely failed to contest infringement by such products.

Statement of Issue No. 2: Whether the Court should grant partial summary judgement of infringement of any Defendants' sales, and offers of sale, of any accused products with the Bestway P3042 pump type, where there is no genuine issue of material fact that all elements of the Asserted Claims of the '018 Patent are present in such products and Defendants have completely failed to contest infringement by such products.

### III. STATEMENT OF UNDISPUTED MATERIAL FACTS

Statement of Undisputed Material Fact ("SUF") No. 1: TWW asserts infringement by Defendants of independent claims 1 and 14 and dependent claims 7, 11, 12, and 13 of the '018 Patent. Dkt. 1, Complaint, Count I, in each respective case at 5-8, except for the Sears/Transform case, which is at 10-14; Ex. 1, the '018 Patent, at 7:28-8:37.

SUF No. 2: Academy, Ace, Amazon, DSG, Home Depot, Sears/Transform, and Target admittedly sold or offered for sale airbeds with the Intex 619A pump type at some point during the period of December 15, 2015 through April 4, 2020. Exs. 2-3, 5, and 7-9, answers to TWW's Common Request for Admission No. 16, at 13; Ex. 4, same, at 12; Ex. 6, same, at 14-15.

SUF No. 3: Academy and Amazon admittedly sold or offered for sale airbeds with the Bestway P3042 pump type at some point during the period of December 15, 2015 through April 4, 2020. Ex. 2, answers to TWW's Common Request for Admission No. 17, at 13-14; Ex. 4, same, at 12-13.

SUF No. 4: Dr. Glen Stevick submitted an Opening Expert Report on Infringement (the "Stevick Inf. Report") on November 24, 2020 on behalf of TWW. *See generally* Exs. 10-13, Stevick Inf. Report, Appendix A-1, Appendix A-4, Exhibit 10.

SUF No. 5: Dr. Stevick submitted a signed declaration (Ex. 14) swearing to the truth of the statements made in his infringement report ("Stevick Inf. Report") and accompanying exhibits and appendices. Ex. 14, Stevick Decl., at ¶4 *see generally* Exs. 10-13, Stevick Inf. Rep., Appendix A-1, Appendix A-4, Exhibit 10.

SUF No. 6: Dr. Stevick is a mechanical engineer with a Ph.D. in mechanical engineering from U.C. Berkeley and over 35 years of experience. Ex. 14, Stevick Decl., at ¶4; *see also* Ex. 13, Exhibit 10.

SUF No. 7: Dr. Stevick found that the Instant Products meet all limitations of the asserted claims of the '018 Patent. Ex. 10, Stevick Inf. Rep. at 6-7, ¶¶ 19-30 and 28-54, ¶¶ 96-162; *see generally* Ex. 11, Appendix A-1, and Ex. 12, Appendix A-4.

SUF No. 8: With regard to claims 1 and 14, Dr. Stevick has found and no party disputes that all the Instant Products, are "inflatable products" comprising "an inflatable body comprising an exterior wall." Ex. 10, Stevick Inf. Rep. at 29-33, ¶¶ 101-109; Ex. 11, Appendix A-1, at 1-7 and 39; Ex. 12, Appendix A-4, at 1-7 and 43-44.

SUF No. 9: Dr. Stevick also found that all the Instant Products include "an electric pump for pumping for pumping the inflatable body, the electric pump comprising a pump body and an air outlet." Ex. 10, Stevick Inf. Rep. at 33-43, ¶¶ 110-133; Ex. 11, Appendix A-1, at 7-20 and 40; Ex. 12, Appendix A-4, at 7-22 and 44.

SUF No. 10: For each of the Instant Products, Dr. Stevick has also found that the pump body "is built into built into the exterior wall and wholly or partially recessed into the inflatable body, leaving at least a portion of the pump body exposed by the exterior wall" and "is permanently held by the inflatable body."[2] Ex. 10, Stevick Inf. Rep. at 43-50, ¶¶ 134-149; Ex.

---

[2] The "permanently held" limitation is only required of claim 1, not claim 14.

3

11, Appendix A-1, at 21-27 and 40; Ex. 12, Appendix A-4, at 22-28 and 44-45. Consequently, in view of SUF Nos. 8-10, Dr. Stevick has found that each of the accused products satisfy each element of independent claims 1 and 14 of the '018 patent.

SUF No. 11: With regard to claim 7, which is dependent from claim 1, Dr. Stevick found that all the Instant Products include "a connector via which the electric pump is electrically connected to an electric power." Ex. 10, Stevick Inf. Rep. at 50-51, ¶¶ 150-155; Ex. 11, Appendix A-1, at 27-30; Ex. 12, Appendix A-4, at 28-32.

SUF No. 12: With regard to claim 11, which is dependent from claim 1, Dr. Stevick found that the electric pump for each Instant Product "uses an alternating current." Ex. 10, Stevick Inf. Rep. at 51-52, ¶¶ 156-157; Ex. 11, Appendix A-1, at 30-32; Ex. 12, Appendix A-4, at 32-35.

SUF No. 13: With regard to claim 12, which is dependent from claim 1, Dr. Stevick found that the pump body for each Instant Product "is located in the inflatable body." Ex. 10, Stevick Inf. Rep. at 52-54, ¶¶ 158-160; Ex. 11, Appendix A-1, at 32-35; Ex. 12, Appendix A-4, at 35-38.

SUF No. 14: With regard to claim 13, which is dependent from claim 12, Dr. Stevick further found that the air outlet of the pump body for each Instant Product "is located in the inflatable body." Ex. 10, Stevick Inf. Rep. at 54, ¶¶ 161-162; Ex. 11, Appendix A-1, at 35-39; Ex. 12, Appendix A-4, at 38-43. Consequently, in view of SUF No. 11-14, Dr. Stevick has found that each Instant Product satisfies each additional element of dependent claims 7, 11, 12, and 13 of the '018 Patent.

SUF No. 15: Dr. Charles Reinholtz submitted a Rebuttal Expert Report regarding infringement (the "Reinholtz Rebut. Report") on December 14, 2020 on behalf of the following defendants: Academy, Ace, Amazon, DSG, Home Depot, Sears, and Target. Ex. 15, Reinholtz Rebut. Report, at 1, ¶ 1.

SUF No. 16: Dr. Reinholtz did no analysis and did not dispute infringement of the Asserted Claims by accused products with the Intex 619A pump type. *See* Ex. 15, Reinholtz Rebut. Report, at 81-82, ¶¶ 146-151. Dr. Reinholtz confirmed he does not dispute infringement by any products with the Intex 619A pump type during his deposition. *See* Ex. 16, Reinholtz Rough Transcript, at 29:19-24.

SUF No. 17: Dr. Reinholtz did no analysis and did not dispute infringement of the Asserted Claims by accused products with the Bestway P3042 pump type. *See* Ex. 15, Reinholtz Rebut. Report, at 81-82, ¶¶ 146-151. Dr. Reinholtz confirmed he does not dispute infringement by any products with the Bestway P3042 pump type during his deposition. *See* Ex. 16, Reinholtz Rough Transcript, at 56:19-24.

SUF No. 18: During the Walmart Case[3], TWW asserted infringement by Walmart[4] of the Asserted Claims of the '018 Patent. Ex. 17, original Complaint in the Walmart Case, at 6-8.

SUF No. 19: The accused products in the Walmart Case had various pump types, including the Intex 619A and Bestway P3042 pump types. Ex. 18, Joint Stipulation in the Walmart Case, at 1-2; Ex. 19, infringement report in the Walmart Case, at 17-18, ¶ 45.

SUF No. 20: During the Walmart Case, Walmart and Intex[5] admitted airbeds with the Intex 619A pump type infringe the Asserted Claims of the '018 Patent. Ex. 20, Notice in the Walmart Case, at 4.

SUF No. 21: During the Walmart Case, Walmart and Bestway[6] admitted airbeds with the Bestway P3042 pump type infringe the Asserted Claims of the '018 Patent. Ex. 20, Notice in the

---

[3] *Team Worldwide Corporation v. Walmart, Inc. et al.,* Case No. 2:17-cv-235-JRG (E.D. Tex.)(the "Walmart Case").
[4] Wal-Mart Stores, Inc., Wal-Mart Stores Texas, LLC, Wal-Mart.com USA LLC, Sam's West, Inc. d/b/a Sam's Club (collectively, "Walmart").
[5] Intex Recreation Corp. and Intex Trading Ltd. (collectively, "Intex").
[6] Bestway (USA) Inc. ("Bestway").

Walmart Case, at 4.

SUF No. 22: Prior to filing this Motion, TWW asked Defendants to agree to file a stipulation admitting infringement by the Instant Products, rather than engage in motion practice, but Defendants did not respond. Ex. 21, email correspondence, at 1.

### IV.     LEGAL STANDARDS

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED.R. CIV. P. 56(a). A dispute is "genuine" only where there is sufficient evidence for a reasonable factfinder to find in favor of the non-moving party, and it is "material" only when it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248-49 (1986). "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case." FED. R. CIV. P. 56(g).

Although it is the burden of the plaintiff to prove infringement by a preponderance of the evidence, under the Supreme Court's decision in *Celotex*, once TWW presents a prima facie case on summary judgment, the burden shifts to the defense to show a dispute of material fact, and failure to do so entitles TWW to summary judgment of infringement. *See Festo Corp. v.Shoketsu Kinzoku Kogyo Kabushiki Co.*, 72 F.3d 857, 860-61 (Fed. Cir. 1995), vacated on other grounds, 117 S. Ct. 1240 (1997).

## V.   TWW IS ENTITLED TO PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT BY THE INSTANT PRODUCTS AS TO ALL ASSERTED CLAIMS OF THE '018 PATENT.

TWW's expert Dr. Stevick has provided a declaration reaffirming the statements from his report finding that the Instant Products practice all Asserted Claims of the '018 Patent. SUF Nos. 1-14. Dr. Stevick is qualified as a technical expert in this matter, which Defendants have not disputed. SUF No. 6. Dr. Reinholtz presented no dispute regarding infringement of the Asserted Claims by the Instant Products. SUF Nos. 15-17. Since TWW presented a prima facie case of infringement by the Instant Products and Defendants did not dispute infringement, TWW is entitled to partial summary judgment as to these products and claims.

Additionally, the suppliers of the Instant Products previously admitted that the Instant Products infringe the Asserted Claims. SUF Nos. 18-21. The suppliers, Intex and Bestway, have claimed be the technical authorities on the accused products they supply to retailer-Defendants. Ex. 22, Intex's Motion to Intervene in the Walmart Case, at 13; Ex. 23, Bestway's Motion to Intervene in the Walmart Case, at 11. Notably, the counsel for Intex in the Walmart Case is the same counsel for multiple Defendants in this case.

Moreover, the claim constructions in this case are consistent with those in the Walmart Case. *Compare* Dkt. 177 at 8, 14, 18, 21, 25, 27, *to* Ex. 24 at 29. Specifically, Judge Payne rejected Defendants' new arguments with respect to previously construed claim terms ("inflatable body", "pump body", "built into") and issued the same constructions as Judge Gilstrap in the Walmart Case. Dkt. 177 at 11-14, 20-21, and 23-25. Given the previous admission of infringement and the consistent claim constructions, it is not surprising that Defendants have made no attempt to dispute infringement by the Instant Products.

In addition to having the counsel that was involved in the Walmart Case, each Defendant

in this case was served with the Notice admitting infringement from the Walmart Case, attached to each respective Complaint in this case. Therefore, Defendants had full knowledge and full opportunity to present any new or different non-infringement arguments with respect to the Instant Products, but Defendants failed to do so. Thus, there is no material fact in dispute with respect to the Instant Products and TWW is entitled to partial summary judgment. The Instant Products, airbeds with the Intex 619A or Bestway P3042 pump type, literally infringe the Asserted Claims of the '018 Patent.

To the extent that partial summary judgment of infringement is not granted, TWW is entitled to partial summary judgement as to which elements of the Asserted Claims are indisputably present in the Instant Products.

## VI.   CONCLUSION

For the foregoing reasons, TWW respectfully submits this Court should grant its motion for partial summary judgment. If the Court does not see fit to grant the entirety of the relief sought herein, TWW respectfully requests an order with respect to infringement on each claim element that is not genuinely in dispute as established in the case.

Dated: January 15, 2021

Respectfully submitted,
/s/  Korula T. Cherian
Corrine Saylor Davis
J. Michael Woods
Jane Inkyung Shin
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
corrinesd@ruyakcherian.com
michaelw@ruyakcherian.com
janes@ruyakcherian.com

Korula T. Cherian
Robert Harkins

8

**RuyakCherian LLP**
1936 University Ave., Ste. 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Elizabeth L. DeRieux
State Bar No. 05770585
**Capshaw DeRieux, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ederieux@capshawlaw.com

*Counsel for Plaintiff Team Worldwide Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of January 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will automatically notify all registered counsel of record.

/s/ *Korula T. Cherian*
*Counsel for Plaintiff Team Worldwide Corporation*