# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, | |
| Plaintiff, | Case No. 2:19-cv-92-JRG-RSP |
| v. | LEAD CASE |
| ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS, | |
| Defendant. | |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC, AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| THE HOME DEPOT, INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, and TARGET BRANDS, INC., | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, and TRANSFORM HOLDCO LLC, | Case No. 2:20-cv-00006-JRG-RSP |
| Defendants. | CONSOLIDATED CASES |

**CONSOLIDATED DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ON MARKING**

# **TABLE OF CONTENTS**

STATEMENT OF ISSUE TO BE DECIDED BY THE COURT ................................................... 1

STATEMENT OF UNDISPUTED MATERIAL FACTS ............................................................... 1

ARGUMENT ................................................................................................................................... 3

    I.    Legal Standard ..................................................................................................... 3

    II.   TWW Is Not Entitled to Damages Prior to Actual Notice ............................... 4

        A.    TWW Did Not Provide Constructive Notice by Marking ..................... 4

        B.    TWW Is Not Entitled to Any Damages Before It Gave Actual Notice .................. 6

        C.    TWW Did Not Give Defendants Actual Notice Before March 19, 2019 or April 10, 2019 ........................................................................................... 8

CONCLUSION .............................................................................................................................. 10

CERTIFICATE OF SERVICE ...................................................................................................... 13

# **TABLE OF AUTHORITIES**[1]

**Page(s)**

**Federal Cases**

*Acantha LLC v. DePuy Orthopaedics Inc.*,
  2018 WL 2290715 (E.D. Wis. May 19, 2018) ................................................................6

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
  6 F.3d 1523 (Fed. Cir. 1993) ................................................................................... 3, 4, 7

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
  24 F.3d 178 (Fed. Cir. 1994) ........................................................................................ 8, 10

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ........................................................................................................3

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) ................................................................................... 3, 4

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
  950 F.3d 860 (Fed. Cir. 2020) ................................................................................. *passim*

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ........................................................................................................3

*Clancy Sys. Int'l, Inc. v. Symbol Techs., Inc.*,
  953 F. Supp. 1170 (D. Colo. 1997) ................................................................................8

*Funai Elec. Co. v. Daewoo Elecs. Corp.*,
  616 F.3d 1357 (Fed. Cir. 2010) ......................................................................................6

*Gart v. Logitech, Inc.*,
  254 F.3d 1334 (Fed. Cir. 2001) ......................................................................................4

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
  2017 WL 2869352 (E.D. Tex. Apr. 19, 2017) ................................................................4

*Illinois Tool Works, Inc. v. MOC Prod. Co., Inc.*,
  No. 09CV1887 JLS (AJB), 2010 WL 11442912 (S.D. Cal. Dec. 6, 2010) ...................6

*Kimberly–Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*,
  2013 WL 1821593 (M.D. Pa. Apr. 30, 2013) ................................................................8

---

[1] Unless otherwise noted, all emphasis added and citations omitted.

*Maxwell v. J. Baker, Inc.*,
   86 F.3d 1098 (Fed. Cir. 1996)..................................................................................................6

*Metrologic Instruments, Inc. v. PSC, Inc.*,
   2004 WL 2851955 (D.N.J. Dec. 13, 2004)...............................................................................8

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
   138 F.3d 1437 (Fed. Cir. 1998)..........................................................................................7, 10

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
   No. CIV.A. 96-38-A, 1998 WL 35285994 (E.D. Va. July 10, 1998), *aff'd*, 185
   F.3d 885 (Fed. Cir. 1999)..........................................................................................................6

*Oreck Holdings, L.L.C. v. Minuteman Int'l, Inc.*,
   2003 WL 22595799 (E.D. La. Nov. 7, 2003) ..........................................................................7

*Radware, Ltd. v. F5 Networks, Inc.*,
   147 F. Supp. 3d 974 (N.D. Cal. 2015) ......................................................................................6

**Federal Statutes**

35 U.S.C. § 287................................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 56.......................................................................................................................1, 3

Pursuant to Rule 56 and the Court's Eighth Amended Docket Control Order (Dkt. 176), Consolidated Defendants respectfully move for summary judgment of no marking, precluding TWW from seeking pre-notice damages with respect to the '018 Patent until the date TWW provided actual notice to each Defendant.

### STATEMENT OF ISSUE TO BE DECIDED BY THE COURT

Whether TWW should be precluded from seeking damages prior to the date of actual notice to each Defendant because TWW failed to mark substantially all of its ▉▉▉ products in compliance with 35 U.S.C. § 287.

### STATEMENT OF UNDISPUTED MATERIAL FACTS

1. In 2017, TWW brought a patent infringement action against Wal-Mart ("TWW 2"), alleging that Wal-Mart's sale of air beds with built-in housed air pumps infringed three TWW patents, including U.S. Patent No. 9,211,018 (the "'018 Patent"). Three of the largest suppliers—Bestway, Coleman, and Intex—intervened as parties. (Dkt. 126 at 3.)



2. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.[2] (Ex. 4 §§ 1.2, 1.5, 4.1; see also Article 5.) ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. (See id.)

3. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

[2] ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

████████████████████████████████████████████████████████████. (*See* Ex. 3 at 32-33; Ex. 20 at 8-9.)

4. In March 2019, TWW began filing the present lawsuits, culminating in 10 cases against Defendants, currently consolidated. (Dkt. 24.) TWW is asserting the '018 Patent against many of the same products accused in TWW 2 and supplied by Bestway, Coleman, and Intex.

5. ████████████████████████████████████████████████████████ ████████████████. Sears and Transform were first notified of TWW's allegations on or after April 10, 2019, when TWW filed a Proof of Claim in the Sears Bankruptcy Proceeding.[3] (Ex. 6; Ex. 5; Ex. 7 at 88:22-89:7; 92:12-93:12; 97:3-11; 158:23-159:11; Ex. 8 at 37:20-38:3) ████ ████████████████████████████████████████████████████████.[4] (Ex. 6.) For this Motion, Defendants will refer to these dates as each Defendant's "Actual Notice."

6. ████████████████████████████████████████████████████████████. (Ex. 18 at 132:5-133:3, 133:20-137:22.)

7. TWW asserts that it ████████████████████████████████████ ████████████████. (Ex. 1 at 31.) TWW did not offer any evidence that ████████ ████████████████████████. (Decl. ¶ 7.) ████████████████████████████ ████████████████████████████████████. (*See* Ex. 19 at 8-9.)

8. ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

---

[3] U.S. Bankruptcy Court for the Southern District of New York, Case No. 18-23538.

[4] Ex. 9 at 104:11-105:13; Ex. 10 at 64:2-13; Ex. 11 at 181:2-182:4; Ex. 12 at 68:13-19; Ex. 13 at 96:21-25, 103:18-104:15; Ex. 14 at 117:8-25; Ex. 15 at 38:8-17, 76:24-78:2; Ex. 16 at 45:13-15, 55:9-16; Ex. 17 at 94:23-95:12, 101:5-18.



████████████████████████████████████████

████████████████████████████████ (Ex. 2; Decl. ¶ 5.)

9.   ████████████████████████████████████████

██████████████████████████████. (*See* Ex. 20.)

10.  ████████████████████████████████████

████████████████████████████████████████

██████████████████████████████. (Decl. ¶ 6.)

11.  ████████████████████████████████████

████████████████████████████████████████

████████████████████████████

## ARGUMENT

### I. Legal Standard

Summary judgment is proper when the pleadings and evidence show that "there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "material fact" is one that might affect the outcome of the suit under governing law. *Id.* at 248.

A patentee is only entitled to damages from the time it either (1) began consistently marking "substantially all" patented products in compliance with 35 U.S.C. § 287(a); or (2) provided actual notice of infringement to a defendant, whichever is earlier. *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537-8 (Fed. Cir. 1993); 35 U.S.C. § 287(a). Failure to comply with 35 U.S.C. § 287 means the patentee "is not entitled to damages before the date of actual notice." *Arctic Cat Inc. v.*

*Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ["*Arctic Cat I*"]. "[C]ompliance with the marking statute, 35 U.S.C. [§] 287(a), is a question of fact," and resolution is proper at summary judgment if "no reasonable jury could find that the patentee either has or has not provided actual notice to the particular defendants by informing them of his patent and of their infringement of it." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001).

The burden of showing compliance with the marking statute "rests with [TWW]." *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, 2017 WL 2869352, at *3 (E.D. Tex. Apr. 19, 2017). Licensees "must also comply with § 287," and a patentee must at least make "reasonable efforts to ensure" that a licensee complies with the marking statute. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ["*Arctic Cat II*"]; 35 U.S.C. § 287(a) (applying to "persons making . . . or selling . . . any patented article for or under [patentee]").

## II.   TWW Is Not Entitled to Damages Prior to Actual Notice

TWW ████████ failed to make even minimal efforts to consistently mark substantially all '018 Products since September 21, 2018. Because TWW failed to provide such constructive notice, TWW is not entitled to damages until it gave Actual Notice.

### A.   TWW Did Not Provide Constructive Notice by Marking

It is undisputed that TWW failed to provide Defendants constructive notice by marking the '018 Patent number on "substantially all of its patented products" in a "substantially consistent and continuous" manner. *Am. Med. Sys.*, 6 F.3d at 1537-38.

*First*, . In response to Defendants' discovery requests seeking this information, TWW stated only that ███████████████████. (Ex. 1 at 31; Ex. 19.) Thus,

-5-

███████████████████████████████████████

███████████████████████████.

***Second***, TWW submitted no evidence that it took reasonable efforts to ensure the marking of ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████, (*see* Ex. 21 at 15-16), ███████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████ It "does not excuse [TWW]'s lack of marking that it is ██████████, rather than [TWW] itself, who sold unmarked products." *Arctic Cat II*, 950 F.3d at 864.

***Finally,*** other than conclusory discovery responses, TWW has offered no evidence ████

███████████████████████████████████. *Supra* ¶ 7. Even if it has, there can be no dispute that TWW did not mark "substantially all" products ██████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████. Given this data, no reasonable jury could find that TWW marked "substantially all" covered products during this period.

Indeed, courts have routinely deemed similar and far greater percentages *insufficient* to satisfy the "substantially all" requirement. *See, e.g., Acantha LLC v. DePuy Orthopaedics Inc.*, 2018 WL 2290715, at *5 (E.D. Wis. May 19, 2018) (7% marking not sufficient under § 287); *Radware, Ltd. v. F5 Networks, Inc.*, 147 F. Supp. 3d 974, 1010 (N.D. Cal. 2015) (marking 1 of 3 covered products for less than 8 months not sufficient under § 287); *Illinois Tool Works, Inc. v. MOC Prod. Co., Inc.*, No. 09CV1887 JLS (AJB), 2010 WL 11442912, at *3 (S.D. Cal. Dec. 6, 2010) ("Marking less than 60% of covered products is insufficient to comply with § 287(a)."); *Nike, Inc. v. Wal-Mart Stores, Inc.*, No. CIV.A. 96-38-A, 1998 WL 35285994, at *1 (E.D. Va. July 10, 1998), *aff'd*, 185 F.3d 885 (Fed. Cir. 1999) (30% marking not sufficient under § 287); *compare Funai Elec. Co. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1375 (Fed. Cir. 2010) (affirming sufficiency of 88-91% marking), *with Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111-12 (Fed. Cir. 1996) (affirming 95% marking as sufficient under § 287). Because TWW failed to mark substantially all '018 Products, TWW is not entitled to any pre-notice damages.

### B.  TWW Is Not Entitled to Any Damages Before It Gave Actual Notice

The plain language of § 287, as well as Federal Circuit precedent, show that TWW's failure to ensure the consistent marking of substantially all '018 Products results in forfeiture of *all* damages accruing prior to TWW's Actual Notice. 35 U.S.C. § 287(a) ("In the event of failure so to mark, **no damages shall be recovered by the patentee in any action for infringement**, except on proof that the infringer was notified . . . , **in which event damages may be recovered only for infringement occurring after such notice**."); *Arctic Cat II*, 950 F.3d at 865 ("The statute thus prohibits a patentee from receiving *any damages* in a subsequent action for infringement *after a failure to mark*, rather than merely a reduced amount of damages in proportion to the amount of

-6-

time the patentee was actually practicing the asserted patent."); *Am. Med. Sys.*, 6 F.3d at 1537-38 (***"[O]nce marking has begun, it must be substantially consistent and continuous in order for the party to avail itself of the constructive notice provisions of the statute***" and "failure to mark" includes a failure to "consistently mark[] substantially all . . . patented products").⁵

A district court in this circuit applied § 287 consistent with the plain language of the statute and the Federal Circuit's interpretation to find that the failure to employ consistent and continuous marking negates any previously achieved constructive notice. For example, in *Oreck Holdings, L.L.C. v. Minuteman Int'l, Inc.*, Regina, the predecessor to Oreck, historically marked products with the relevant patent numbers. 2003 WL 22595799, at *3 (E.D. La. Nov. 7, 2003). Regina ceased production of the products in 1996, and in 1997, Oreck began to produce the products, but did not mark them with the relevant patents. *Id.* The lawsuit was filed in 2003. Recognizing the language of the statute and Federal Circuit precedent, the Court concluded that the gap between marking and actual notice did "not constitute 'substantially consistent and continuous marking,'" *id.*, and "[i]n the absence of a continuous marking, courts interpret § 287 as requiring a patent owner to actually notify an infringer of the alleged infringement." *Id.* at *4. Ultimately, the Court concluded: "Plaintiff has admitted that [it] did not consistently mark its products with a patent number, and that [it] did not notify defendant of its infringement claims until the filing of this lawsuit. As such, damages must be limited to the date this suit was filed." *Id*. Here, as in *Oreck*, the gap in marking substantially all products between when it entered into ████████ ███████████████████ and when it gave Defendants Actual Notice did "not constitute 'substantially consistent and continuous marking.'" *Id*. at *3.

---

⁵ *See also Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998) ("Nike must have shown that substantially all of the Air Mada Mid shoes being distributed were marked, and that once marking was begun, the marking was substantially consistent and continuous.").

There are other courts that have denied damages during gaps in compliance with § 287, including because a new licensee failed to mark its licensed products. *See, e.g., Kimberly–Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, 2013 WL 1821593, at *4 (M.D. Pa. Apr. 30, 2013) (granting motion to preclude damages where patentee granted licensee "immunity from suit under the Melius Patent, without requiring P & G to mark its products with the Melius Patent… [A]fter this date, KC cannot prove compliance with the patent marking statute."); *Metrologic Instruments, Inc. v. PSC, Inc.*, 2004 WL 2851955, at *21 (D.N.J. Dec. 13, 2004) ("While this Court now finds that PSC is entitled to summary judgment and Metrologic is therefore precluded from collecting damages under the '342 patent after December 1999 and prior to April 10, 2001, that portion of PSC's motion pertaining to damages from January 1994 to December 1999 must be denied."); *Clancy Sys. Int'l, Inc. v. Symbol Techs., Inc.*, 953 F. Supp. 1170, 1174 (D. Colo. 1997) ("[D]amages for infringement occurring after the unmarked products were sold and before actual notice of infringement would be excluded by section 287(a).") These decisions thus recognize that a failure to mark substantially all products for a period of time precludes recovery of pre-suit damages for that period. But they are also inconsistent with the plain language of the marking statute and the Federal Circuit's recent strong language interpreting § 287 in *Arctic Cat II*, which foreclose ***any*** recovery after a failure to mark substantially all products. Accordingly, Defendants respectfully requests that this Court grant their motion, thus precluding TWW from recovering any damages prior to TWW's Actual Notice.

### C. TWW Did Not Give Defendants Actual Notice Before March 19, 2019 or April 10, 2019

There is no dispute that TWW did not provide Defendants with any "affirmative communication of a specific charge of infringement" prior to the dates of Actual Notice. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). Indeed, ▮

███████████████████████████████████████████████████████████

███████████. *See supra* ¶¶ 5-6.

Anything short of an "affirmative communication" to each Defendant falls short of the actual notice requirement. For example, TWW asserts in its discovery responses that ██████ ███████████████████████████████████████████████████████████████████. Ex. 1 at 31.) TWW also asserts that Defendants were on notice █████████████ ███████████████████████████████████████████████████████████████████ (Ex. 1 at 31.)

Neither scenario is sufficient to satisfy actual notice. First, Defendants did not ██ ████████████████████████████████████,[6] █████████████████████████ ██████████████████████████████████████████████████████████████████[7] Second, even if Defendants ████████████████████████████████████, Federal Circuit precedent is clear that knowledge of the patent or other litigation is insufficient to satisfy the actual notice requirement. "Actual notice under § 287 require[s] ***performance by [TWW]***," an obligation that "only [TWW] is capable of discharging." *Arctic Cat II*, 950 F.3d at 867, 866. TWW does not allege ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ██████████████ *Id*. at 864.[8] Thus, it "is irrelevant . . . whether the defendant knew of the patent

---

[6] Ex. 9 at 104:17-21; Ex. 10 at 67:6-10, 86:7-11; Ex. 11 at 181:7-10; Ex. 12 at 90:5-12; Ex. 14 at 117:16-20; Ex. 15 at 77:6-10; Ex. 16 at 45:13-15; Ex. 8 at 37:7-19; Ex. 17 at 101:9-12; Ex. 7 at 88:22-89:7.

[7] Ex. 13 at 84:23-85:7, 103:18-104:15 ████████████████████████

[8] Ex. 11 at 181:7-10, 181:20-23; Ex. 13 at 103:18-104:10; Ex. 14 at 117:16-20, 118:18-119:13; Ex. 15 at 77:6-10, 77:23-78:2; Ex. 8 at 37:7-19; Ex. 17 at 101:9-12, 103:22-104:1; Ex. 7 at 88:22-89:7, 158:13-159:4.

or knew of his own infringement." *Amsted*, 24 F.3d at 187; *Nike*, 138 F.3d at 1446 ("[T]he focus is not on what the infringer actually knew, but on whether the patentee's actions were sufficient, in the circumstances, to provide notice *in rem*."). Accordingly, there can be no dispute that TWW did not provide actual notice to Defendants until it filed the complaints on March 21, 2019, or gave its notice to Sears and Transform on April 10, 2019.

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to grant their Motion for Summary Judgment, limiting TWW's potential recovery of damages with respect to the '018 Patent to any alleged infringement occurring after March 21, 2019, or in the case of Sears and Transform, after April 10, 2019.

Dated: January 15, 2021

Respectfully submitted,

/s/ Lauren M.W. Steinhaeuser
Charles Everingham IV
State Bar No. 00787447
**WARD SMITH & HILL, PLLC**
P.O. Box 1231
Longview, TX  75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
Email: ce@wsfirm.com

*Counsel for Defendants Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

**FAEGRE DRINKER BIDDLE & REATH LLP**
R. Trevor Carter (admitted in E.D. Texas)
trevor.carter@faegredrinker.com
Andrew M. McCoy (admitted in E.D. Texas)
andrew.mccoy@faegredrinker.com
Reid E. Dodge (admitted in E.D. Texas)
reid.dodge@faegredrinker.com
300 N. Meridian St., Suite 2500
Indianapolis, IN  46204
(317) 237-0300 (telephone)
(317) 237-1000 (facsimile)

Lauren M.W. Steinhaeuser (admitted in E.D. Texas)
lauren.steinhaeuser@faegredrinker.com
90 S. Seventh St., Suite 2200
Minneapolis, MN  55402
(612) 766-7000 (telephone)

Bethany N. Mihalik (admitted in E.D. Texas)
bethany.mihalik@faegredrinker.com
1500 K Street NW, Suite 1100
Washington, DC 20005
Tel: 202-312-7440

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

*/s/ Steven A. Caloiaro*
**DICKINSON WRIGHT PLLC**
John S. Artz
jsartz@dickinsonwright.com
350 S. Main St., Suite 300
Ann Arbor, MI  48104
(734) 623-7075

Steven A. Caloiaro
scaloiaro@dickinsonwright.com
100 W. Liberty St., Suite 940
Reno, NV  8951
(775) 343-7500

-11-

Peter E. Doyle
pdoyle@dickinsonwright.com
2600 W. Big Beaver Rd., Suite 300
Troy, MI 48084-3312
(248) 205-5978

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors and Target Corporation*


Michael C. Smith
State Bar No. 18650410
Siebman, Forrest, Burg & Smith, LLP
113 E. Austin St.
Marshall, TX  75671
Office: 903-938-8900
michael.smith@siebman.com

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Amazon.com, Inc. and Amazon.com LLC; Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Dick's Sporting Goods, Inc.; Macy's Retail Holdings, Inc. and Macy's.com, LLC; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; and Target Corporation*

*/s/ Robert T. Cruzen*
Robert T. Cruzen
**KLARQUIST SPARKMAN LLP**
One World Trade Center
121 SW Salmon St., Suite 1600
Portland, OR 97204
*Counsel for Defendants Amazon.com, Inc. and Amazon.com LLC*

*/s/ Walter Hill Levie III*
John W. Harbin
Gregory J. Carlin
Walter Hill Levie III
**MEUNIER CARLIN & CURFMAN LLC**
999 Peachtree St. NE, Suite 1300
Atlanta, GA  30309

*Counsel for Defendants Bed Bath & Beyond Inc.;
Costco Wholesale Corporation; and Macy's Retail
Holdings, Inc. and Macy's.com, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically, under seal, in compliance with Local Rule CV-5(a)(7). A complete and unredacted copy of this document with all supporting declarations and exhibits was served on counsel of record, all of whom have consented to electronic service, via email on January 15, 2021.

/s/ Lauren M.W. Steinhaeuser
Lauren M.W. Steinhaeuser

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing Consolidated Defendants' Motion for Summary Judgment on Marking is filed under seal pursuant to the Protective Order (Dkt. 94).

/s/ Lauren M.W. Steinhaeuser
Lauren M.W. Steinhaeuser
