# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, | |
| Plaintiff, | Case No. 2:19-cv-92-JRG-RSP |
| v. | LEAD CASE |
| ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS, | |
| Defendant. | |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC, AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| THE HOME DEPOT, INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, and TARGET BRANDS, INC., | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, and TRANSFORM HOLDCO LLC, | Case No. 2:20-cv-00006-JRG-RSP |
| Defendants. | CONSOLIDATED CASES |

## CONSOLIDATED DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON MARKING

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

TWW's response omits the determinative issue for Defendants' motion for summary judgment on marking: that TWW has failed to provide evidence that the ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. By focusing on its own products and failing to identify any evidence as to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓, TWW's response confirms that there is no dispute that TWW did not mark, or cause to be marked, substantially all of ▓▓▓▓▓▓▓▓.

Defendants' Motion clearly sets out: (1) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and, therefore, TWW's forfeiture of any pre-suit damages (*id.*, 6-10). In the face of this, TWW fails to present any evidence to support that ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ or that TWW made any effort to ensure that they were marked. (Dkt. 242.) These undisputed facts and TWW's failure to rebut them are dispositive.

First, TWW baldly asserts that it disputes Defendants' calculation of ▓▓▓▓▓▓ ▓▓▓▓ is disputed but provides no counter evidence to support the alleged dispute. (Dkt. 242, 2-3.) TWW's assertion of a dispute, without more, is not sufficient to raise a genuine dispute, *Blue Spike, LLC v. Audible Magic Corp.*, 2016 WL 3653516, at *4 (E.D. Tex. May 31, 2016). Moreover, TWW cannot now present new data, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (*See* Dkt. 222, Exs. 1 & 19.)

Second, TWW argues that "Defendants present no evidence . . . that supports their allegation" that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ were not marked. (Dkt. 242 at 6.) This argument is fatally flawed. Initially, TWW's argument is contrary to law. Instead, because, "[TWW] bears the burden of proof at trial, [Defendants] may merely point to an ***absence of evidence***, thus shifting to

[TWW] the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (emphasis added). Here, Defendants have "point[ed] to portions of the record evidence that demonstrate[d]" that there is ***no evidence*** that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—were marked. *Mass. Inst. of Tech.*, 2004 U.S. DIST. LEXIS 30052, *117 (E.D. Tex. Aug. 4, 2004). (*See* Dkt. 222 at ¶¶ 7-10.)

It is also undisputed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[1] (Dkt. 222, Ex. 4.) Thus, Defendants did identify factual support for this significant lack of marking, and the same evidence undercuts TWW's reliance on *Mass. Inst.*, in which there was a contractual duty to mark. *Mass Inst.*, 2004 U.S. DIST. LEXIS 30052, *115. Moreover, *Mass. Inst.* distinguished itself from a scenario where a licensee was selling "commercial quantities" of licensed products under a license with no marking obligation. *Id.* at *128-29. This is exactly the situation here: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[2]

Because TWW "bears the burden of proving compliance," *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998), and because TWW failed to satisfy its burden to prove that it marked, or caused to be marked, "substantially all of ▮▮▮▮▮▮▮▮" in a "substantially consistent and continuous" manner, this Court should grant Defendants' motion for summary judgment. *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537-38 (Fed. Cir. 1993).

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[2] Although TWW disputes Defendants' pro-rata calculations of the sales of ▮▮▮▮▮▮ TWW offers no evidence or argument as to what it believes is the correct amount ▮▮▮▮. (Dkt. 242 at 2-3.) Moreover, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 222, Ex. 1 at 49-51.)

████████████████████████████

Dated: February 5, 2021  Respectfully submitted,

/s/ Lauren M.W. Steinhaeuser
Charles Everingham IV
State Bar No. 00787447
**WARD SMITH & HILL, PLLC**
P.O. Box 1231
Longview, TX 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
Email: ce@wsfirm.com

*Counsel for Defendants Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

**FAEGRE DRINKER BIDDLE & REATH LLP**
R. Trevor Carter (admitted in E.D. Texas)
trevor.carter@faegredrinker.com
Andrew M. McCoy (admitted in E.D. Texas)
andrew.mccoy@faegredrinker.com
Reid E. Dodge (admitted in E.D. Texas)
reid.dodge@faegredrinker.com
300 N. Meridian St., Suite 2500
Indianapolis, IN 46204
(317) 237-0300 (telephone)
(317) 237-1000 (facsimile)

Lauren M.W. Steinhaeuser (admitted in E.D. Texas)
lauren.steinhaeuser@faegredrinker.com
90 S. Seventh St., Suite 2200
Minneapolis, MN 55402
(612) 766-7000 (telephone)

Bethany N. Mihalik (admitted in E.D. Texas)
bethany.mihalik@faegredrinker.com
1500 K Street NW, Suite 1100
Washington, DC 20005
Tel: 202-312-7440

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home*

3

*Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

*/s/ Steven A. Caloiaro*
**DICKINSON WRIGHT PLLC**
John S. Artz
jsartz@dickinsonwright.com
350 S. Main St., Suite 300
Ann Arbor, MI 48104
(734) 623-7075

Steven A. Caloiaro
scaloiaro@dickinsonwright.com
100 W. Liberty St., Suite 940
Reno, NV 8951
(775) 343-7500

Peter E. Doyle
pdoyle@dickinsonwright.com
2600 W. Big Beaver Rd., Suite 300
Troy, MI 48084-3312
(248) 205-5978

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors and Target Corporation*


Michael C. Smith
State Bar No. 18650410
Siebman, Forrest, Burg & Smith, LLP
113 E. Austin St.
Marshall, TX 75671
Office: 903-938-8900
michael.smith@siebman.com

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Amazon.com, Inc. and Amazon.com LLC; Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Dick's Sporting Goods, Inc.; Macy's Retail Holdings, Inc. and Macy's.com, LLC; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; and Target Corporation*

4

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

                                  */s/ Robert T. Cruzen*
                                  Robert T. Cruzen
                                  **KLARQUIST SPARKMAN LLP**
                                  One World Trade Center
                                  121 SW Salmon St., Suite 1600
                                  Portland, OR 97204
                                  *Counsel for Defendants Amazon.com, Inc.*
                                  *and Amazon.com LLC*

                                  */s/ Walter Hill Levie III*
                                  John W. Harbin
                                  Gregory J. Carlin
                                  Walter Hill Levie III
                                  **MEUNIER CARLIN & CURFMAN LLC**
                                  999 Peachtree St. NE, Suite 1300
                                  Atlanta, GA  30309

                                  *Counsel for Defendants Bed Bath & Beyond Inc.;*
                                  *Costco Wholesale Corporation; and Macy's Retail*
                                  *Holdings, Inc. and Macy's.com, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically, under seal, in compliance with Local Rule CV-5(a)(7).  A complete and unredacted copy of this document was served on counsel of record, all of whom have consented to electronic service, via email on February 5, 2021.

                                                             */s/ Lauren M.W. Steinhaeuser*
                                                             Lauren M.W. Steinhaeuser

████████████████████████████████████

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing Consolidated Defendants' Reply in Support of Defendants' Motion for Summary Judgment on Marking is filed under seal pursuant to the Protective Order (Dkt. 94).

*/s/ Lauren M.W. Steinhaeuser*
Lauren M.W. Steinhaeuser