# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TEAM WORLDWIDE CORPORATION, | § § § § | |
| *Plaintiff*, | | |
| v. | § § § | CIV. A. NO. 2:19-CV-00092-JRG-RSP (LEAD CASE) |
| ACADEMY, LTD D/B/A ACADEMY SPORTS + OUTDOORS, | § § § | |
| ACE HARDWARE CORPORATION, | § § | CIV. A. NO. 2:19-CV-00093-JRG-RSP |
| AMAZON.COM, INC., AMAZON.COM LLC, | § § § | CIV. A. NO. 2:19-CV-00094-JRG-RSP |
| BED BATH & BEYOND INC., | § § | CIV. A. NO. 2:19-CV-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | § § | CIV. A. NO. 2:19-CV-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | § § | CIV. A. NO. 2:19-CV-00097-JRG-RSP |
| HOME DEPOT PRODUCT AUTHORITY, LLC, HOME DEPOT U.S.A., INC., | § § § | CIV. A. NO. 2:19-CV-00098-JRG-RSP |
| MACY'S RETAIL HOLDINGS, INC., MACY'S.COM, LLC, | § § § | CIV. A. NO. 2:19-CV-00099-JRG-RSP |
| TARGET CORPORATION, | § § | CIV. A. NO. 2:19-CV-00100-JRG-RSP |
| SEARS ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, TRANSFORM SR LLC, AND TRANSFORM KM LLC, | § § § § § § | CIV. A. NO. 2:20-CV-00006-JRG-RSP (MEMBER CASES) |
| *Defendants*. | § | |

## **ORDER**

Before the Court is the Joint Motion for a Continuance (the "Motion") filed by Plaintiff Team Worldwide Corporation ("Plaintiff") and Defendants Academy, Ltd. d/b/a Academy Sports + Outdoors, Ace Hardware Corporation, Amazon.com, Inc., Amazon.com LLC, Bed Bath &

Beyond Inc., Home Depot Product Authority, LLC, Macy's Retail Holdings, Inc., Macy's.com, LLC, Target Corporation, Sears Roebuck and Co., Sears Holdings Corp., Transform SR LLC, and Transform KM LLC (collectively, "Defendants") (together with Plaintiff, the "Parties"). (Dkt. No. 358). In the Motion, the Parties request that, with the exception of Defendants' motion to Amend the Discovery Order (Dkt. No. 188), the pretrial conference be continued to a later date. (*Id*. at 1). The Parties additionally request that the trial be continued for sixty (60) days. (*Id*.). Having considered the Motion, and for the reasons stated herein, the Court finds that it should be **GRANTED-AS-MODIFIED**.

The pretrial conference in the above-captioned cases is currently set for March 18, 2021, before Magistrate Judge Payne. (Dkt. No. 331 at 2). Trial is set to begin with jury selection on April 5, 2021. (*Id*.). In the Motion, the Parties request that the pretrial conference and trial be continued to facilitate mediation and the potential streamlining of issues for trial. (*See* Dkt. No. 358). The Court referred the above-captioned cases to Magistrate Judge Payne for pretrial purposes. (Dkt. No. 9). Accordingly, the Court only addresses the request for a continuance with respect to the trial date in this Order.

The date of jury selection is among those things which the Court does not change without a showing of good cause. (Dkt. No. 331 at 4). Good cause is not shown simply by agreement of the Parties. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause *and with the judge's consent*.") (emphasis added). In determining whether "good cause" exists, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir. 2003) (quotation omitted). Although this is a patent

infringement case, the Federal Circuit applies regional circuit law "to a trial court's procedural decisions that relate to issues not unique to [the Federal Circuit's] exclusive jurisdiction," which include motions seeking amendment of the Court's scheduling order. *Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 587 F.3d 1339, 1355 (Fed. Cir. 2009).

Here, the Court finds that the good cause factors counsel in favor of a modest continuance. The first factor, explanation for the failure to timely move for leave to amend, does not weigh against continuance because the Parties timely moved for leave in advance of the trial date. With respect to factor two, the importance of the amendment, the Court finds that an opportunity for mediation and to narrow disputed issues to be tried are sufficiently important reasons to continue the trial date. Turning next to the third factor, the potential prejudice in allowing amendment, the Court finds that in light of the joint nature of the Parties' request, neither Plaintiff nor Defendants would be prejudiced by a continuance. Lastly, the fourth factor, the availability of a continuance to cure any such prejudice, does not affect the Court's determination. As noted, the Parties would not be prejudiced. Further, continuance is the relief sought by the Parties here. However, the Court is not of the opinion that a sixty-day continuance of the trial date is necessary.

For the foregoing reasons, the Motion is **GRANTED-AS-MODIFIED**. Jury selection in the above-captioned case is set for **9:00 a.m.** on **Friday, April 30, 2021** in Marshall, Texas.

**So ORDERED and SIGNED this 16th day of March, 2021.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE