## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TEAM WORLDWIDE CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:19-cv-00092-JRG-RSP |
| | § | LEAD CASE |
| ACADEMY, LTD d/b/a ACADEMY | § | |
| SPORTS + OUTDOORS, | § | |
| | § | |
| *Defendant*. | § | |

### ORDER ON MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned case on April 13, 2021, regarding motions *in limine* filed by Plaintiff Team Worldwide Corporation ("Plaintiff"), (Dkt. No. 349) and Defendants Academy, LTD d/b/a Academy Sports Outdoors; Ace Hardware Corporation; Amazon.com LLC; Amazon.com, Inc.; Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Dick's Sporting Goods, Inc.; Home Depot Product Authority, LLC; Home Depot U.S.A., Inc.; Macy's Retail Holdings, Inc.; Macys.com, LLC; Sears Holdings Corporation; Sears, Roebuck and Co.; Target Corporation; Transform KM LLC; and Transform SR LLC ("Defendants"), (Dkt. No. 350). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

**A. Motions to Strike (Dkt. Nos. 213, 221)**

1. Defendants' Motion to Strike References to the Prior Wal-Mart Infringement Notice and Arbitration Infringement Findings (Dkt. No. 213)

This motion is **GRANTED** with respect to references to the Notice, stipulating to infringement of certain products, entered by the *Wal-Mart* Defendants. Examination of the record shows that the Notice was a summary of the positions taken in the briefing, and its admission would clearly cause confusion far outweighing any probative value under FRE 403. . The parties have agreed that the arbitration decision will not come into evidence. The admissibility of the settlement agreement in *Wal-Mart* was **DEFERRED** to the resolution of the Daubert Motion.

2. Defendants' Motion to Exclude Plaintiff's Late Produced Discovery Document (Dkt. No. 221)

This motion is **GRANTED** as to the use of this exhibit for the jury. The "TWW Price Document" might qualify as a summary under FRE 1006 but the underlying documents were not provided to Defendants for inspection as required by that rule. The Court clarifies that Plaintiff's expert can rely upon such inadmissible matter as a basis for his opinion.

**B. Plaintiff's Motions *in Limine* (Dkt. No. 349)**

1. Plaintiff's MIL No. 1: The Arbitration from the Walmart Litigation

This motion *in limine* is **GRANTED** as to the Arbitration Order, itself, by agreement and the Court's ruling on Dkt. No. 213.

2. Plaintiff's MIL No. 2: Walmart Litigation Settlement Agreement

This motion *in limine* is **DENIED,** as the agreement is relied upon by damages experts.

3. <u>Plaintiff's MIL No. 3</u>: Prior Testimony of Mr. Ken Wang

This motion *in limine* is **DENIED** with the understanding the deposition of Mr. Wang from the *Wal-Mart* case will only be used as impeachment

4. <u>Plaintiff's MIL No. 4</u>: Unrelated Patents

This motion *in limine* is **GRANTED** only with respect to the *inter partes* review proceedings of the '394 and '950 patents and any Federal Circuit appeals of such proceedings.

5. <u>Plaintiff's MIL No. 5</u>: Noninfringement Opinions

This motion *in limine* is **DENIED** as unnecessary.

6. <u>Plaintiff's MIL No. 6</u>: Inconsistent Claim Construction

This motion *in limine* is **DENIED** as unnecessary.

7. <u>Plaintiff's MIL No. 7</u>: [WITHDRAWN]

This motion *in limine* is **WITHDRAWN**. Dkt. No. 353 at 2 ("Plaintiff and Defendants reached agreement on language for two opposed motions *in limine*, which resolves . . . Plaintiff's MIL No. 7 . . . ."). The agreed-upon language is found in Joint MIL No. 6. *See* Dkt. No. 377 at 3, n.1.

8. Plaintiff's MIL No. 8: The Asserted Patent's Prosecution Histories

This motion *in limine* is **GRANTED,** since disclaimer and estoppel are not jury issues.

9. Plaintiff's MIL No. 9: Not Accused of Infringement

This motion *in limine* is **GRANTED**. The Court has reviewed the Order on Pretrial Motions and Motions *in Limine* cited by Defendants at the pretrial conference. *See Solas OLED Ltd. v. Samsung Display Co., Ltd.*, Case No. 2:19-cv-00152-JRG, Dkt. No. 279 at 3. The Court has also reviewed the relevant section of the transcript corresponding to the issue as presented in *Solas*. *See Id.*, Dkt. No. 263 at 152–171. The mere fact that a product is no longer accused (or was never accused) does not support its use as a non-infringing alternative. The non-infringing alternative must be proved by Defendant by evidence other than whether it was ever accused by Plaintiff.

10. Plaintiff's MIL No. 10: [WITHDRAWN]

This motion *in limine* is **WITHDRAWN**. Dkt. No. 384 at 96.

11. Plaintiff's MIL No. 11: PTO and U.S. Patent System

This motion *in limine* is **GRANTED**.

12. Plaintiff's MIL No. 12: TWW's Product Defects or Quality

This motion *in limine* is **DENIED**.

13. Plaintiff's MIL No. 13: TWW's Prior Litigation Against Intex

This motion *in limine* is **GRANTED**.

14. Plaintiff's MIL No. 14: No Reference to Delay or Laches

This motion *in limine* is **GRANTED** as to arguments about the effect of any delay and **DENIED** as to the dates themselves.

15. Plaintiff's MIL No. 15: [WITHDRAWN]

This motion *in limine* is **WITHDRAWN**. Dkt. No. 378 at 2.

16. Plaintiff's MIL No. 16: [WITHDRAWN]

This motion *in limine* is **WITHDRAWN**. Dkt. No. 353 at 2.

17. Plaintiff's MIL No. 17: Expert Reports

This motion *in limine* is **DENIED** as unnecessary.

**C. Defendants' Motions *in Limine* (Dkt. Nos. 350 and 377)**

1. Defendant's MIL No. 1: Exclude Reference to U.S. Patent No. 6,332,760 or Insinuate an Earlier Priority Date of the '018 Patent

This motion *in limine* is **DEFERRED** to the Defendants' Consolidated Motion for Partial Summary Judgment of No Early Priority Date. *See* Dkt. No. 208.

2. <u>Defendant's MIL No. 2</u>: Exclude References to Expert Opinions or Retention in Prior Litigation

This motion *in limine* is **GRANTED** to the extent that counsel are restricted from identifying an expert's opinions and employment as part of the *Wal-Mart* case. The Court seeks to eliminate all reference to that litigation by name but does prohibit the experts from counting that case as part of their experience. The goal is not to communicate to the jury that there was a prior case for the jury to wonder about.

3. <u>Defendant's MIL No. 3</u>: Exclude any Evidence or Testimony that PTO Considered Chafee Prior Art

This motion *in limine* is **DENIED**.

4. <u>Defendant's MIL No. 4</u>:  Exclude Argument or Questioning Regarding the Non-Public Nature of Certain 102(g) Evidence

This motion *in limine* is **DENIED**.

5. <u>Defendant's MIL No. 5</u>: Exclude Reference to Dr. Stevick's Prior Representation of Target and Coleman

This motion *in limine* is **GRANTED** as to Target.

6. <u>Defendant's MIL No. 6</u>: Exclude Reference to Counsel's Prior Representation of Airbed Suppliers

This motion *in limine* is **GRANTED**.

7. <u>Defendant's MIL No. 7</u>: Exclude Evidence of or Argument About '018 Patent IPR Proceedings

This motion *in limine* is **CARRIED**.  Defendant is **ORDERED** to advise Plaintiff and the Court by the continuation of the pretrial conference on **May 6, 2021** whether Defendant seeks to use the IPR relating to the '018 Patent as part of its defense to willfulness.

8. <u>Defendant's MIL No. 8</u>: Exclude Reference to Defendants' Overall Sales or Aggregate Financial Status

This motion *in limine* is **GRANTED**. Plaintiff is limited in terms of dollar figures to the revenues from the accused product. Plaintiff is not restricted from referring to the relative size of Target relative to other retailers.

9. <u>Defendant's MIL No. 9</u>: Exclude Evidence or Testimony as to hearsay Statements Regarding Secondary Considerations

This motion *in limine* is **DENIED** with the understanding that contemporaneous objections can be made if counsel believes Rule 703 is being violated.

10. <u>Defendant's MIL No. 10</u>: Exclude Evidence Related to Damages From the *Intex/Aero* and *Intex/Bestway* Litigations

This motion *in limine* is **CARRIED** in connection with Defendants' Motion to Strike Portions of Plaintiff's Damages Expert Report for Failing to Include Required Technical Comparability Analysis (Dkt. No. 212).

11. Defendant's MIL No. 11: Exclude Fact Testimony Regarding Infringement, Validity, and Other Issues of Law

This motion *in limine* is **DENIED** as unnecessary.

12. Defendant's MIL No. 12: Preclude Reliance on Statutory Presumption of Validity to Rebut Validity Arguments

This motion *in limine* is **DENIED**.

13. Defendant's MIL No. 13: Preclude Evidence and Argument Comparing the Accused Products and Alleged Commercial Embodiments

This motion *in limine* is **DENIED** as unnecessary based on the representation of Plaintiff's counsel that they will not compare the accused products to their own products for purposes of infringement analysis, but only in connection with secondary considerations of non-obviousness, by showing copying.

14. Defendant's MIL No. 14: Preclude Reference to or Reliance on Arbitration Findings or Walmart Notice of Infringement

This motion *in limine* is **WITHDRAWN**. Dkt. No. 384 at 164 ("both Defendants' 14th MIL and MIL Number 15 have both been resolved by the Court's prior ruling in response to our motion to strike.").

15. <u>Defendant's MIL No. 15</u>: Preclude Reference to Walmart Notice of Infringement as to Products Not-At-Issue

This motion *in limine* is This motion *in limine* is **WITHDRAWN**. Dkt. No. 384 at 164 ("both Defendants' 14th MIL and MIL Number 15 have both been resolved by the Court's prior ruling in response to our motion to strike.").

16. <u>Defendant's MIL No. 16</u>: Exclude Evidence and Argument that the Asserted Claims are Limited to "Airbeds"

This motion *in limine* is **DENIED**.

17. <u>Defendant's MIL No. 17</u>: Preclude Reference to Indemnification Agreements

This motion *in limine* is **GRANTED** with the exception that if a witness with an employer who has a relevant indemnification agreement testifies, then that's an issue that can be explored as to the bias of that witness. **However**, if Plaintiff itself calls such a witness, it may not mention the indemnification arrangement of the witness's employer without first getting leave of Court (based on a showing of good cause, such as the unexpected change in the witness's testimony due to bias). *See Jones v. Southern Pacific R.R.*, 962 F.2d 447, 450 (5th Cir. 1992).

18. <u>Defendant's MIL No. 18</u>: [WITHDRAWN]

This motion *in limine* is **WITHDRAWN**. Dkt. No. 353 at 2 ("Plaintiff and Defendants reached agreement on language for two opposed motions *in limine*, which resolves Defendants MIL Nos. 18 and 19 . . . ."). The agreed-upon language is found in Joint MIL No. 6. *See* Dkt. No. 377 at 3, n.1.

19. Defendant's MIL No. 19: [WITHDRAWN]

This motion *in limine* is **WITHDRAWN**. Dkt. No. 353 at 2 ("Plaintiff and Defendants reached agreement on language for two opposed motions *in limine*, which resolves Defendants MIL Nos. 18 and 19 . . . ."). The agreed-upon language is found in Joint MIL No. 7. *See* Dkt. No. 377 at 3, n.2.

20. Defendant's MIL No. 20: Preclude TWW From Using Inflammatory Examples to Illustrate Legal Standards

This motion *in limine* is **DENIED** as unnecessary.

**D.  Joint Motions *in Limine* (Dkt. No. 348)**

1. Joint MIL No. 1: No Disparagement

This motion *in limine* is **AGREED** as follows:

> No disparaging or commenting unnecessarily on the nationality or place of residence, native language spoken, or religious views of a party or witness, or otherwise differentiating the nationality or place of residence of a party or witness. For clarity, this will not prevent testimony regarding a witness's location of residence or business, for example to explain where a meeting occurred. Additionally, no

disparaging any parties, counsel or witnesses for attending trial remotely due to the COVID-19 pandemic, or a witness's physical absence from trial.

Dkt. No. 348 at 2; Dkt. No. 377 at 2.

2. <u>Joint MIL No. 2</u>: Criminal Charges

This motion *in limine* is **AGREED** as follows:

No argument or evidence of any witness, expert, or party employee or officer having personal legal issues or being involved in personal legal proceedings, either criminal or civil. Additionally, no argument or evidence regarding Mark Bachman or his company's work on products that might be seen as socially or politically improper (e.g., Bachman Tr., 148:1-150:4, Exs. 23-24), as well as contract work performed for Paul McCartney.

Dkt. No. 348 at 2; Dkt. No. 377 at 2.

3. <u>Joint MIL No. 3</u>: Undesignated Testimony

This motion *in limine* is **AGREED** as follows: "[f]or any witness not testifying live at trial, only testimony that was properly designated by the parties can be used for that witness. For any witness testifying live, non-designated testimony can be used to impeach the witness." Dkt. No. 348 at 2; Dkt. No. 377 at 3.

4. <u>Joint MIL No. 4</u>: Venue

This motion *in limine* is **AGREED** as follows: "[t]he Defendants will not introduce any reference, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding the Eastern District of Texas or any of its divisions or

11

cities therein as a popular venue for patent holders or in any way disparage the venue." Dkt. No. 348 at 3; Dkt. No. 377 at 3.

### 5. Joint MIL No. 5: Referring to Defendants' Counsel's Former Judicial Positions

This motion *in limine* is **AGREED** as follows: "[t]he parties are precluded from referring to any of their counsel using any titles referring to former positions as judges or magistrate judges." Dkt. No. 348 at 3; Dkt. No. 377 at 3.

### 6. Joint MIL No. 6: Discovery Conduct

This motion *in limine* is **AGREED** as follows: "[t]he parties are precluded from arguing or presenting testimony or evidence to the jury suggesting that any party's discovery was somehow deficient or that any party's conduct during discovery was improper." Dkt. No. 377 at 3. "The parties agreed to this language in lieu of Plaintiff's MIL No. 7 . . . and Defendants' MIL No. 18 . . . ." *Id.* at 3, n.1.

### 7. Joint MIL No. 7: Injunction and Infringement after Patent Expiration

This motion *in limine* is **AGREED** as follows:

> The parties are precluded from presenting testimony, evidence or argument to the jury insinuating that infringement of the '018 Patent occurred after the '018 Patent expired or that defendant has done, or is doing, anything improper by selling, using, or offering for sale any product after the '018 Patent expired. This includes precluding any party from referring in any way to the possibility (or lack of possibility) of an injunction related to the '018 Patent.

Dkt. No. 377 at 3. "The parties agreed to this language in lieu of Defendants' MIL No. 19 . . . ." *Id.* at 3, n.2.

**SIGNED this 3rd day of May, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE