# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION,<br><br>**Plaintiff,**<br><br>v.<br><br>ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS,<br><br>**Defendant**. | Case No. 2:19-cv-00092-JRG-RSP<br><br>LEAD CASE |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC., AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| HOME DEPOT PRODUCT AUTHORITY, LLC, HOME DEPOT U.S.A., INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S RETAIL HOLDINGS, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, TRANSFORM SR LLC, AND TRANSFORM KM LLC,<br><br>**Defendants.** | Case No. 2:20-cv-00006-JRG-RSP<br>CONSOLIDATED CASES |

**PLAINTIFF TEAM WORLDWIDE CORPORATION'S OPPOSED REQUEST FOR CLARIFICATION OF REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON MARKING (DKT. 393)**

Plaintiff Team Worldwide Corporation ("TWW") respectfully requests clarification of the Court's Report and Recommendation (Dkt. No. 393) with respect to the Report and Recommendation on Defendants' Motion for Summary Judgment on Marking ("Marking MSJ Recommendation"). Specifically on page 9, the Marking MSJ Recommendation states that "TWW is precluded from seeking pre-suit damages." The Court's basis for precluding TWW from seeking any pre-suit damages as opposed to a limited time period, from September 20, 2018 to March 19, 2019, is unclear. TWW believes that the phrase "pre-suit damages" should not and was not intended to apply before Sept. 20, 2018, and thus TWW respectfully requests clarification.

The Marking MSJ Recommendation states that TWW submitted evidence that all of its products were marked, and points only to a lack of marking on non-TWW Walmart products that were first licensed on Sept. 20, 2018. *See, e.g.*, Dkt. 393, at 6 ("Defendants contend that TWW should have marked products sold by Wal-Mart, since Wal-Mart was allegedly TWW's licensee and sold products that were allegedly covered by the '018 Patent."); 8 (citing Defendants' argument that TWW's "licensee failed to consistently mark substantially all '018 Products since September 21, 2018. TWW submitted no evidence to support that any Licensed Wal-Mart Products were marked." [ellipses omitted]); 9 ("the issue the Defendants raise was whether the "Licensed Wal-Mart Products" sold by Wal-Mart (a licensee) from September 20, 2018 to March 19, 2019 were marked. TWW never addresses this question squarely.").

*First*, the evidentiary record is clear that TWW continuously marked its own products including during the period September 20, 2018 to March 19, 2019, and never licensed the '018 patent prior to the Walmart settlement agreement. Therefore, the evidence shows that at least until the Walmart settlement agreement, TWW was compliant with the statute that provides for pre-suit damages by marking. Such marking provided constructive notice to the market throughout that

period up to September 20, 2018. To the extent Defendants may argue that the *Artic Cat* cases support any broader preclusion, they do not. Those cases involve only the sale of unmarked products by a licensee and **not** marked products sold by the patentee and, therefore, would not support precluding any damages prior to the September 20, 2018 when TWW had no licenses. Accordingly, TWW believes that the phrase "pre-suit damages" was not intended to apply before Sept. 20, 2018, and TWW requests clarification from the Court.

*Second*, the Marking MSJ Recommendation states, "Defendants argue that 'TWW should be precluded from seeking damages *prior to the date of actual notice* to each Defendant because TWW failed to mark substantially all of its licensed products in compliance with 35 U.S.C. § 287.'" (Dkt. 393, at 6 (emphasis added).) TWW understands the Marking MSJ Recommendation to address only constructive notice, and therefore TWW should not be precluded from providing evidence of actual pre-suit notice of the '018 patent. There is no analysis in the Marking MSJ Recommendation of actual pre-suit notice, which, as its title states, addresses constructive notice via marking.

TWW notes that the Court's recommendation on marking also impacts the recommendation that willfulness based on pre-suit conduct is moot. TWW respectfully requests that, to the extent the Court clarifies its recommendation on pre-notice damages, the Court also clarifies its recommendation on pre-suit willfulness so that TWW is not precluded from offering evidence on pre-suit willfulness.

|  |  |
|---|---|
| Date: May 4, 2021 | Respectfully Submitted,<br><br>*/s/ Korula T. Cherian*<br>Korula T. Cherian<br>Robert Harkins<br>**RuyakCherian LLP**<br>1936 University Ave., Suite 350<br>Berkeley, CA 94702<br>Telephone: (510) 944-0190 |

sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Robert F. Ruyak
Corrine Saylor Davis
J. Michael Woods
Jane Inkyung Shin
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
corrinesd@ruyakcherian.com
michaelw@ruyakcherian.com
janes@ruyakcherian.com

Elizabeth L. DeRieux
State Bar No. 05770585
**Capshaw DeRieux, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ederieux@capshawlaw.com

Mark Mann
Blake Thompson
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
Office 903-657-8540
mark@themannfirm.com
blake@themannfirm.com

*Counsel for Plaintiff Team Worldwide Corporation*

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties have complied with the meet and confer requirement in Local Rule CV-7(h). On May 4, 2021, Counsel for Defendants Andrew McCoy, Lauren Steinhaeuser, John Harbin, Rob Cruzen, Chad Everingham, and Michael Smith conferred with

3

Robert Harkins and Mark Man, counsel for TWW, by phone regarding this Motion.  Defendants oppose the motion, and the parties were unable to reach an agreement and are at an impasse, leaving open issues for the Court to resolve.

/s/ *Korula T. Cherian*
*Counsel for Plaintiff Team*
*Worldwide Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will automatically notify all registered counsel of record.

/s/ *Korula T. Cherian*
*Counsel for Plaintiff Team*
*Worldwide Corporation*