# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION,<br><br>**Plaintiff,**<br><br>v.<br><br>ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS,<br><br>**Defendant**. | Case No. 2:19-cv-00092-JRG-RSP<br><br>LEAD CASE |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC., AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| HOME DEPOT PRODUCT AUTHORITY, LLC, HOME DEPOT U.S.A., INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S RETAIL HOLDINGS, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, TRANSFORM SR LLC, AND TRANSFORM KM LLC,<br><br>**Defendants.** | Case No. 2:20-cv-00006-JRG-RSP<br>CONSOLIDATED CASES |

**PLAINTIFF TEAM WORLDWIDE CORPORATION'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. NO. 393)**

Plaintiff Team Worldwide Corporation ("TWW") respectfully objects to the Magistrate Judge's Report and Recommendation (Dkt. No. 393, "R&R") regarding Defendants' marking MSJ (further clarified at Dkt. No. 396) and requests an oral hearing under Local Rule 7(g). No governing case supports the statement in the R&R that "TWW is precluded from seeking pre-suit damages." R&R at 9. That ruling constitutes clear legal error contrary to the Federal Circuit's controlling authority in *Am. Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523 (Fed. Cir. 1993), which held as a matter of law that patentees are allowed pre-suit damages for a period of pre-suit compliance with the constructive notice provision in § 287(a) despite a period of non-compliance.

35 U.S.C. § 287(a) itself expressly allows damages for patentees that comply with the constructive notice marking requirement. No governing case holds that damages for that pre-suit compliance period are forfeited for the reasons stated in the R&R. There is, accordingly, no justification for depriving TWW of damages for 3-1/2 years of compliance because of a subsequent 6-month period of non-compliance. Where patentees and their licensees sold marked products for part of the pre-trial period and unmarked products at other times, damages are permitted for the entire period of compliance. No case precludes such damages.

And no case disallowed *all pre-suit damages* because unmarked products were sold during an isolated time period. Where, as here, products were marked for identifiable blocs of time and unmarked for others, courts uniformly award damages for the compliant period even while denying damages for the non-compliant segments. See *Am. Med. Sys.*, 6 F.3d at 1534; *Metrologic Instruments, Inc. v. PSC, Inc.*, No. 99-4876, 2004 U.S. Dist. LEXIS 24949, at *60 (D.N.J. Dec. 13, 2004); *Clancy Sys. Int'l v. Symbol Techs., Inc.*, 953 F. Supp. 1170 (D. Colo. 1997). That result is faithful to the text of § 287. It is also mandated by the Federal Circuit's holding in *Am. Med. Sys.* The decisions in *Arctic Cat I* and *II* are not to the contrary because the *Arctic Cat* patentee

had *no period of pre-suit compliance* with the notice requirements of § 287.

I.     The *American Medical Systems* Case Controls.

35 U.S.C. § 287 permits pre-suit damages when "[p]atentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, give notice to the public that the same is patented[.]" Under controlling Federal Circuit law, patentees—like TWW—who comply with the statute may seek pre-suit damages for the duration of their pre-suit compliance periods.

The *Am. Med. Sys.* case addressed what pre-suit damages may be awarded to a patentee with periods of compliance and non-compliance with § 287. *See Am. Med. Sys.*, 6 F.3d at 1534. In *Am. Med. Sys.*, the patentee began shipping its marked products after a period of noncompliance. Because of this period of noncompliance, the district court found that the patentee failed to comply with § 287. *Id*. at 1535. On appeal, the patentee argued that the district court erroneously interpreted § 287(a) and that under the correct interpretation it was entitled to damages during the time it complied with the marking statute. *Id*. The Federal Circuit agreed with the patentee, stating that "once marking has begun in compliance with the statute, *in rem* notice is provided and there is no reason to further limit damages on [account of a periodic failure to mark.]" *Id*. at 1357.

The Federal Circuit further noted that "it is not the number of articles seen by the defendant which is controlling on an issue of marking… but whether the patentee performed this statutory duty which was a prerequisite to his *in rem* notice to the world." *Id*. (quoting *Hazeltine Corp. v. Radio Corp. of Am.*, 20 F. Supp. 668, 671 (S.D.N.Y. 1937)). *Am. Med. Sys.* controls the analysis in this case. By complying with the marking statute—for at least the substantial time period at issue—TWW effectively provided notice and thus, there is no basis for precluding all pre-suit damages on the account of a limited failure to mark. *Id*. at 1357.

The Federal Circuit's opinion in *Am. Med. Sys.* has been applied by district courts faced with periods of compliance and non-compliance with § 287. In *Metrologic Instruments, Inc. v. PSC, Inc.*, it was undisputed that the patentee was properly marking its products at the time [the accused infringer] began to infringe. 2004 U.S. Dist. LEXIS 24949, at *60 (D.N.J. Dec. 13, 2004). The district court found accordingly that "[d]uring this period of proper marking, would-be-infringers had constructive notice." The court concluded that pre-suit damages were available for the period of initial marking compliance by the patentee despite subsequent non-compliance.[1] In the instant case, Defendants likewise do not dispute that TWW properly marked its products for over 3 and 1/2 years, during which Defendants were infringing.

## II. The *Arctic Cat* Cases Did Not Overrule *American Medical Systems*.

The Federal Circuit in *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350 (Fed. Cir. 2017) ("*Arctic Cat I*") and *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 950 F.3d 860 (Fed. Cir. 2020) ("*Arctic Cat II*"), which is substantively at issue here, was not faced with a patentee who had periods of compliance and non-compliance with § 287. Those facts are dispositively different from *Am. Med. Sys.* and from this case. Accordingly, the *Arctic Cat* cases did not change or overrule the law set forth in *Am. Med. Sys.* Indeed, *Arctic Cat* expressly cited *Am. Med. Sys.* with approval. 950 F.3d at 865-66.

In *Arctic Cat II*, the Federal Circuit addressed § 287 issue on facts totally unlike *Am. Med. Sys.* and this case. On a record where the patentee's pre-suit sales *never* complied with § 287, the Federal Circuit decided only "whether the *cessation of sales of unmarked products* excuses

---

[1] The district Court's order in *Clancy Sys. Int'l v. Symbol Techs., Inc.*, 953 F. Supp. 1170 (D. Colo. 1997) is also relevant here. There the Court posited and analyzed the precise situation at issue here where a patentee marked its products, but a subsequent licensee did not, stating that "it would make no sense to hold that the new licensee's failure to mark eliminates, retroactively, years of appropriate constructive notice." *Id.* at 1174.

noncompliance with the notice requirement of § 287 such that a patentee may recover damages for the period *after sales of unmarked products ceased* but before the filing of a suit for infringement." 950 F.3d at 864 (emphasis added). The issue before the Federal Circuit in *Arctic Cat II* is entirely inapposite and inapplicable to the present case.

Critically, *Arctic Cat II* specifically reaffirmed the Federal Circuit's holding in *Am. Med. Sys.* and distinguished it from the facts in *Arctic Cat II*: "[i]n *American Medical Systems*, 6 F.3d at 1537, we interpreted § 287 to allow a patentee who had sold unmarked products to begin recovering damages after the patentee began marking." *Id.* at 865. The Court held in *Arctic Cat II* that where products were never marked and sales of the products simply ceased, "but Arctic Cat otherwise took no action to remedy prior noncompliance or to provide notice that the articles were actually patented, Arctic Cat never complied with the notice requirement of § 287 and thus cannot recover damages for any period prior to the filing of its complaint." *Id.* at 865-866. The *Arctic Cat II* Court's statement that the notice requirement cannot "be switched on and off" specifically holds that the statute cannot be turned off by ceasing production after a patentee begins selling patented production. *Arctic Cat II,* at 865. *Arctic Cat II* does not purport to address patentees with a period of full compliance with the marking statute and a limited period of non-compliance like TWW, which remains governed by *Am. Med. Sys.*

*Arctic Cat II* did not limit or overrule any aspect of the Court's holding in *Am. Med. Sys.*, nor could it. *Arctic Cat II* presented the Federal Circuit with entirely different facts—namely the availability of pre-suit damages to a patentee that was wholly non-compliant with § 287 for the entire pre-suit period. Further, *Arctic Cat II* certainly did not change the language or meaning of § 287. TWW is not claiming that it is excused from the requirements of § 287 due to a period of inactivity. No cessation of sales—like the one in *Arctic Cat II*—is at issue in this case. In contrast

to the patentee in *Arctic Cat II*, TWW demonstrated *years* of *complete compliance* with the marking statute—including when the '018 Patent issued and Defendant's infringement began—and is seeking damages for that period of pre-suit compliance.

The preclusion of *all* pre-suit damages in this case misperceives the dispositive difference with *Arctic Cat II*. Most particularly, *Arctic Cat II* cited *Am. Med. Sys.* with approval for the policy behind §287 that rewards patentees for marking and does not reward them for failing to mark. Here, TWW indisputably did mark for 3-1/2 years. Yet the R&R in this case penalizes TWW by depriving it of statutory pre-suit damages for the full time it marked its products under § 287. The constructive notice provision of § 287 was not intended to punish patentees like TWW. Years of pre-suit compliance with the marking statute, and accrued damages should not be eliminated by six months of non-compliance with § 287 under the prevailing authority.

### III. Target Had Actual Notice of Its Infringement.

Prior to the Walmart settlement, TWW provided actual notice of infringement to Defendant's suppliers – Intex, Bestway and Coleman. The R&R did not analyze the impact of the fact that Defendant's suppliers are indemnifying and defending it in this litigation to the actual notice question. Moreover, TWW provided products directly to Target marked with the '018 patent (that Target resold to the public). For both of the foregoing reasons, TWW respectfully submits that it should be permitted to argue to the jury that Target was on actual notice of infringement prior to the Walmart settlement.

### IV. CONCLUSION

For at least the foregoing reasons, TWW respectfully requests that the Court reject the R&R as discussed herein and further requests a hearing on its objections under Local Rule 7(g).

                                                            Respectfully Submitted,

Date: May 11, 2021                               */s/ Korula T. Cherian*

Korula T. Cherian
Robert Harkins
**RuyakCherian LLP**
1936 University Ave., Suite 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Robert F. Ruyak
Corrine Saylor Davis
J. Michael Woods
Jane Inkyung Shin
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
corrinesd@ruyakcherian.com
michaelw@ruyakcherian.com
janes@ruyakcherian.com

Elizabeth L. DeRieux
State Bar No. 05770585
**Capshaw DeRieux, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ederieux@capshawlaw.com

Mark Mann
Blake Thompson
**Mann | Tindel | Thompson**
300 West Main
Henderson, TX 75652
Office 903-657-8540
mark@themannfirm.com
blake@themannfirm.com

*Counsel for Plaintiff Team Worldwide Corporation*

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will automatically notify all registered counsel of record.

/s/ *Korula T. Cherian*
*Counsel for Plaintiff Team*
*Worldwide Corporation*
