**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TEAM WORLDWIDE CORPORATION, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIV. A. NO.  2:19-CV-00092-JRG-RSP |
| | § | (LEAD CASE) |
| ACADEMY, LTD D/B/A ACADEMY | § | |
| SPORTS + OUTDOORS, | § | |
| | § | |
| ACE HARDWARE CORPORATION, | § | CIV. A. NO.  2:19-CV-00093-JRG-RSP |
| | § | |
| AMAZON.COM, INC., AMAZON.COM | § | CIV. A. NO.  2:19-CV-00094-JRG-RSP |
| LLC, | § | |
| | § | |
| BED BATH & BEYOND INC., | § | CIV. A. NO.  2:19-CV-00095-JRG-RSP |
| | § | |
| COSTCO WHOLESALE CORPORATION, | § | CIV. A. NO.  2:19-CV-00096-JRG-RSP |
| | § | |
| DICK'S SPORTING GOODS, INC., | § | CIV. A. NO.  2:19-CV-00097-JRG-RSP |
| | § | |
| HOME DEPOT PRODUCT AUTHORITY, | § | CIV. A. NO.  2:19-CV-00098-JRG-RSP |
| LLC, HOME DEPOT U.S.A., INC., | § | |
| | § | |
| MACY'S RETAIL HOLDINGS, INC., | § | CIV. A. NO.  2:19-CV-00099-JRG-RSP |
| MACY'S.COM, LLC, | § | |
| | § | |
| TARGET CORPORATION, | § | CIV. A. NO.  2:19-CV-00100-JRG-RSP |
| | § | |
| SEARS ROEBUCK AND CO., SEARS | § | CIV. A. NO.  2:20-CV-00006-JRG-RSP |
| HOLDINGS CORPORATION, | § | (MEMBER CASES) |
| TRANSFORM SR LLC, AND | § | |
| TRANSFORM KM LLC, | § | |
| | § | |
| *Defendants.* | § | |

## <u>ORDER</u>

The Court issue this Order *sua sponte*. The Court is of the opinion that the parties might

benefit from a concerted and renewed effort to resolve their disputes via mediation with the

benefit and insights of a new mediator.  Accordingly, the Court **ORDERS** the parties to

**mediate in these cases promptly and at a mutually agreeable date on or before June 3rd, 2021**.  The mediation shall be conducted by the **Hon. David Folsom**, 6002-B Summerfield Drive, Texarkana, Texas 75503, dfolsom@jw.com.   This Order **SUPERSEDES** any previous Order assigning a mediator or directing mediation in the above-captioned cases.   To ensure that mediation is as productive as possible, the Court hereby **ORDERS** that each party shall attend such mediation with lead counsel, local counsel, and a representative who has full and unilateral authority to act on and compromise on all pending disputes. Any party whose potential exposure may be covered by applicable insurance shall secure the presence at mediation of an authorized representative of any such insurer. No party or representative shall leave or exit the mediation session, once it begins,  without  the  approval  of  the mediator.  The  district's  applicable  local  rules  shall
otherwise govern and apply in all respects.  The decision as to in-person or virtual attendance (or a combination thereof) at such mediation is deferred to the Mediator whose directions therein to the parties and counsel shall be considered and treated as a directive form the Court.

      **So ORDERED and SIGNED this 12th day of May, 2021.**


RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE