# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, | |
| Plaintiff, | Case No. 2:19-cv-92-JRG-RSP |
| v. | LEAD CASE |
| ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS, | |
| Defendant. | |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC, AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| THE HOME DEPOT, INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, and TARGET BRANDS, INC., | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, and TRANSFORM HOLDCO LLC, | Case No. 2:20-cv-00006-JRG-RSP |
| Defendants. | CONSOLIDATED CASES |

**CONSOLIDATED DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT & RECOMMENDATION (DKT. NO. 393)**

Plaintiff TWW's Objections to the Magistrate Judge's Report and Recommendation on 35 U.S.C. § 287 ("R&R") should be overruled. The Magistrate Judge properly applied the law of § 287 and the Federal Circuit in its first decision on Defendants' Motion for Partial Summary Judgment of No Marking, (Dkt. 393 § III.A), and, at TWW's request, affirmed the application of that law in its second decision, (Dkt. 408 (referred together with the R&R as the "Marking R&R"); *see also* Dkt. 407 at 102:17-104:5). Therefore, the Marking R&R should be adopted, and Defendants' Motion for Summary Judgment of No Marking should be granted.

TWW raises two objections: (1) that the Marking R&R does not apply the "controlling law" to the facts of this case, (Dkt. 420 at 1-5), and (2) that the Marking R&R improperly precludes TWW from presenting evidence of Actual Notice prior to the filing of the complaints (*id.* at 5). For the reasons provided below, TWW's objections should be overruled.

I. **The Marking R&R Properly Applies § 287 and Federal Circuit Law**

TWW attempts to cast doubt on the Marking R&R's application of the law by misstating the controlling law. **First**, TWW asserts that the Marking R&R improperly applies *Arctic Cat II*, and should instead have relied solely on *American Medical Systems*. (Dkt. 420 at 2-5.) But *Arctic Cat II* and *American Medical Systems* are consistent with each other and both apply to the present case. (*See* Dkt. 222 at 3-7.) In *American Medical Systems*, the Federal Circuit held that, "once marking has begun, ***it must be substantially consistent and continuous in order for the party to avail itself of the constructive notice provisions of the statute***" and "failure to mark" includes a failure to "consistently mark[] substantially all . . . patented products."[1] *Am. Med. Sys., Inc. v. Med.*

---

[1] TWW's assertion that the Marking R&R ruling "constitutes clear legal error contrary to the Federal Circuit's controlling authority in *Am. Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523 (Fed. Cir. 1993)," is wrong. (Dkt. 420 at 1.) TWW claims that *American Medical Systems* "held as a matter of law that patentees are allowed pre-suit damages for a period of pre-suit compliance with the constructive notice provision in § 287(a) despite a period of non-compliance," (Dkt. 420 at 1), but this distorts the holding in that case. *American Medical Systems* does not, as TWW suggests,

1

*Eng'g Corp.*, 6 F.3d 1523, 1537-38 (Fed. Cir. 1993) (emphasis added).² *Arctic Cat II* then emphasized that § 287 "thus prohibits a patentee from receiving ***any*** damages in a subsequent action for infringement after a failure to mark." *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 950 F.3d 860, 865 (Fed. Cir. 2020) ("*Arctic Cat II*") (emphasis in original). Although TWW appears to contend that a party can switch between compliance and non-compliance at its whim, and then recover pre-suit damages just for periods of compliance even if it never resumed compliance, both *American Medical Systems* and *Arctic Cat II* clearly reject that position. *Id.* (notice requirement "cannot be switched on and off"); *Am. Med.*, 6 F.3d at 1537-38 ("must be substantially consistent and continuous"). *Arctic Cat II* further addressed the policy underlying § 287, recognizing that "[r]equiring a patentee who has sold unmarked products to provide notice in order to begin recovering damages advances the[] objectives" of § 287. *Id.* at 865. Both *American Medical* and *Arctic Cat II* make clear that a patentee cannot have inconsistent, discontinuous marking of its patented products and expect to avail itself of the benefits of § 287.

In the present case, TWW does not dispute that for the six months prior to filing this case, over 90 percent of the '018 Products on the market were not marked. (Dkt. 222 at 5-6; *see also* Dkt. 420 at 5 (admitting "six months of non-compliance with § 287"). Thus, even if TWW had previously marked substantially all patented products, TWW's marking of the '018 Products was

---

stand for the proposition that a period of compliance followed by non-compliance is sufficient under § 287. Rather, the Federal Circuit found that, after a period of non-compliance, a patentee could only obtain pre-suit damages from the date on which it came into compliance, as long as, "once marking [i]s begun, it [is] substantially consistent and continuous." 6 F.3d 1523 at 1537-38. Here, after TWW began marking, its marking did ***not*** remain consistent and continuous and TWW never came back into compliance with § 287 prior to filing suit. Thus, the Marking R&R is fully aligned with *American Medical Systems*.

² *See also Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998) ("Nike must have shown . . . . that once marking was begun, the marking was substantially consistent and continuous.").

2

not "consistent and continuous" as required by *American Medical Systems*, and this "failure to mark" thus "prohibits [TWW] from receiving *any* damages" as made clear in *Arctic Cat II*.

**Second**, TWW asserts that *Arctic Cat II* is limited to the specific facts of that case, and thus cannot apply here. (Dkt. 420 at 3-5.) But *Arctic Cat II*'s holding is applicable to the facts at issue here. In *Arctic Cat II*, the Federal Circuit interpreted and applied § 287 to facts that reflect "a discontinuous situation in which unmarked products were sold." 950 F.3d at 864. Similarly, the Marking R&R addresses the application and impact of § 287 in "a discontinuous situation in which unmarked products were sold," and thus properly applies *Arctic Cat II*. (*See* Dkt. 407 at 103:4-7 (describing *Arctic Cat II*: "The Federal Circuit wrote broadly. And I think they intended it to be read that way.").)

**Third**, TWW asserts that "no case disallowed *all pre-suit* damages because unmarked products were sold during an isolated time period." (Dkt. 420 at 1 (emphasis in original).) This is also not true. TWW ignores *Oreck Holdings, L.L.C. v. Minuteman Int'l, Inc.*, a decision of the Eastern District of Louisiana which was discussed in detail in Defendants' summary judgment briefing. 2003 WL 22595799 (E.D. La. Nov. 7, 2003); (Dkt. 222 at 7). In *Oreck*, there was a period of compliance with § 287 followed by a period of non-compliance. *Id.* at *3. The Court found that, "[i]n the absence of a continuous marking, courts interpret § 287 as requiring a patent owner to actually notify an infringer of the alleged infringement," *id.* at *4. The Court concluded: "Plaintiff has admitted that [it] did not consistently mark its products with a patent number, and that [it] did not notify defendant of its infringement claims until the filing of this lawsuit. As such, damages must be limited to the date this suit was filed." *Id*.

**Finally**, the Magistrate Judge properly applied the law of § 287 twice and both times found that TWW is not entitled to *any* pre-suit damages. (*See* Dkt. 393 § III.A; Dkt. 408.) Indeed, similar

3

arguments to TWW's present Objections were reviewed and rejected by the Magistrate Judge in the Marking R&R, after receiving TWW's briefing on the issue and after hearing the parties' positions. (*See* Dkt. 408; Dkt. 407 at 9:14-19:8, 102:14-108:15.) Despite TWW's arguments, the Magistrate Judge re-affirmed that its R&R "precludes all pre-suit damages prior to the date of actual notice, as is consistent with Federal Circuit precedent," and in particular *Arctic Cat II*. (Dkt. 408 at 1 (emphasis in original); *id*. at 1-4.)

## II.   The Marking R&R Properly Found TWW's Evidence Insufficient

TWW next objects, without legal or factual support, that it should be "permitted to argue to the jury that Target was on actual notice of infringement prior to the Walmart settlement." (Dkt. 420 at 5.) Federal Circuit law is clear that actual notice requires "affirmative communication of a specific charge of infringement" and that this notice "must focus on the action of the patentee, not the knowledge or understanding of the infringer." *Amsted Indus. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). As the Magistrate Judge properly found, "TWW failed to provide evidence in opposition to the MSJ that it had served the Defendants any ***actual*** notice before this lawsuit was filed." (Dkt. 408 at 4 (emphasis in original).) Even now, when seeking to object to the R&R, TWW is unable to point to any action that it took to inform Target[3] of any alleged infringement of the '018 Patent.[4] TWW's objection should therefore be overruled.

## III.  TWW Failed to Raise Either Objection in Its Opposition Briefing

Finally, TWW's objections should be rejected because they are new arguments that were not presented during briefing on Defendants' summary judgment motion. It "is not appropriate to

---

[3] TWW's Objection refers solely to Target and should be so limited. (Dkt. 420 at 5.)

[4] Underscoring TWW's lack of evidence of actual notice: not less than a week prior to filing its present Objections, at the hearing of TWW's Motion for Clarification of the R&R, TWW asserted an altogether different theory, setting forth purported evidence of *constructive* notice and arguing that it sufficed for *actual* notice. (Dkt. 407 at 106:1-108:15.) This theory is also clearly insufficient under § 278. *Amsted*, 24 F.3d at 187.

4

submit new evidence or to raise new arguments for the first time in written objections to a Report and Recommendation for review by the district judge absent compelling reasons." *SCVNGR, Inc. v. DailyGobble, Inc.,* No. 6:15-CV-493, 2018 WL 6589925, at *1 (E.D. Tex. Dec. 12, 2018). Defendants' opening brief clearly set out Defendants' position that Federal Circuit precedent, including *Arctic Cat II* and *American Medical*, supports a finding of no pre-suit damages for failure to comply with § 287. (Dkt. 222 § II.B.) Yet TWW did not argue that *Arctic Cat II* does not apply or that *American Medical Systems* is controlling. Indeed, TWW made no effort to distinguish periods of alleged compliance from those of non-compliance. Instead, TWW argued that it was entitled to pre-suit damages for ***the entire period since the '018 patent issued***, because it allegedly marked its own products (entirely ignoring the Walmart-marking issue). (Dkt. 242 at 4-10.) The Magistrate Judge rejected TWW's arguments. (Dkt. No. 393 at 7-9.) Similarly, Defendants clearly set out in their opening brief that TWW had failed to provide actual notice until March or April 2019. (Dkt. 222 § II.C.) Again, however, TWW made no argument in its opposition that TWW had provided actual notice to any Defendant at any earlier date. (*See* Dkt. 242.) TWW's Objections do not offer any reason, let alone any compelling reason, to justify its failure to raise its present arguments during briefing, and they should be rejected.

Because the Magistrate Judge's Marking R&R correctly determined that TWW is not entitled to any pre-suit damages, Defendants respectfully request that the Court overrule TWW's Objections to the Marking R&R and grant Defendants' Motion for Summary Judgment of No Marking.

Dated: May 17, 2021                        Respectfully submitted,

                                           */s/ Lauren M.W. Steinhaeuser*
                                           Charles Everingham IV
                                           State Bar No. 00787447
                                           **WARD SMITH & HILL, PLLC**

P.O. Box 1231
Longview, TX  75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
Email: ce@wsfirm.com

*Counsel for Defendants Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

**FAEGRE DRINKER BIDDLE & REATH LLP**
R. Trevor Carter (admitted in E.D. Texas)
trevor.carter@faegredrinker.com
Andrew M. McCoy (admitted in E.D. Texas)
andrew.mccoy@faegredrinker.com
Reid E. Dodge (admitted in E.D. Texas)
reid.dodge@faegredrinker.com
300 N. Meridian St., Suite 2500
Indianapolis, IN  46204
(317) 237-0300 (telephone)
(317) 237-1000 (facsimile)

Lauren M.W. Steinhaeuser (admitted in E.D. Texas)
lauren.steinhaeuser@faegredrinker.com
90 S. Seventh St., Suite 2200
Minneapolis, MN  55402
(612) 766-7000 (telephone)

Bethany N. Mihalik (admitted in E.D. Texas)
bethany.mihalik@faegredrinker.com
1500 K Street NW, Suite 1100
Washington, DC 20005
Tel: 202-312-7440

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

/s/ John S. Artz
**DICKINSON WRIGHT PLLC**
John S. Artz
jsartz@dickinsonwright.com
350 S. Main St., Suite 300
Ann Arbor, MI  48104
(734) 623-7075

Steven A. Caloiaro
scaloiaro@dickinsonwright.com
100 W. Liberty St., Suite 940
Reno, NV  8951
(775) 343-7500

Peter E. Doyle
pdoyle@dickinsonwright.com
2600 W. Big Beaver Rd., Suite 300
Troy, MI 48084-3312
(248) 205-5978

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors and Target Corporation*


Michael C. Smith
State Bar No. 18650410
Siebman, Forrest, Burg & Smith, LLP
113 E. Austin St.
Marshall, TX  75671
Office: 903-938-8900
michael.smith@siebman.com

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Amazon.com, Inc. and Amazon.com LLC; Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Dick's Sporting Goods, Inc.; Macy's Retail Holdings, Inc. and Macy's.com, LLC; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; and Target Corporation*

/s/ Robert T. Cruzen
Robert T. Cruzen
**KLARQUIST SPARKMAN LLP**
One World Trade Center

121 SW Salmon St., Suite 1600
Portland, OR 97204
*Counsel for Defendants Amazon.com, Inc. and Amazon.com LLC*

 */s/ John W. Harbin*
John W. Harbin
Gregory J. Carlin
Walter Hill Levie III
**MEUNIER CARLIN & CURFMAN LLC**
999 Peachtree St. NE, Suite 1300
Atlanta, GA  30309

*Counsel for Defendants Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Macy's Retail Holdings, Inc. and Macy's.com, LLC; and Target Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore this document was served on counsel of record, all of whom have consented to electronic service, on this 17th day of May, 2021.

 */s/ Lauren M.W. Steinhaeuser*
Lauren M.W. Steinhaeuser