# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, **Plaintiff,** v. ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS, **Defendant**. | Case No. 2:19-cv-00092-JRG-RSP LEAD CASE |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC., AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| HOME DEPOT PRODUCT AUTHORITY, LLC, HOME DEPOT U.S.A., INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S RETAIL HOLDINGS, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, TRANSFORM SR LLC, AND TRANSFORM KM LLC, **Defendants.** | Case No. 2:20-cv-00006-JRG-RSP CONSOLIDATED CASES |

**PLAINTIFF TEAM WORLDWIDE CORPORATION'S RESPONSE IN OPPOSITION TO DEFENDANTS' OBJECTIONS TO THE PRIORITY DATE MOTION REPORT AND RECOMMENDATIONS**

Pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 72(b), Plaintiff Team Worldwide Corporation ("TWW") responds in opposition to Defendants' Objections (Dkt. 411, "Objections") to the Magistrate Judge's Report and Recommendations (Dkt. 393, "R&R") with respect to Defendants' Motion for Partial Summary Judgment of No Early Priority Date (Dkt. 208, "MPSJ"). The R&R denying Defendants' MPSJ is neither clearly erroneous nor contrary to law. And as Defendants' Objections, which largely reiterate their MPSJ arguments, fail to adequately address how their MPSJ was properly before the Court, TWW respectfully requests the Court to affirm Magistrate Judge's R&R denying Defendants' MPSJ.

**I.     The R&R Is Neither Clearly Erroneous Nor Contrary To The Law.**

Defendants claim that the R&R is clearly erroneous and contrary to the law, but the Court's application of Fed. R. Civ. P. 56(a) is proper in finding that Defendants' MPSJ "does not comply" with Rule 56(a). Rule 56 expressly states that a party moving for summary judgment shall "identify[] each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). Even though Defendants, moving for partial summary judgment, failed to identify any claim or defense (or the part of each claim or defense) on which summary judgment is sought, Defendants claim that they complied with Rule 56(a) and thus the Magistrate Judge's finding is clearly erroneous and contrary to the law.

To support their argument, Defendants claim without basis that (1) the MPSJ's implication that "the priority date of the '018 Patent *is* part of the Defendants' broader invalidity defense" suffices as an identification of claims or defenses required by Rule 56; and (2) the Court's previous one-sentence rulings granting summary judgment motions of no early priority date demonstrates that Defendants' procedurally improper MPSJ is permitted. However, Defendants' arguments are poorly supported and do not merit overturning of Magistrate Judge's R&R.

1

As highlighted by Judge Payne, Rule 56(a) unmistakably states that "[a] party may move for summary judgment, *identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought*." R&R at 13 (emphasis in original). The Rule does not state that a party moving for summary judgment may imply or hint at the claim or defense on which summary judgment is sought. The requirement is to identify the claim or defense, but as conceded by Defendants, they failed to do so. *See id.* ("Defendants have not identified the claim or defense that would be implicated by deciding the '018 Patent's priority date."); *see also* Objections at 2 (arguing that even though Defendants' Statement of Issues to be Decided by the Court did not expressly identify the invalidity defense, the priority date of the '018 Patent "*is* part of Defendants' invalidity defense").

Defendants' reliance on *Rsch. Corp. Techs. v. Microsoft Corp* is misplaced. The issue before the Court was not whether a motion for partial summary judgment on priority date has an "effect of asserting invalidity." [1] *Rsch. Corp. Techs. v. Microsoft Corp.*, 627 F.3d 859, 870 (Fed. Cir. 2010). The issues before the Court were stated by Defendants in their MPSJ, but pursuant to Rule 56, the Court found that a summary judgment motion was not the proper vehicle for Defendants to seek resolutions to the identified issues. *See* R&R at 14 ("Defendants' request is akin to a declaratory judgment . . . it is not proper summary judgment motion under Fed. R. Civ. P. 56."). Rule 56 requires Defendants to identify the claims or defenses implicated by deciding the issue in the summary judgment motion, but Defendants failed to do so. Despite this undisputed fact, what Defendants are asking for today is for the Court to find Defendants' *implication* of '018

---

[1] Moreover, in the underlying summary judgment motion in *Rsch. Corp. Techs.*, the movant stated the motion was to "avoid intervening art" and they specifically identified a relevant prior art references. *See Rsch. Corp. Techs.*, 627 F.3d at 870, Defendants made no such statement in the MPSJ.

Patent's effect on their unspecified invalidity defense sufficient to meet the requirements of Rule 56(a). To do so would constitute clear error and would be contrary to the law.

Defendants additionally put forth as exhibits the Court's previous rulings in *Motorola Mobility, Inc. et al. v. TiVo Inc.*, No. 5:11-cv-053-JRG, Dkt. 326 (E.D. Tex. Mar. 5, 2013) and in *TiVo Inc. v. Verizon Comm'ns Inc. et al.*, No. 2:09-cv-257-JRG, Dkt. 410 (E.D. Tex. Sept. 7, 2012) to imply that the deficiency in their MPSJ has been previously overlooked by the Court. *See* Objections at 1 ("[T]his Court can and have permitted motions for partial summary judgment based on priority date alone[.]"). But two significant facts relating to the Court's previous rulings support rejecting Defendants' request. First, the Court's orders provide no guidance on how the Court arrived at such rulings and simply state that the motions were granted. *See* Defendants' Exs. A & B. Second, the relevant briefs are sealed, preventing Defendants (or TWW) from examining the relevant facts that the Court considered. Defendants' claim that the Court's rulings should blanketly apply is without basis and deficient to support their argument that the R&R is clearly erroneous and contrary to the law.

The other district court cases cited by Defendants, which were not from this Court, are inapposite. For example, in *Zimmer Surgical, Inc.*, the underlying motion specifically discussed invalidity unlike Defendants' motion. *See e.g.*, *Zimmer Surgical, Inc. v. Stryker Corp.*, No. 16-679, Dkt., 345, *1 (D. Del. Apr. 6, 2017). In *Johns Hopkins Univ.*, the litigation involved a patent interference proceeding so the references at issue were central to the underlying motion. *See Johns Hopkins Univ. v. 454 Life Scis. Corp.*, 183 F. Supp. 3d 563, 566 (D. Del. 2016). Accordingly, Defendants' claim should be rejected.

## II. Defendants Fail To Address How Their MPSJ Was Properly Before The Court.

There is no mistaking that the R&R rejected Defendants' MPSJ for Defendants' noncompliance with Rule 56, but instead of addressing the issue of noncompliance squarely, Defendants reiterate the arguments already presented and briefed before the Court. As discussed above, Defendants wholly fail to demonstrate *how* the R&R is clearly erroneous and contrary to the law. Defendants merely argue that MPSJs of no early priority date are generally permitted, and with no legal basis, Defendants claim that an *insinuation* of an unspecified defense satisfies Rule 56(a)'s requirements. And Defendants again argue that (1) "TWW cannot rely on foreign evidence to support its priority date;" that (2) "the '018 Patent [is not] entitled to the benefit of the '760 Patent filing date;" and that (3) "TWW failed to produce any evidence of diligence[.]" *See* Objections at 2-5.

At the May 6, 2021 pretrial conference—after submitting their MPSJ on the exact same issue—Defendants were given an opportunity to re-argue points (1) and (2). *See* Transcript of May 6, 2021 Pre-trial Conference at 31:21-40:3. Exactly like in their summary judgment motion, Defendants argued that the use of an earlier priority date was improper under 35 U.S.C. Section 104. *Id*. at 32:8-33:4. After hearing the merits of this argument again the Court ruled that "[the issue of no early priority date] is an issue for trial." *Id*. at 34:15-16. Defendants then re-argued point (2), but the Court rejected Defendants' arguments. *See id.* at 37:13-16, 39:13-40:3.

As for point (3), Defendants argue that it was clear error for the Court to not "address the remaining issues in the Priority Date Motion[.]" *See* Objections at 4. But this is patently false. In fact, the Court specifically examined the issue of TWW's diligence. *See* R&R at 14 ("Furthermore, in the context of the Priority Date Motion, TWW's diligence is not at issue.") (quoting *Monsanto Co. v. Mycogen Plant Science, Inc.*, 261 F.3d 1356, 1362-63 (Fed. Cir. 2001) ("[A] showing of

4

diligence is necessary for a party who was first to conceive but second to reduce to practice.")). Relying on established and controlling case law, the Court found that "[t]o necessitate that TWW show diligence there *must* be an antedating reference[.]" R&R at 14 (quoting *ATI Techs. ULC v. Iancu*, 920 F.3d 1362, 1369 (Fed. Cir. 2019) ("The diligence requirement implements the principle that, to antedate a reference, the applicant *must* not only have conceived the invention before the reference date, but *must* have reasonably continued activity to reduce the invention to practice.") (emphasis added)). And because "Defendants' Priority Date Motion does not allege there is an antedating reference" the Court found that "TWW's diligence is not at issue." *Id*.

Like the unidentified claim or defense that would be implicated by deciding the '018 Patent's priority date, Defendants again claim that even though they did not identify the purported antedating reference in their MPSJ, it was clear error for the Court to not consider this unidentified reference. Defendants allege that even though they failed to identify the antedating reference to the Court, the R&R is in clear error and contrary to law, because Defendants assume—without support—that the antedating reference "was known to both parties."[2] Objection at 5. But Defendants fail to cite to any legal authority that supports their proposition that they are not required to identify the antedating reference.

### III. Conclusion

For at least the foregoing reasons, TWW respectfully requests that the Court affirm the R&R.

Respectfully Submitted,

Date: May 17, 2021

/s/ *Korula T. Cherian*
Korula T. Cherian

---

[2] Whether TWW discussed a particular reference is not relevant to whether Defendants' meet their burden to present an issue for the Court to decide on antedating a particular reference. Defendants' argument that TWW failed to address an issue (antedating) that Defendants did not even raise is without merit.

Robert Harkins
**RuyakCherian LLP**
1936 University Ave., Suite 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Robert F. Ruyak
Corrine Saylor Davis
J. Michael Woods
Jane Inkyung Shin
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
corrinesd@ruyakcherian.com
michaelw@ruyakcherian.com
janes@ruyakcherian.com

Elizabeth L. DeRieux
State Bar No. 05770585
**Capshaw DeRieux, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ederieux@capshawlaw.com

Mark Mann
Blake Thompson
**Mann | Tindel | Thompson**
300 West Main
Henderson, TX 75652
Office 903-657-8540
mark@themannfirm.com
blake@themannfirm.com

*Counsel for Plaintiff Team Worldwide Corporation*

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will automatically notify all registered counsel of record.

/s/ *Korula T. Cherian*
*Counsel for Plaintiff Team*
*Worldwide Corporation*
