# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS,<br><br>Defendant. | Case No. 2:19-cv-92-JRG-RSP<br><br>LEAD CASE |
| ACE HARDWARE CORPORATION,<br><br>AMAZON.COM, INC, AMAZON.COM LLC,<br><br>BED BATH & BEYOND INC.,<br><br>COSTCO WHOLESALE CORPORATION,<br><br>DICK'S SPORTING GOODS, INC.,<br><br>THE HOME DEPOT, INC.,<br><br>MACY'S, INC., MACY'S.COM, LLC,<br><br>TARGET CORPORATION, and TARGET BRANDS, INC.,<br><br>SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, and TRANSFORM HOLDCO LLC,<br><br>Defendants. | Case No. 2:19-cv-00093-JRG-RSP<br><br>Case No. 2:19-cv-00094-JRG-RSP<br><br>Case No. 2:19-cv-00095-JRG-RSP<br><br>Case No. 2:19-cv-00096-JRG-RSP<br><br>Case No. 2:19-cv-00097-JRG-RSP<br><br>Case No. 2:19-cv-00098-JRG-RSP<br><br>Case No. 2:19-cv-00099-JRG-RSP<br><br>Case No. 2:19-cv-00100-JRG-RSP<br><br>Case No. 2:20-cv-00006-JRG-RSP<br><br>CONSOLIDATED CASES |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF TWW'S AMENDED DEPOSITION DESIGNATIONS AND AMENDED TRIAL WITNESS LIST**

█████████████████████████████████

TWW's attempt to cast its belated and improper deposition designations as a "procedural quandary" of Defendants' making fails. The simple facts are: (1) TWW had at least *five opportunities* to designate Mr. Slate's testimony or call him as a witness in its case and failed to do so; (2) as TWW acknowledges, the alleged "crucially important" testimony TWW now seeks to introduce was *never designated*—either affirmatively or as a counter designation—prior to April 22, 2021; and (3) the "crucial" testimony regards an email between *two non-parties* about sales patterns at a non-party retailer. Moreover, TWW's new designations resurrect past disputes from the prior Wal-Mart litigations because Mr. Slate—in sworn testimony at the arbitration and before the U.S. Patent and Trademark Office—detailed how the e-mail on which TWW relies was misleading. The introduction of this testimony, as well as sales data that demonstrates the inaccuracies in Mr. Slate's email, will confuse the jury, require the introduction of testimony from proceedings the Court has already determined are out-of-bounds, and prejudice Defendants as they prepare for trial. For all these reasons, TWW's Amended Deposition Designations (ECF No. 386, "Designations") and Amended Trial Witness List (ECF No. 386-1, "Witness List") should be struck.

1.  **TWW Repeatedly Failed to Designate Mr. Slate's Deposition Testimony**

TWW does not dispute that it missed at least five opportunities to designate Mr. Slate's deposition testimony or name him as a witness. TWW did not designate Mr. Slate's testimony when deposition designations were due on January 29, 2021. TWW did not designate Mr. Slate's testimony when Defendants informed TWW they were withdrawing their own deposition designations for him on February 9, 2021. TWW did not designate Mr. Slate's testimony on March 2, 2021 when it proposed the (agreed) motion *in limine* limiting deposition testimony at trial to "only testimony that was properly designated by the parties," (ECF No. 348) or when the

1

█████████████████████████████████████

parties amended the agreed motions *in limine* on April 9, 2021, (ECF No. 377). TWW did not designate Mr. Slate's testimony on March 8, 2021, when the parties filed their Joint Pre-Trial Order, including deposition designations and witness lists. And TWW did not designate Mr. Slate's testimony at the pre-trial conference on April 13, 2021—which would have been the 30 days before scheduled trial as required by Rule 26(a)(3)(A)-(B).

TWW argues that its designations are not untimely because trial has now been rescheduled (ECF No. 409 at 3). Trial was rescheduled more than two weeks ***after*** TWW filed its untimely Designations and Witness List. On April 22, 2021 when TWW filed its amended designations, the parties were scheduled to pick a jury in less than seven days. Serendipity cannot excuse TWW's repeated failure to comply with the Federal Rules of Civil Procedure, this Court's Rules and Orders, or the parties' agreed motions *in limine*, nor does it render Defendants' Motion moot.

Because TWW's Amended Designations and Witness List were—and remain—untimely, the Court should grant Defendants' Motion to Strike.

    **2.**     **TWW's Untimely Evidence Is Not "Crucially Important"**

Tacitly acknowledging that its Amended Designations are untimely, TWW next argues that because of the importance of the evidence, it should not be excluded. But this "crucially important" testimony was undisputedly not a part of the case until April 22, 2021. (ECF 409 at 3 (acknowledging that TWW "later added certain amended designations").) The section of Mr. Slate's testimony discussing the October 20, 2017 email was ***never designated*** by either party. And although TWW claims Mr. Slate's testimony is necessary to provide "context"[1] for its

---

[1] The October 20, 2017 email is PTX-COM-0321, and TWW is incorrect that the Court's concern at the pre-trial hearing was "context" or "significance" (ECF No. 409 at 4). The Court's clearly stated concern was hearsay—"I don't think we will get past the hearsay objection. . . . I don't see

damages expert's lost profit analysis, TWW fails to provide a citation to Dr. Becker's opening report. (ECF No. 409 at 4.) Dr. Becker's undisclosed reliance on Mr. Slate's testimony for his lost profits analysis does not demonstrate that the untimely deposition designations are harmless. Rather, TWW appears to be attempting to spring both new deposition testimony and a new expert opinion on Defendants.

Moreover, the fact remains that the untimely deposition designations concern an employee of a non-party supplier discussing a non-party retailer (Wal-Mart). The newly-designated testimony includes the word "Wal-Mart" more than nine times, addresses Wal-Mart sales data, Wal-Mart department numbers, and Wal-Mart documents (e.g., Slate Exhibit 262) that are not in evidence. TWW's deposition designations of Mr. Slate are the only deposition testimony designated from the Wal-Mart case, and as discussed in Defendants' Motion, the Court's recent rulings have made clear that the present cases are distinct from the Wal-Mart case. Expanding the case at the eleventh hour risks substantial jury confusion and prejudice, and accordingly, TWW's Amended Designations and Witness List should be struck.

### 3. Defendants Are Prejudiced By TWW's New Designations

TWW argues that because Defendants timely designated Mr. Slate's testimony—before withdrawing those designations more than two months before TWW belatedly designated Mr. Slate's testimony—its brand-new deposition designations cannot prejudice Defendants. TWW is wrong. TWW's designations resurrect a dispute from the Wal-Mart case regarding Mr. Slate's October 20, 2017 email that Defendants reasonably believed was not an issue in the present case. Preparing to present that dispute to the jury—including designating rebuttal testimony from Mr.

---

how in the world you would expect to just use an email from a non-party witness without more." (ECF No. 407 at 71:14-25 (TWW answer omitted).)

3

████████████████████████████████████████████████

Slate's arbitration testimony, identifying rebuttal sales data exhibits, and accommodating that additional presentation of testimony in an already-compressed trial schedule—severely prejudices Defendants.

As background, during the arbitration and before the U.S. Patent and Trademark Office in the *inter partes* reviews, both parties presented substantial evidence and testimony regarding the Wal-Mart sales data and discussion in Mr. Slate's October 20, 2017 email. At the arbitration, Mr. Slate testified that his email was directed to ███████████████████████████████ ████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████. (Ex. 4 (Slate Arb. Tr.) at 237:12-241:1.) Before the PTAB, in a sworn declaration, Mr. Slate explained that sales data demonstrates "whether or not the pump is attached to the airbed is not the reason Intex's sales have increased," but rather, sales increased because of Intex's Dura-Beam® technology, marketing, █████████████████████████████████████████████████████████ ██████ (Ex. 5 (Slate IPR Decl.) at ¶ 22.) That testimony refutes the newly designated testimony and underlying email in question (which TWW steadfastly ignores with its efforts to use this testimony and email for a confusing, misleading purpose). Equivalent testimony and exhibits would be required in the present case if TWW were permitted to present its skewed reading of Mr. Slate's 2017 email, taking up valuable trial time to discuss sales and marketing of non-parties and presenting a real risk of juror confusion.

TWW's belated attempt to present a confusing side-show to the jury—for an irrelevant document or, at best, a document for which any shred of relevance it may have is outweighed by substantial risks of misleading and confusing the jury—should be prevented.

Accordingly, Defendants respectfully request that the Court grant the present Motion and

4

strike TWW's Amended Deposition Designations (ECF No. 386) and Amended Trial Witness List (ECF No. 386-1.)

Dated: May 13, 2021              Respectfully submitted,

        */s/ Bethany N. Mihalik*
Charles Everingham IV
State Bar No. 00787447
**WARD SMITH & HILL, PLLC**
P.O. Box 1231
Longview, TX 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
Email: ce@wsfirm.com

*Counsel for Defendants Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

**FAEGRE DRINKER BIDDLE & REATH LLP**
R. Trevor Carter (admitted in E.D. Texas)
trevor.carter@faegredrinker.com
Andrew M. McCoy (admitted in E.D. Texas)
andrew.mccoy@faegredrinker.com
Reid E. Dodge (admitted in E.D. Texas)
reid.dodge@faegredrinker.com
300 N. Meridian St., Suite 2500
Indianapolis, IN 46204
(317) 237-0300 (telephone)
(317) 237-1000 (facsimile)

Lauren M.W. Steinhaeuser (admitted in E.D. Texas)
lauren.steinhaeuser@faegredrinker.com
90 S. Seventh St., Suite 2200
Minneapolis, MN 55402
(612) 766-7000 (telephone)

Bethany N. Mihalik (admitted in E.D. Texas)
bethany.mihalik@faegredrinker.com

██████████████████████████████

1500 K Street NW, Suite 1100
Washington, DC 20005
Tel: 202-312-7440

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

 /s/ John S. Artz
**DICKINSON WRIGHT PLLC**
John S. Artz
jsartz@dickinsonwright.com
350 S. Main St., Suite 300
Ann Arbor, MI 48104
(734) 623-7075

Steven A. Caloiaro
scaloiaro@dickinsonwright.com
100 W. Liberty St., Suite 940
Reno, NV 8951
(775) 343-7500

Peter E. Doyle
pdoyle@dickinsonwright.com
2600 W. Big Beaver Rd., Suite 300
Troy, MI 48084-3312
(248) 205-5978

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors and Target Corporation*


Michael C. Smith
State Bar No. 18650410
Siebman, Forrest, Burg & Smith, LLP
113 E. Austin St.
Marshall, TX 75671
Office: 903-938-8900
michael.smith@siebman.com

██████████████████████████████

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Amazon.com, Inc. and Amazon.com LLC; Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Dick's Sporting Goods, Inc.; Macy's Retail Holdings, Inc. and Macy's.com, LLC; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; and Target Corporation*

 /s/ Robert T. Cruzen
Robert T. Cruzen
**KLARQUIST SPARKMAN LLP**
One World Trade Center
121 SW Salmon St., Suite 1600
Portland, OR 97204
*Counsel for Defendants Amazon.com, Inc. and Amazon.com LLC*

 /s/ Walter Hill Levie III
John W. Harbin
Gregory J. Carlin
Walter Hill Levie III
**MEUNIER CARLIN & CURFMAN LLC**
999 Peachtree St. NE, Suite 1300
Atlanta, GA 30309

*Counsel for Defendants Bed Bath & Beyond Inc.; Costco Wholesale Corporation; and Macy's Retail Holdings, Inc. and Macy's.com, LLC*

██████████████████████████████████

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically, under seal, in compliance with Local Rule CV-5(a)(7).  Complete and unredacted copies of this document and Exhibits 4 and 5 were served on counsel of record, all of whom have consented to electronic service, via email on May 13, 2021.

/s/ *Bethany N. Mihalik*

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing document is filed under seal pursuant to the Protective Order (Dkt. 94).

/s/ *Bethany N. Mihalik*