# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, | |
| Plaintiff, | Case No. 2:19-cv-92-JRG-RSP |
| v. | LEAD CASE |
| ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS, | |
| Defendant. | |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC, AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| THE HOME DEPOT, INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, and TARGET BRANDS, INC., | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, and TRANSFORM HOLDCO LLC, | Case No. 2:20-cv-00006-JRG-RSP |
| Defendants. | CONSOLIDATED CASES |

**<u>DEFENDANTS' OBJECTIONS TO ORDER ON MOTIONS *IN LIMINE*</u>**

Pursuant to Federal Rule 72 and Local Rule CV-72(b), Defendants hereby object to the Magistrate Judge's Order on Motions *in Limine*. (ECF No. 394 ("Order").) Specifically, Defendants object to the rulings regarding Plaintiff's motion *in limine* No. 8 and Defendants' motion *in limine* No. 16.

By granting Plaintiff's motion *in limine* No. 8, the Magistrate Judge excluded reference to the prosecution history, "since disclaimer and estoppel are not jury issues." (Order, at 4.) However, Defendants had intended to use the prosecution histories to show the jury TWW's admissions related to many issues. *See* FED. R. EVID. 801(d)(2)(A), (D); *i4i Ltd. P'ship v. Microsoft Corp.*, 670 F. Supp. 2d 568, 587 (E.D. Tex. 2009), *aff'd as modified*, 589 F.3d 1246 (Fed. Cir. 2009), *opinion withdrawn & superseded on reh'g*, 598 F.3d 831 (Fed. Cir. 2010), 564 U.S. 91 (2011) (discussing prosecution history of patent); *Mintz v. Dietz & Watson, Inc.*, 679 F.3d 1372, 1381-82 (Fed. Cir. 2012) ("Mintz's argument [during prosecution] for why [a prior art reference] lacks the 'intersecting in locking engagement' claim limitation applies similarly to explain why [defendant]'s accused products also lack that claim limitation."); *Cook Grp. Inc. v. Boston Sci. Scimed, Inc.*, 809 F. App'x 990, 1000 (Fed. Cir. Apr. 30, 2020) ("It is well established, however, that a statement made by a party in an individual or representative capacity may be offered as evidence against that party."); *cf. Commonwealth Sci. & Indus. Rsch. Organisation v. Mediatek Inc.,* No. 6:12-CV-578, 2015 WL 12806515, at *3 (E.D. Tex. June 29, 2015) ("Defendants' experts may use statements from the prosecution history to support their contention that the accused structure is not equivalent.").

For example, Defendants had intended to use the prosecution histories to show the jury TWW's admissions regarding the application of the claims (using the same constructions adopted by the Court) to prior art. *See, e.g., Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd.*, 357 F.3d 1319,

1

1334 (Fed. Cir. 2004) (noting that it is "elementary in patent law" that an invalidity assessment is a two-step process, including (1) construing the claims, and (2) applying that construction to the prior art) (citation omitted). Defendants also intended to use the prosecution histories to show the jury TWW's admissions regarding facts relevant to the nexus inquiry for secondary considerations. The prosecution history may, likewise, help the jury weigh a testifying expert's opinion about how a person of ordinary skill in the art would have understood the claimed inventions and whether two references would have been obvious to combine. *See, e.g.*, *McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1352 (Fed. Cir. 2001) (discussing trial evidence of examiner's consideration of references). Respectfully, if Defendants are precluded from relying on this evidence, either in its affirmative case or in cross-examining TWW's experts, TWW would have the ability to take factual positions before the jury that are inconsistent with factual positions it took during prosecution, simply because the patentee made an inconsistent statement inside the file history instead of outside of it. Allowing the jury to consider and weigh evidence of such inconsistencies prevents this injustice; therefore, Defendants object to the Magistrate Judge's ruling regarding Plaintiff's motion *in limine* No. 8.

Conversely, by denying Defendants' motion *in limine* No. 16, the Magistrate Judge is allowing TWW to argue claim construction to the jury—specifically, that the asserted claims are limited to "airbeds" instead of "inflatable products." (Order, at 9.) This is highly prejudicial to Defendants. Indeed, "it is improper to argue claim construction to the jury because the 'risk of confusing the jury is high[.]'" *Cordis Corp v. Boston Scientific Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009) (citation omitted). Therefore, Defendants object to the Magistrate Judge's ruling regarding Defendants' motion *in limine* No. 16.

2

Dated: May 18, 2021                        Respectfully submitted,

       /s/ Reid E. Dodge
Charles Everingham IV
State Bar No. 00787447
**WARD SMITH & HILL, PLLC**
P.O. Box 1231
Longview, TX  75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
Email: ce@wsfirm.com

*Counsel for Defendants Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

**FAEGRE DRINKER BIDDLE & REATH LLP**
R. Trevor Carter (admitted in E.D. Texas)
trevor.carter@faegredrinker.com
Andrew M. McCoy (admitted in E.D. Texas)
andrew.mccoy@faegredrinker.com
Reid E. Dodge (admitted in E.D. Texas)
reid.dodge@faegredrinker.com
300 N. Meridian St., Suite 2500
Indianapolis, IN  46204
(317) 237-0300 (telephone)
(317) 237-1000 (facsimile)

Lauren M.W. Steinhaeuser (admitted in E.D. Texas)
lauren.steinhaeuser@faegredrinker.com
90 S. Seventh St., Suite 2200
Minneapolis, MN  55402
(612) 766-7000 (telephone)

Bethany N. Mihalik (admitted in E.D. Texas)
bethany.mihalik@faegredrinker.com
1500 K Street NW, Suite 1100
Washington, DC 20005
Tel: 202-312-7440

3

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

  */s/ John S. Artz*
**DICKINSON WRIGHT PLLC**
John S. Artz
jsartz@dickinsonwright.com
350 S. Main St., Suite 300
Ann Arbor, MI  48104
(734) 623-7075

Steven A. Caloiaro
scaloiaro@dickinsonwright.com
100 W. Liberty St., Suite 940
Reno, NV  8951
(775) 343-7500

Peter E. Doyle
pdoyle@dickinsonwright.com
2600 W. Big Beaver Rd., Suite 300
Troy, MI 48084-3312
(248) 205-5978

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors and Target Corporation*


  */s/ Robert T. Cruzen*
Robert T. Cruzen
**KLARQUIST SPARKMAN LLP**
One World Trade Center
121 SW Salmon St., Suite 1600
Portland, OR 97204
*Counsel for Defendants Amazon.com, Inc. and Amazon.com LLC*


  */s/ Walter Hill Levie III*
John W. Harbin
Gregory J. Carlin

4

Walter Hill Levie III
**MEUNIER CARLIN & CURFMAN LLC**
999 Peachtree St. NE, Suite 1300
Atlanta, GA  30309

*Counsel for Defendants Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Macy's Retail Holdings, Inc. and Macy's.com, LLC; Target Corporation; and Amazon.com, Inc. and Amazon.com LLC*

Michael C. Smith
State Bar No. 18650410
Siebman, Forrest, Burg & Smith, LLP
113 E. Austin St.
Marshall, TX  75671
Office: 903-938-8900
michael.smith@siebman.com

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Amazon.com, Inc. and Amazon.com LLC; Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Dick's Sporting Goods, Inc.; Macy's Retail Holdings, Inc. and Macy's.com, LLC; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; and Target Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on counsel of record, all of whom have consented to electronic service, on this 18th Day of May, 2021.

/s/ *Reid E. Dodge*