# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, | |
| Plaintiff, | Case No. 2:19-cv-92-JRG-RSP |
| v. | LEAD CASE |
| ACADEMY, LTD D/B/A ACADEMY SPORTS + OUTDOORS, | |
| Defendant. | |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC, AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| THE HOME DEPOT, INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S RETAIL HOLDINGS, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, TRANSFORM SR LLC, AND TRANSFORM KM LLC, | Case No. 2:20-cv-00006-JRG-RSP |
| | CONSOLIDATED CASES |
| Defendants. | |

**PLAINTIFF TEAM WORLDWIDE CORPORATION'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON DEFENDANTS' MOTION TO STRIKE (DKT. NO. 394)**

Plaintiff Team Worldwide Corporation ("TWW") respectfully objects to the Magistrate Judge's Order on Defendants' Motion to Strike References to the Prior Wal-Mart Infringement Notice and Arbitration Infringement Findings (Dkt. No. 394 at 2). Since the Magistrate Judge's Order, the circumstances surrounding this decision have changed. During the April 13, 2021 pretrial conference, the Court declined to treat the "Walmart's Notice Regarding Infringement Defense" ("Infringement Admission") filed by Intex, Coleman, and Bestway (collectively "Manufacturers") in the Walmart Litigation as a hearsay exception. Although the Infringement Admission is a statement against interest the Court stated that, because the manufacturer witnesses were available, the exception did not apply. Subsequent to the pretrial conference, Defendants informed the Court and TWW that these Manufacturer witnesses would not testify live. As these witnesses are outside the subpoena power of the Court, the witnesses are unavailable and the hearsay exception for the Infringement Admission now applies.

Moreover, as discussed below, the Infringement Admission is highly probative of TWW's willfulness case against all Defendants and its infringement case. In addition, the Infringement Admission is central to the case as it is discussed in expert reports and numerous depositions. Accordingly, TWW respectfully requests that this Court reject the ruling on Defendants' motion to strike references to the Infringement Admission.

## I. The Notice of Infringement is a Statement Against Interest and, as Circumstances Have Changed, an Exception to Hearsay Under Rule 804

In this action, the Infringement Admission is considered a statement against the interests of third-party witness Manufacturers who are beyond the subpoena power of this Court and, therefore, unavailable under Rule 804. Rule 804 permits, under the statement against interest exception, the admission of "[a] statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal

1

liability […] that a reasonable man in his position would not have made the statement unless he believed it to be true." *United States v. Briscoe*, 742 F.2d 842, 846 (5th Cir. 1984) (quoting Fed. R. Evid. 804(b)(3)(A)). The statement against interest exception is only available if the declarant is unavailable. A declarant is considered unavailable as a witness if "the declarant is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure the declarant's attendance or testimony, in the case of a hearsay exception under Rule 804(b)(2), (3), or (4)." Fed. R. Evid. 804(a)(5)(B).

Such exception is applicable to the Infringement Admission and it should not be excluded. In this case, the circumstances have changed since the April 13, 2021 pretrial conference when the Magistrate Judge heard arguments on the underlying motion (Dkt. No. 213). At the pretrial conference, in response to TWW's argument that the Infringement Admission is a statement against the Manufacturers' interest, the Magistrate Judge asked TWW's counsel: "And are [the Manufacturers] unavailable? Isn't a prerequisite to reliance on the statements against interest that's in Rule 804, not 803, isn't it?" (Apr. 13, 2021 Pretrial Conference Hearing Tr. at 20:23-25). At the time, Defendants had the Manufacturers listed on their witness lists for trial as "may call" witnesses. Subsequent the pretrial conference, Defendants informed TWW and the Court that these Manufacturer witnesses (and others) would not be testifying live. Because the Manufacturers are no longer testifying live voluntarily through Defendants and they are beyond the court's subpoena power, the Manufacturers are unavailable for purposes of Rule 804. *Moss v. Ole S. Real Estate, Inc.*, 933 F.2d 1300, 1311 n.11 (5th Cir. 1991) ("Johnson is unavailable as a witness because she is outside the court's subpoena power.") (citing Fed. R. Evid. 804(a)(4)); *Wilson v. Seven Seventeen HB Phila. Corp. No. 2*, No. 99-CV-1729, 2003 U.S. Dist. LEXIS 21072, at *12 (E.D. Pa. Nov. 14, 2003) ("any witness outside the subpoena power of this Court (within 100 miles of

this District) is unavailable under Rule 804(a)(5)[.]"); *Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, Civil Action No. 97-529 MMS, 2000 U.S. Dist. LEXIS 997, at *15 (D. Del. Jan. 13, 2000) (courts distinguish between the unavailability of expert and fact witnesses and find fact witnesses unavailable simply because they are beyond the court's subpoena power); *see also Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982); *Tex. & P. R. Co. v. Reagan*, 118 F. 815, 817 (5th Cir. 1902). The fact that these witnesses are beyond the subpoena power of this Court's makes it unfeasible for TWW to present the admission of Manufacturers' infringement "in the normal way, which is to get witnesses and have them testify under oath." (Apr. 13, 2021 Pretrial Conference Tr. at 22:11-14).

Next, the Manufacturers' admission that their accused products infringed TWW's patent claims in a public court filing (*see Team Worldwide Corp. v. Walmart Stores, Inc.*, et al., 2-17-cv-235, (E.D. Tex.), Dkt. No. 441) was contrary to their pecuniary interests and had the potential of exposing them to civil liability. In fact, the *Walmart* case, in which Manufacturers were indemnifying defendants (just as they are indemnifying Defendants in this consolidated action), promptly settled following the filing of the Infringement Admission. Further, the fact that this admission was made in a public filing with this Court strongly suggests that Manufacturers would not have made the damaging statements on the public record for the world to see unless the statements were true. *Williamson v. United States*, 512 U.S. 594, 611 (1994) ("The rationale of the hearsay exception for statements against interest is that people seldom 'make statements which are damaging to themselves unless satisfied for good reason that they are true.'") (quoting Advisory Committee's Notes on Fed. Rule Evid. 804); *see also United States v. Gonzalez*, 559 F.2d 1271, 1273 (5th Cir. 1977) (finding out-of-court statements against interest admissible). For

these reasons, the Infringement Admission is admissible as a statement against interest under Rule 804 and should be considered by the jury at trial.

## II. The Infringement Notice Should be Admissible as Highly Probative to TWW's Willfulness and Infringement Case

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403's scope is narrow" and its application "'must be cautious and sparing'" as its "'major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007) (quoting *United States v. Pace*, 10 F.3d 1106, 1116 (5th Cir. 1993)).

The September 16, 2018 Infringement Admission establishes that Defendants were on notice that the Manufacturers admitted that many of the exact same accused products in this case infringed the asserted patent, specifically, airbeds with the Intex 619A pump and the Bestway P3042 pump. Rather than taking any corrective action and commercially reasonable steps upon learning of either of these determinations, Defendants plowed ahead and sold millions of dollars of the accused products. Thus, the Infringement Admission is highly probative of TWW's willfulness and infringement case. The fact that the Defendant retailers were not parties to the Walmart case does not make the admissions by intervenor indemnifiers Intex, Bestway, and Coleman irrelevant. It is worth noting that the same counsel representing manufacturer intervenors in the Walmart action are representing the Defendants in this case. In fact, they are challenging the very same infringement that their Manufacturers admitted before, and are having their third bite at

4

the invalidity apple. For these reasons, TWW requests that the Magistrate Judge's grant of Defendants' motion to strike be overturned.

**III.    The Infringement Admission is Embedded in This Case**

The Infringement Admission has been cited heavily throughout every stage of this litigation. At the outset, the Admission was made a part of the public record in this case when it was attached to each Complaint served on Defendants. The Admission was also discussed in detail in the parties' expert reports, including the report of TWW's technical expert, Dr. Glen Stevick, who used the Admission to support his analysis on infringement. It was also the subject of most of the depositions taken in this case whereby each deponent provided testimony about its existence and impact on this consolidated action. Because it is central to so many elements of this action, the Infringement Admission should not now be excluded.

**IV.    Conclusion**

For the foregoing reasons, TWW respectfully requests that the Court reject the ruling on Defendant's Motion to Strike References to the Prior Wal-Mart Infringement Notice and Arbitration Infringement Findings (Dkt. No. 394 at 2).

Dated: May 18, 2021

Respectfully submitted,
/s/ *Korula T. Cherian*
Robert Ruyak
Corrine Saylor Davis
J. Michael Woods
Jane Inkyung Shin
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
robertr@ruyakcherian.com
corrinesd@ruyakcherian.com
michaelw@ruyakcherian.com
janes@ruyakcherian.com

Korula T. Cherian
Robert Harkins

5

**RuyakCherian LLP**
1936 University Ave., Ste. 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Elizabeth L. DeRieux
State Bar No. 05770585
**Capshaw DeRieux, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ederieux@capshawlaw.com

*Counsel for Plaintiff Team Worldwide Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 18th day of May 2021 with a copy of this document via CM/ECF.

*/s/ Korula T. Cherian*