IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> ACADEMY, LTD d/b/a ACADEMY SPORTS § <br> + OUTDOORS, § <br> § <br> *Defendant*. § | Case No. 2:19-cv-00092-JRG-RSP <br> LEAD CASE |

### REPORT AND RECOMMENDATION

Before the Court is the Motion for Partial Summary Judgment on *Res Judicata* ("Motion") filed by Defendants Academy Ltd. d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Amazon.com, Inc.; Amazon.com, LLC; Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Dick's Sporting Goods, Inc.; Home Depot Product Authority, LLC; Home Depot U.S.A., Inc.; Macy's Inc.; Macy's.com, LLC; Target Corporation; Sears, Roebuck and Co.; Sears Holding Corporation; Transform SR LLC; and Transform KM LLC (collectively, "Defendants"). **Dkt. No. 126**.

Defendants' Motion asks the Court to bar the claims in the above-captioned matter for *res judicata* based on the limited intervention by Bestway, Coleman, and Intex in a prior case against Wal-Mart. Dkt. No. 126 at 6; *see Team Worldwide Corporation v. Wal-Mart Stores, Inc. et al*, Case No. 2:17-cv-00235-JRG (the "*Wal-Mart Case*").

### I.   BACKGROUND

The above-captioned matter follows a previous lawsuit by Plaintiff Team Worldwide Corporation ("TWW") against Wal-Mart. Dkt. No. 126 at 7; *Wal-Mart Case,* Dkt. No. 1 (E.D. Tex. Mar. 29, 2017). In the *Wal-Mart Case*, TWW accused Wal-Mart of infringing U.S. Patent No. 9,211,018 (the "'018 Patent"). Intex Recreation Corp. and Intex Trading Ltd. (collectively, "Intex"), Coleman Company, Inc. ("Coleman"), and Bestway (USA), Inc. ("Bestway") (collectively,

1

"Intervenors") intervened in the *Wal-Mart Case* due to indemnification agreements with Wal-Mart. *Wal-Mart Case*, Dkt. No. 84 at 1–3.

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

### B. *Res Judicata*

*Res judicata*, also known as claim preclusion, has four necessary elements: "(1) the parties must be identical in the two suits; (2) the prior judgment must have been rendered by a court of competent

jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases." *Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1172 (5th Cir. 1992) (citing *Meza v. General Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990); *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990); *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983) (*en banc*)). "Where the four elements of the *res judicata* test are met, we must also determine whether 'the previously unlitigated claim could or should have been brought in the earlier litigation.'" *In re Paige*, 610 F.3d 865, 870 (5th Cir. 2010) (citations omitted).

To satisfy the identity element, strict identity of parties is not necessary. A non-party defendant can assert *res judicata* so long as it is in "privity" with the named defendant. *Id.* at 1173 (citing *Nevada v. United States,* 463 U.S. 110, 129 (1983); *Baylor v. HUD,* 913 F.2d 223, 225 (5th Cir. 1990)). "'Privity' is recognized as a broad concept, which requires us to look to the surrounding circumstances to determine whether claim preclusion is justified." *Id.* "A non-party is in privity with a party for res judicata purposes in three instances: (1) if he is a successor in interest to the party's interest in the property; (2) if he controlled the prior litigation; or (3) if the party adequately represented his interests in the prior proceeding." *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990) (citing *Benson & Ford, Inc. v. Wanda Petroleum,* 833 F.2d 1172 (5th Cir. 1987); *Southwest Airlines Co. v. Texas International Airlines,* 546 F.2d 84 (5th Cir. 1977), *cert. denied,* 434 U.S. 832 (1977)).

### III. ANALYSIS

Defendants assert *res judicata* precludes the claims in the above-captioned matter as they are claims TWW could have raised in TWW 2. Dkt. No. 126 at 13–17. Regarding the identity requirement of *res judicata*, Defendants argue identity is met by privity between the Intervenors and Defendants created by a contractual indemnification agreement. *Id.* at 13 (citing *Russel*, 962 F.2d at 1773; *In re PersonalWeb Techs., LLC, et al. Patent Litig.*, 2019 WL 1455332, at *9 (N.D. Cal. Apr. 2, 2019), *aff'd,* 2020 WL 3261168 (Fed. Cir. June 17, 2020)).

3

Defendants argue although TWW denied Requests for Admission directed to privity, "TWW has not hesitated to rely on the indemnification relationship between Defendants and the TWW 2 Intervenors when it suits its own purposes." *Id.* at 14 (citing Dkt. No. 129-2 at ¶ 9; *Team Worldwide Corporation v. Sears, Roebuck and Co. et al.*, Dkt. No. 1; Dkt. No. 28 at 7). For example, at the February 12, 2020 Motion Hearing before the Court regarding TWW's Motion to Lift the Stay and proceed with a severed case, counsel for Team Worldwide argued, "[t]o the extent that the retailers are indemnified and we're talking about the same devices and the indemnitors are in privity with the retailers, then they probably will be bound by the same admissions from the other case." Dkt. No. 28 at 7. Defendants contend, "TWW cannot now try to minimize the relationship between Defendants and the TWW 2 Intervenors simply to suit its own litigation strategy." Dkt. No. 126 at 14 (citing *SpeedTrack*, 2014 WL 1813292, at *6; *In re Testmasters Trademark Litig.*, 2006 WL 8445513, at *8 (S.D. Tex. Sept. 28, 2006), *aff'd sub nom. Robin Singh Educ. Servs. Inc. v. Excel Test Prep Inc.*, 274 F. App'x 399 (5th Cir. 2008)).

TWW argues Defendants failed to cite the indemnification agreements at issue in this case, and upon which the argument for privity is based, which alone mandates denial of their motion. Dkt. No. 142 at 16. TWW contends the privity issue is "entirely unclear" both from the *Wal-Mart Case* and here. *Id.* at 17.

"A non-party is in privity with a party for res judicata purposes in three instances: (1) if he is a successor in interest to the party's interest in the property; (2) if he controlled the prior litigation; or (3) if the party adequately represented his interests in the prior proceeding." *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990) (citing *Benson & Ford, Inc. v. Wanda Petroleum,* 833 F.2d 1172 (5th Cir. 1987); *Southwest Airlines Co. v. Texas International Airlines,* 546 F.2d 84 (5th Cir. 1977), *cert. denied,* 434 U.S. 832 (1977)).

TWW asserts the *Wal-Mart* Intervenors have no interest in property to offer Defendants

because the *Wal-Mart* Intervenors limited their exposure and the settlement agreement confers rights only upon Wal-Mart and the *Wal-Mart* Intervenors for Wal-Mart Sales. Dkt. No. 142 at 17. TWW contends Wal-Mart was represented by its own independent counsel, that the case involved multiple different suppliers that did not control the case, and the decisions in that case regarding Wal-Mart's defense were Wal-Mart's, not the Intervenors'. *Id.* TWW further asserts the *Wal-Mart Case* never addressed Defendants' sales, nor could it have, and as such Defendants' interests could not have been adequately represented by the *Wal-Mart* Intervenors.

TWW notes Defendants in this case have disputed infringement whereas Wal-Mart and the Intervenors admitted infringement. *Id.* TWW argues that if there was overlapping privity, Defendants in this lawsuit would be barred from asserting non-infringement and their own actions operate as evidence of no privity. *Id.* TWW also contends Defendants are trying to use privity as both a sword and a shield by claiming privity to deny TWW claims while submitting invalidity contentions, re-arguing claim construction, and refusing to be bound by the *Wal-Mart* Intervenors' admissions of infringement in the *Wal-Mart Case*. *Id.* at 18.

In their answers in intervention in the *Wal-Mart Case*, the Intervenors explicitly stated their intervention in this case is limited to defending claims arising out of Wal-Mart's sales of intervenor branded air mattresses accused of infringement by TWW. Dkt. No. 142-4 at 2; Dkt. No. 142-5 at 2; Dkt. No. 142-6 at 1. During a motion hearing regarding a motion to amend the *Wal-Mart Case* docket control order, and as part of an argument as to whether the Intervenors could bring invalidity contentions, Judge Gilstrap thoroughly discussed the role of the Intervenors in the *Wal-Mart Case*:

> [I]f the intervenors are going to by their answer limit their participation to defending and supporting Walmart and its conduct, then you ought to be bound by the invalidity contentions that Walmart's put forward. . . . You should either be in this case solely to defend Walmart and -- and stand behind Walmart as regards liability and damages, in which case you should be bound by what Walmart's invalidity contentions are, or if you're not going to do that and if the scope is not going to be as limited

> as you've indicated in your answers, then perhaps you are entitled to some relief here, but I don't think you get to have it both ways. I don't think you get to have the added relief that you're seeking but then have the narrowing protections of standing or attempting to stand solely behind Walmart for all other purposes. . . . [I]f the intervenors are serious about limiting their participation and exposure, as they've indicated in their answer, then they're going to be limited to the invalidity contentions that Walmart, who they're hiding behind -- or not hiding behind, but standing behind, has urged. . . . do the intervenors want to step out from behind the shadow of Walmart and expose themselves to potentially damages beyond Walmart sales but get the right to expand your invalidity contentions, or do you want to live with narrowed invalidity contentions in return for limited exposure behind the sales that only go through Walmart?

Dkt. No. 142-8 at 44–48.

In that same hearing, counsel for Team Worldwide stated, "Our infringement contentions say in them that they're about Walmart. The -- every brief that we've filed in this case against the intervention -- so this case is just about Walmart. The -- the contentions just say Walmart." *Id.* at 50. Accordingly, Judge Gilstrap ordered that "the now operative Amended Invalidity Contentions apply equally to both Walmart and the Intervenor-Defendants as Joint Invalidity Contentions created and served by both Walmart and the Intervenor-Defendants" and did not grant the Intervenors entitlement to separate invalidity contentions. Dkt. No. 142-9 at 15. Further, the Settlement Agreement explicitly limited the payment to "lost sales by TWW that would have resulted in Past Sales by Walmart of the Covered Products" and explicitly waived, released, and discharged Intervenors "only for Covered Products sold at retail by Walmart in the United States as set forth in this Agreement." Dkt. No. 142-10 at 4–5.

The Court finds that it is clear from the record that, for the purposes of *res judicata*, there is no identity of the parties. Regardless of privity for other purposes, the Intervenors very clearly made a strategic decision in the *Wal-Mart Case* to limit their participation to defending and supporting Wal-Mart and its conduct. That decision came with its share of positive and negative consequences. As very

explicitly stated in the Settlement Agreement, the *Wal-Mart Case* was limited to "lost sales by TWW that would have resulted in Past Sales by Walmart of the Covered Products" and explicitly waived, released, and discharged Intervenors "only for Covered Products sold at retail by Walmart in the United States as set forth in this Agreement." Dkt. No. 142-10 at 4–5. Accordingly, the Court finds that *res judicata* does not apply.

### IV.   CONCLUSION

Therefore, IT IS RECOMMENDED that Defendants' Motion (Dkt. No. 126) be denied.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report by **May 31, 2021**, bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 20th day of May, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE