# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TEAM WORLDWIDE CORPORATION<br><br>*Plaintiff*,<br><br>v.<br><br>ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS,<br><br>*Defendant*. | § § § § § § § § § § § § | Case No. 2:19-cv-00092-JRG-RSP<br>(LEAD CASE) |
| ACE HARDWARE CORPORATION,<br><br>*Defendant*. | § § § § | Case No. 2:19-cv-00093-JRG-RSP<br>(MEMBER CASE) |
| AMAZON.COM, INC. and AMAZON.COM LLC,<br><br>*Defendants*. | § § § § § § | Case No. 2:19-cv-00094-JRG-RSP<br>(MEMBER CASE) |
| BED BATH & BEYOND INC.,<br><br>*Defendant*. | § § § § § | Case No. 2:19-cv-00095-JRG-RSP<br>(MEMBER CASE) |
| COSTCO WHOLESALE CORPORATION,<br><br>*Defendant*. | § § § § § § | Case No. 2:19-cv-00096-JRG-RSP<br>(MEMBER CASE) |
| DICK'S SPORTING GOODS, INC.,<br><br>*Defendant*. | § § § § § | Case No. 2:19-cv-00097-JRG-RSP<br>(MEMBER CASE) |
| THE HOME DEPOT, INC.,<br><br>*Defendant*. | § § § § § | Case No. 2:19-cv-00098-JRG-RSP<br>(MEMBER CASE) |
| MACY'S, INC. and MACY'S.COM, LLC,<br><br>*Defendants*. | § § § § § | Case No. 2:19-cv-00099-JRG-RSP<br>(MEMBER CASE) |

1

| | § | |
|---|---|---|
| TARGET CORPORATION AND TARGET BRANDS, INC., | §<br>§<br>§ | Case No. 2:19-cv-00099-JRG-RSP<br>(MEMBER CASE) |
| *Defendants.* | §<br>§ | |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, and TRANSFORM SR LLC, TRANSFORM KM LLC, | §<br>§<br>§<br>§<br>§ | Case No. 2:20-cv-00006-JRG-RSP<br>(MEMBER CASE) |
| *Defendants.* | §<br>§ | |

# ORDER

The Court held a Pretrial Conference in the above-captioned case on April 13, 2021, regarding motions *in limine* filed by Defendants Academy, Ltd. d/b/a Academy Sports + Outdoors, Ace Hardware Corporation, Amazon.com, Inc., Amazon.com LLC, Bed Bath & Beyond Inc., Costco Wholesale Corporation, Dick's Sporting Goods, Inc., Home Depot Product Authority, LLC, Macy's Retail Holdings, Inc., Macy's.com, LLC, Target Corporation, Sears, Roebuck and Co., Sears Holdings Corp., Transform SR LLC, and Transform KM LLC (collectively, the "Defendants"). Dkt. No. 350. At the Pretrial Conference, the Court deferred ruling on Defendants' Motion *in Limine* No. 1 ("MIL No. 1") until the Court made a ruling on Defendants' Consolidated Motion for Partial Summary Judgment of No Early Priority Date ("Priority Date Motion"). Dkt. No. 394 at 5[1]. The Court denied Defendants' summary judgment motion without reaching the merits. *See generally* Dkt. No. 393. Accordingly, the Court takes up Defendants' MIL No. 1.

Defendants move the Court to exclude TWW from referencing U.S. Pat. No. 6,332,760 ("'760 Patent") or insinuating an earlier priority date of the '018 Patent. Dkt. No. 350 at 7. MIL No. 1 is **DENIED**.

---

[1] Citations are to the document numbers and page numbers assigned through ECF.

Defendants argue MIL No. 1 should be granted because the "evidence and argument concerning the '760 patent is irrelevant to the priority date of the '018 patent. . . . and evidence and argument concerning the '760 patent and the priority date of the '018 patent should also be excluded under FRE 403;" Defendants also urge the Court to rely on the briefing in the Priority Date Motion. *Id*. (parenthetical omitted). In response, TWW states "Defendants' motion should be denied . . . . This question has been fully briefed for a summary judgment motion and should be decided there." Dkt. No. 355 at 5–6.

After review of the MIL No. 1 briefing and Priority Date Motion briefing, the Court overrules Defendants' Fed. R. Evid. 401 and 403 objections. Even if taken as true that the inventor "did not see[] anything that could support the asserted claims of the '018 patent in the '760 patent and [he] described it as not related to '018 patent," that is not dipositive. Dkt. No. 350 (internal quotations omitted) (quoting Dkt. 208-3 at 6). The intrinsic scope of the patent is not controlled by the inventor's statements. The '760 Patent therefore has not been shown to be irrelevant to the issue of determining a priority date. As to any concerns under Fed. R. Evid. 403, the Court is unconvinced that allowing evidence of the '760 Patent will impose an undue prejudice or mislead the jury.

In the Priority Date Motion briefing, the Defendants state 35 U.S.C. § 104(a)(1) limits the uses of TWW's evidence. 35 U.S.C. § 104(a)(1) states:

> PROCEEDINGS.—In proceedings in the Patent and Trademark Office, in the courts, and before any other competent authority, an applicant for a patent, or a patentee, may not establish a date of invention by reference to knowledge or use thereof, or other activity with respect thereto, in a foreign country other than a NAFTA country or a WTO member country, except as provided in sections 119 and 365.

In *Realtek Semiconductor Corp. v. Marvell Semiconductor, Inc.*, No. C-04-4265-MMC, 2005 U.S. Dist. LEXIS 39332, 2005 WL 3634617 (N.D. Cal. Nov. 18, 2005), the Court offered a succinct

3

application of § 104(a)(1). *See Realtek Semiconductor*, 2005 U.S. Dist. LEXIS 39332 at *15-16 ("Although Taiwan later joined the WTO, the Patent and Trademark Office has stated that the effective date for proving inventive activity in a foreign country, pursuant to 35 U.S.C. § 104, is "the date the country becomes a member of the WTO." (internal citation omitted)); *see also* MPEP § 715 ("If a country joined the WTO after January 1, 1996, the effective date for proving inventive activity in that country for the purpose of pre-AIA 35 U.S.C. 104 and 37 CFR 1.131(a) is the date the country becomes a member of the WTO."). It is undisputed that China and Taiwan became WTO members after the patent-in-suit was filed. Dkt. No. 259 at 3 (TWW did not dispute Defendants' Undisputed Material Facts Nos. 15–17). Under 35 U.S.C. § 104, it is impermissible for TWW to establish a date of invention by reference to knowledge or use of the invention if it was only available in China or Taiwan.  However, the restriction of § 104 applies to a specific use of the evidence, not the actual evidence itself. MIL No. 1 is DENIED.

**SIGNED this 20th day of May, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE