**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, | |
| Plaintiff, | Case No. 2:19-cv-92-JRG-RSP |
| v. | LEAD CASE |
| ACADEMY, LTD D/B/A ACADEMY SPORTS + OUTDOORS, | **FILED UNDER SEAL** |
| Defendant. | |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC, AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| THE HOME DEPOT, INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S RETAIL HOLDINGS, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, TRANSFORM SR LLC, AND TRANSFORM KM LLC, | Case No. 2:20-cv-00006-JRG-RSP |
| | CONSOLIDATED CASES |
| Defendants. | |

<u>**PLAINTIFF'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF TWW'S AMENDED DEPOSITION
DESIGNATIONS AND AMENDED TRIAL WITNESS LIST**</u>

## INTRODUCTION

The simple facts are: (1) Mr. Slate has been on Defendants' witness list for nearly three months; and (2) TWW's Amended Trial Witness List and Deposition Designations provided Defendants with 42 days before trial to prepare for Slate's testimony. Importantly, Defendants do not, and cannot, cite to a single shred of authority in their Reply to support their claim that Defendants will be prejudiced by the admission of Slate's testimony in this case.

Defendants ignore that Mr. Slate has been on Defendants' witness list for months and that Defendants were on notice that TWW reserved the right to add witnesses from Defendants' list (just as Defendants did). Further, the October 2017 email from Mr. Slate discussed in his deposition testimony is not new. TWW's damages expert cited and discussed the significance of this email for demand for the patented invention and for commercial success in two expert reports. Finally, Defendants' outcry over the prejudicial nature of Slate's testimony is unconvincing. Mr. Slate has been on their witness list and Defendants were aware of TWW's expert reports. Defendants clearly understood the relevance of Mr. Slate's testimony to this case or they would not have designated him in the first place. Defendants should not be permitted to now have Slate's testimony buried. The quality and nature of Mr. Slate's testimony and the email should be for the trier of fact to decide. There is no basis to exclude Mr. Slate from TWW's witness list or exclude TWW's deposition designations. This Court should deny Defendants' Motion to Strike.

## ARGUMENT

### I.   TWW's Delay was Justified, Harmless, and Defendants Have Had Ample Time to Prepare for Slate's Testimony

TWW did not designate Mr. Slate as a witness or his testimony because TWW relied on its understanding that Defendants were calling Mr. Slate as a live witness. Defendants were put on notice that TWW could add witnesses from Defendants' witness list when TWW made clear in

1

the parties' March 8, 2021 Joint Pretrial Order that "TWW further reserves the right to update this list or call witnesses in view of Defendant's witness lists and other pretrial disclosures, for example to call witnesses that Defendant has indicated or do indicate that they will call or may call[.]" (Dkt. No. 357-1 at 1). TWW did just that on April 22, 2021 when it filed its Amended Trial Witness List and Deposition Designations. (Dkt. 386). Defendants cannot now claim surprise when they were put on notice on March 8 that TWW reserved the right to add Defendants' witnesses to its own witness list, particularly a witness that had been on Defendants' list for months.

Regardless of the changes in trial dates, the facts are that trial is set for June 3 – providing at least forty-two days after TWW's amended disclosures for Defendants' to prepare their case regarding Mr. Slate – a witness on their witness list for months. The objective of the Rule 26(a)(3) is to provide the non-moving party with enough notice to prepare its case for trial. *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003) (establishing that an amendment to pretrial disclosures was harmless because "any prejudice was cured by the approximately one month during which Italia was allowed to examine and respond to the contested evidence."). It is undisputed that Defendants have ample time to review Slate's testimony and prepare for its introduction at trial. Slate's testimony should not be excluded.

## II.   TWW Has Adequately Established that Its Pretrial Amendment is Harmless

Defendants incorrectly argue that because Mr. Slate's testimony was "not a part of the case until April 22, 2021" (Dkt. No. 424 at 2), it should be excluded. First, Mr. Slate has been on Defendants' witness list for months, so his testimony was certainly "part of the case." Second, the October 2017 email TWW identified in its Opposition was cited by TWW's damages expert in both his damages expert report (for demand for the patented invention in a lost profits analysis) and his report on secondary considerations (for commercial success). ((*See* Dr. Becker's 11/24/20

Opening Report at ¶¶ 63-64, 88 excerpts attached hereto as Exhibit A *and* Dr. Becker's 12/14/20 Secondary Considerations Report at ¶¶ 91-94 excerpts attached hereto as Exhibit B).   Third, nothing in Federal Rule 37 requires that for an amendment to be harmless, the evidence at issue must be "a part of the case" for any length of time. *Texas A&M Research,* 338 F.3d at 402 (in establishing whether an amendment is harmless, courts "look to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.") (citing Fed. R. Civ. P. 37(c)(1)).

Defendants cannot now pretend that a key manufacturer who is indemnifying Defendants speaking to the largest retailer of built-in pump airbeds in the country is irrelevant to deciding the issues in this case. Mr. Slate's testimony and his email are not new, are not a surprise, and should be heard and seen by the jury.

## III.    3. Defendants Would Not be Prejudiced by Providing a Defense to TWW's Claims

Defendants also argue Mr. Slate's testimony should be excluded because Defendants would be forced to introduce rebuttal evidence and doing so would somehow be prejudicial. The inconvenience of having to defend TWW's case does not amount to prejudice. The proper place to dispute the designated Slate's testimony and the underlying facts is before the jury. The jury should be entitled to hear all the relevant facts in order to make a well-informed decision on the claims brought in this case. For this reason, Slate's testimony, the relevance of which Defendants are unable to disclaim, should be admitted.

## CONCLUSION

For the foregoing reasons, TWW respectfully requests that the Court deny Defendants'
Motion to strike TWW's Amended Trial Witness List (Dkt. No. 386-1) and Amended Deposition
Designations (Dkt. No. 386) and.

Dated: May 20, 2021

Respectfully submitted,

/s/  Korula T. Cherian
Robert Ruyak
Corrine Saylor Davis
J. Michael Woods
Jane Inkyung Shin
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
robertr@ruyakcherian.com
corrinesd@ruyakcherian.com
michaelw@ruyakcherian.com
janes@ruyakcherian.com

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave., Ste. 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ederieux@capshawlaw.com

*Counsel for Plaintiff Team*
*Worldwide Corporation*

## CERTIFICATE  OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 20th day of May 2021 with a copy of this document via electronic mail.

*/s/ Korula T. Cherian*

## CERTIFICATE  OF AUTHORIZATION  TO FILE  UNDER  SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned hereby certifies that counsel that this document  and Exhibit C should be filed  under seal because it contains material designated as Restricted - Attorneys' Eyes Only under the Protective Order approved and entered in this case on April 29, 2020 [Dkt. No. 94].

/s/ *Korula T. Cherian*
Korula T. Cherian