IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 2:19-cv-00092-JRG-RSP |
| § | LEAD CASE |
| ACADEMY, LTD d/b/a ACADEMY SPORTS § | |
| + OUTDOORS, § | |
| § | |
| *Defendant*. § | |

# REPORT AND RECOMMENDATION

Before the Court is the Motion for Partial Summary Judgment of Infringement of U.S. Patent No. 9,211,018, filed by Plaintiff Team Worldwide Corporation ("TWW"). Dkt. No. 203. Plaintiff moves the Court to grant summary judgment of infringement as to all accused products containing Intex 619A and Bestway P3042 airbed pumps. *Id*. at 2[1]. The Motion should be **DENIED**.

**BACKGROUND**

In 2017, TWW brought a patent infringement action against Wal-Mart (Wal-Mart is not a party in the above-captioned case), alleging that Wal-Mart's sale of airbeds with built-in housed air pumps infringed one or more of TWW's patents, including U.S. Pat. No. 9,211,018 ("'018 Patent")—which is the patent at issue in this matter. Dkt. No. 393 at 2. On March 30, 2018, Wal-Mart, among others, filed an *inter partes* review ("IPR") petition with the Patent Trial and Appeal Board ("PTAB") challenging a number of the '018 Patent's claims. *Id*. On September 20, 2018, TWW and Wal-Mart settled their dispute. *Id*. On October 29, 2018, the PTAB instituted IPR of

---

[1] Citations are to document numbers and page numbers assigned through ECF.

the '018 Patent. *See* Dkt. No. 11. On October 21, 2019, the PTAB issued its final written decision that no challenged claims of '018 Patent were unpatentable. *Id*.

In March and April of 2019, the Plaintiff began filing lawsuits against other retailers, including the Defendants[2], alleging they were selling the same or similar airbed products it had accused Wal-Mart of selling. Dkt. No. 393 at 2–3. Some of the accused airbed pumps in this case overlap with some of the accused airbed pumps in the Wal-Mart case. Dkt. No. 203, Statement of Undisputed Material Facts No. 19.

**LEGAL STANDARD**

    **A.**    **Summary Judgment**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party opposing summary judgment must identify specific evidence in the record and articulate the precise way the evidence supports his or her claim. *See Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine material fact dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

"By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

---

[2] Defendants refers to: Academy, Ltd. d/b/a Academy Sports + Outdoors, Ace Hardware Corporation, Amazon.com, Inc., Amazon.com LLC, Bed Bath & Beyond Inc., Costco Wholesale Corporation, Dick's Sporting Goods, Inc., Home Depot Product Authority, LLC, Home Depot U.S.A., Inc., Macy's Retail Holdings, Inc., Macys.com, LLC, Target Corporation, Sears, Roebuck and Co., Sears Holdings Corporation, Transform SR LLC, and Transform KM LLC (collectively, the "Defendants").

judgment; the requirement is that there be ***no*** genuine [dispute] of material fact." *Id*. at 247-48 (emphasis added). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. "Summary judgment is appropriate in any case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993)). Indeed, when "determining the propriety of summary judgment, credibility determinations may not be made, and the evidence must be viewed favorably to the non-movant, with doubts resolved and reasonable inferences drawn in the non-movant's favor." *Wanlass v. Fedders Corp.*, 145 F.3d 1461, 1463 (Fed. Cir. 1998) (citing *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985) (en banc)).

It should be noted, Fed. R. Civ. P. 56 does not impose a duty on the Court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Ragas*, 136 F.3d at 458.

### B. Infringement

> Infringement analysis is a two-step process: "First, the court determines the scope and meaning of the patent claims asserted . . . [and secondly,] the properly construed claims are compared to the allegedly infringing device." Step one, claim construction, is a question of law . . . . Step two, comparison of the claims to the accused device, is a question of fact and requires a determination that every claim limitation or its equivalent be found in the accused device.

*N. Am. Container, Inc. v. Plastipak Packaging, Inc.*, 415 F.3d 1335, 1344 (Fed. Cir. 2005) (alteration in original) (internal citations omitted).

### ANALYSIS

TWW argues it is entitled to summary judgment of infringement as to all accused products containing the Intex 619A and Bestway P3042 airbed pumps because it has (1) presented a prima

3

facie case of infringement and (2) the Defendants do not dispute infringement. Dkt. No. 203 at 8. To support its argument, TWW relies on Dr. Glen Stevick's expert analysis . *See Id.*; *see generally* Dkt. Nos. 203-9, 203-10, 203-11. TWW also supports its arguments by stating "the suppliers of the Instant Products previously admitted that the Instant Products infringe the Asserted Claims" and that "the claim constructions in this case are consistent with those in the Walmart Case." Dkt. No. 203 at 8.

Defendants respond that TWW's Motion should be denied because there remain genuine material fact disputes about Dr. Stevick's infringement opinion. *See* Dkt. No. 248 at 6,8. Defendants admit their technical expert did not rebut, or otherwise provide a counter-opinion regarding the 619A or P3041 airbed pumps. *Id*. at 7 ("Dr. Reinholtz simply testified that he does 'not provide any opinions on the 619A pump with respect to infringement' and, likewise, has 'not done an analysis' of the accused products with the Bestway P3042 pump.") (internal citations omitted). But Defendants maintain that summary judgment is precluded because Dr. Stevick's testimony contains conflicting testimony, from which a reasonable jury could reject Dr. Stevick's analysis and opinions. Dkt. No. 318 at 3 ("[Dr. Stevick's] inconsistent testimony (and the only evidence TWW has to support its motion) raises significant credibility concerns, making summary judgment inappropriate.").

Defendants' have shown there are genuine questions of material fact that preclude summary judgement of infringement. Although it is true that Dr. Stevick's opinion was not rebutted by Defendants' expert, Defendants have not conceded infringement as TWW contends. Dkt. No. 248 at 6. The main thrust of TWW's Motion is that given the previous litigation and the fact that the Defendants' expert did not counter TWW's expert, then as a matter of law there is infringement. Dkt. No. 203 at 9 ("Given the previous admission of infringement and the consistent

4

claim constructions, it is not surprising that Defendants have made no attempt to dispute infringement by the Instant Products. . . . Therefore, Defendants had full knowledge and full opportunity to present any new or different non-infringement arguments with respect to the Instant Products, but Defendants failed to do so. Thus, there is no material fact in dispute with respect to the Instant Products . . . ."). The fact that Defendants' expert does not offer a rebuttal opinion does not necessarily validate Dr. Stevick's opinion. As with all cases, the plaintiff bears the burden of proving infringement. To preclude summary judgment, Defendants need only show there is a genuine issue of material fact as to whether Dr. Stevick's infringement opinion covers the accused products. An expert's rebuttal opinion is merely one avenue, not the only avenue, by which a litigant may choose to counter an opposing party's expert's opinion.

To prove literal infringement, the patentee must show that the accused product or device contains each and every limitation of the asserted claims. *Ericsson, Inc. v. D-Link Sys.*, 773 F.3d 1201, 1215 (Fed. Cir. 2014). Defendants contend the accused products do not infringe the '018 Patent because a reasonable jury may not accept Dr. Stevick's opinion that the pump body of the accused products are "built into the exterior wall." *See* Dkt. No. 248 at 6; *see also* Dkt. No. 318 at 3 ("a reasonable jury hearing Dr. Stevick's disassembly testimony could determine that neither of the Instant Products infringe because they can be disassembled."). The '018 Patent claims:

> An inflatable product comprising:
> an inflatable body comprising an exterior wall; and
> an electric pump for pumping the inflatable body, the electric pump
> comprising a pump body and an air outlet, wherein the ***pump body is built into the exterior wall*** and wholly or partially recessed into the inflatable body, leaving at least a portion of the pump body exposed by the exterior wall.

'018 Patent Cl. 14 (emphasis added) (representative of the '018 Patent's independent claims). In Dr. Stevick's analysis of the accused products (specifically the 619A pump), he states:

5

> The Court's preliminary claim construction construed a "pump body" as "the main part of the pump." A POSITA would understand the main part of the pump to include the components collected together to form the pump unit including the housing of the pump. For example, ***a POSITA would recognize the pump body of the Accused Products to include*** the motor, the fan, ***the housing*** in which they are contained, and any internal channels that direct air flow.

*See e.g.* Dkt. No. 204-10 at 11 (emphasis added) (statements about 619A airbed pump are also representative of P3041 airbed pump statements). Dr. Stevick also states:

> ***the faceplate, which is also part of the pump housing***, exposed by the exterior wall. Intex confirmed that a user can still access the faceplate when the pump body is integrated into the exterior wall of the air bed.



Dkt. No. 204-10 at 24 (emphasis added).

"A determination of infringement, whether literal or under the doctrine of equivalents, is a question of fact." *Allergan, Inc. v. Sandoz Inc.*, 796 F.3d 1293, 1311 (Fed. Cir. 2015). Here, the Defendants dispute whether the accused products meet the "built into the exterior wall" limitation at least because the faceplate, which Dr. Stevick opines is part of the pump body, can be removed

6

from the accused products. Dkt. No. 204-10 at 24 (removal of screws allows user to remove faceplate). While Dr. Stevick does offer explanations as to why the accused products would—despite the ability to remove the faceplate—still literally infringe the '018 Patent's claims, a reasonable jury could conclude that the accused products do not practice the "built into exterior wall" limitation. Furthermore, this Court will not weigh the credibility or correctness of Dr. Stevick's opinion. *See Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520 (1991) ("The Court 'must draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence.'"). When viewed in the light most favorable to the Defendants, there is a genuine factual dispute as to whether the accused products infringe the claims of the '018 Patent. Summary judgment is improper.

As to Dr. Stevick's opinion of claims 12 and 13, Defendants contend the accused products do not practice the added limitations of claim 12, which claims:

> The inflatable product as claimed in claim 1, wherein the pump body is located in the inflatable body.

Dkt. No. 248-2 at 12. Defendants have shown that Dr. Stevick's literal infringement opinion of claim 12 is based in part on what a person of ordinary skill in the art ("POSA") would consider to be equivalent to certain limitations in claim 12. Dkt. No. 248-2 at 12 ("Q: Do you consider that knob to be part of the pump body? A: Yes. Q: And with that knob, is the pump body wholly recessed so that it meets claim 12? A: Again, a POSA would *probably consider* it to be wholly recessed . . . .") (emphasis added). This evidence is sufficient to show there is a genuine question as to whether the accused products literally—or under the doctrine of equivalents—infringe claims 12 and 13.

**CONCLUSION**

Accordingly, it is **RECOMMENDED** the Motion be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from de novo review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 31st day of May, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE