# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, | |
| Plaintiff, | Case No. 2:19-cv-92-JRG-RSP |
| v. | LEAD CASE |
| ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS, | |
| Defendant. | |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC, AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| THE HOME DEPOT, INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S RETAIL HOLDINGS INC. and MACYS.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, and TARGET BRANDS, INC., | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, and TRANSFORM HOLDCO LLC, | Case No. 2:20-cv-00006-JRG-RSP |
| Defendants. | CONSOLIDATED CASES |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF TEAM WORLDWIDE CORPORATION'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON DEFENDANTS' MOTION TO STRIKE**

TWW has repeatedly and unsuccessfully sought to rely on a filing from the previous Wal-Mart litigation (the "Wal-Mart Notice," *available at* Dkt. 213-1) to try to establish that Defendants in this case infringe TWW's asserted patent. In response, Defendants moved to strike references to the Wal-Mart Notice under Fed. R. Evid. 403 (Dkt. 213), and the Magistrate Judge granted this motion. (Dkt. 394 ("Order"), at 2.) At the pretrial conference, the Court noted that the Wal-Mart Notice was hearsay not within any exception. (Dkt. 384 at 19:23-24; 20:19-25; 22:11-19.) TWW now objects to the Magistrate Judge's Order, arguing that the Magistrate Judge erred in excluding the Wal-Mart Notice under Rule 403, that it is admissible as a statement against interest. (Dkt. 436.) TWW is wrong on both points. The Court should overrule TWW's objections and uphold the Magistrate Judge's Order.

**I.       The Wal-Mart Notice is Hearsay and No Hearsay Exception Applies**

The Wal-Mart Notice is hearsay, and therefore it is only admissible if an exception to the rule against hearsay applies. Fed. R. Evid. 801(c), 802. TWW tacitly admits that the Wal-Mart Notice is hearsay, arguing not that the statements are not hearsay, but instead that the "statement against interest" hearsay exception applies. (Dkt. 436 at 1.)

Statements against interest must meet two black-letter law requirements to be admissible: (1) the declarant is unavailable as a witness; and (2) the statement would only have been made "if the [declarant] believed it to be true" because "it was so contrary to the declarant's proprietary or pecuniary interest." Fed. R. Evid. 804(b)(3). Neither element is met here.

**A.       The Declarants Are Not Unavailable, As Required by Fed. R. Evid. 804(a)(5)(B)**

As an initial matter, the declarants are not unavailable because they either were deposed in this case,[1] or TWW never attempted to depose them in this case. Under Rule 804(a)(5)(B), which

---

[1] In the present case, TWW served subpoenas, including notices of deposition under Fed. R. Civ. P. 30(b)(6), on and deposed at least the following entities: Bestway (USA) Inc.; The Coleman Company, Inc.;

defines "unavailability" for statements against interest,[2] a declarant is unavailable only when the proponent of the evidence cannot procure "the declarant's attendance or testimony." Fed. R. Evid. 804(a)(5)(B). This requires that the proponent of the statement attempt to depose the declarant before they can invoke the statement against interest exception. *See Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 121 F.3d 717 (9th Cir. 1997); *U.S. v. Gabriel*, 715 F.2d 1447, 1451 (10th Cir. 1983). In fact, Congress specifically amended Rule 804 to require depositions and prevent the outcome that TWW seeks here. *See* Wright and Miller, 30B Fed. Prac. & Proc. Evid. § 6968 (2021 ed.). Therefore, TWW cannot invoke the statement against interest exception to admit statements by declarants from whom TWW failed to seek testimony in the present proceeding.

Further, when a declarant has been deposed, that declarant is *not* "unavailable" because the proponent has already procured the declarant's "testimony," and the statement against interest exception cannot be used. Fed. R. Evid. 804(a)(5)(B); *Campbell by Campbell v. Coleman Co., Inc.*, 786 F.2d 892, 896 (8th Cir. 1986). Therefore, any declarant that TWW has already deposed in this case is not "unavailable" within the meaning of Rule 804(a)(5)(B).

TWW also argues that the Wal-Mart Notice declarants are now unavailable because Defendants no longer intend to call them at trial. TWW relies on *Moss*, *Aubrey Rogers*, and *Wilson* to purportedly support the proposition that a declarant is unavailable any time the declarant is beyond a court's subpoena power. (*See* Dkt. 436 at 2-3 (citing *Moss v. Ole S. Real Est., Inc.*, 933 F.2d 1300, 1311 (5th Cir. 1991); *Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, 2000 WL 135129, at *1 (D. Del. Jan. 13, 2000); *Wilson v. Seven Seventeen HB Philadelphia Corp.*, 2003 WL 22709073, at *4 (E.D. Pa. Nov. 14, 2003)).) But these three cases address the "former

---

Intex Recreation Corp.; Intex Development Co., Ltd.; and Intex Trading Ltd.
[2] TWW does not contend that the declarants are unavailable under 804(a)(1)–(4), only 804(a)(5). (*See generally* Dkt. 436.)

testimony" hearsay exception, under Rule 804(a)(5)(A), not subpart 804(a)(5)(B), and are therefore inapplicable here. Unavailability under the "former testimony" exception requires only that the proponent cannot obtain the declarant's "attendance." Fed. R. Evid. 804(a)(5)(A).[3] But the statement against interest exception sets a higher bar—it requires that the proponent cannot procure the declarant's "attendance *or testimony*." Fed. R. Evid. 804(a)(5)(B) (emphasis added). Regardless of whether Defendants call the declarants, or where the declarants are located, they are not unavailable under Rule 804(a)(5)(B) because TWW has failed to show that it could not have procured the "testimony" of those declarants by deposition. Fed. R. Evid. 804(a)(5)(B); *Simulnet*, 121 F.3d 717; *Gabriel*, 715 F.2d 1447.

TWW also cites *Tex. & P.R. Co. v. Reagan* and *Charles v. Wade*; these cases, however, are inapplicable because they do not consider the statement against interest exception under Rule 804(b)(3).[4] In short, TWW applies the wrong definition of unavailability. As a result, TWW incorrectly concludes that the witnesses in this case are unavailable when, in fact, they are not under Rule 804(a)(5)(B) because TWW could have obtained (and in some instances did obtain) their testimony by deposition.

Finally, TWW has the burden to prove unavailability because it is proffering the hearsay evidence. Fed. R. Evid. 804(a)(5); *Moore v. Miss. Valley State Univ.*, 871 F.2d 545, 552 (5th Cir. 1989). TWW has not met its burden because TWW has not alleged that TWW attempted but failed to obtain testimony from the allegedly unavailable declarants. *Id*.

In sum, TWW has failed to demonstrate that the Wal-Mart Notice declarants are unavailable in the present case; in fact, the opposite is true. As discussed above, and as a matter of law, the declarants are <u>not</u> unavailable. *See also* Dkt. 384 at 21:22-24 (TWW's counsel admitting

---

[3] Clearly, the Wal-Mart Notice does not constitute "testimony" within the meaning of Rule 804(a)(5)(A).
[4] Notably, *Tex. & P. R. Co. v. Reagan*, 118 F. 815, 817 (5th Cir. 1902) predates Rule 804 by over 70 years.

at the pretrial conference that the declarants are available). The declarants are available whether or not Defendants choose to call the declarants at trial. Therefore, because a declarant's unavailability is required for the statement against interest hearsay exception to apply, and this requirement is not met here, this exception is inapplicable to the Wal-Mart Notice.

      B.      Even If the Declarants Were Unavailable, the Statements in the Wal-Mart Notice Do Not Constitute a Statement Against Interest under Fed. R. Evid. 804(a)(5)(B)

Notwithstanding the fact that the declarants are not unavailable, the Wal-Mart Notice was not a statement against interest under Rule 804(b)(3). A statement against interest is one that the declarant would "have made only if the person believed it to be true" because "it was so contrary to the declarant's . . . interest." Fed. R. Evid. 804(b)(3). When a statement is the result of mixed motivations, the statement is not "so contrary" to the declarant's interest that it is a statement against interest under the rule. *U.S. v. Diehl*, 460 F. Supp. 1282, 1290 (S.D. Tex. 1978), *aff'd*, 586 F.2d 1080 (5th Cir. 1978). The statements in the Wal-Mart Notice—simply summarizing positions that the parties to the Wal-Mart litigation took during that case to resolve the litigation (*see* Order, at 2)—are often made by parties with mixed pecuniary motives (*see Warner Bros. v. First Fashion & Variety, Inc.*, 1987 WL 7743, at *1 (S.D.N.Y. Mar. 3, 1987)); they are not statements that would "only have been made" if the declarants believed them to be true. Therefore, they are not statements against interest within Rule 804(b)(3).

For these reasons, the "statement against interest" hearsay exception does not apply, and the Wal-Mart Notice is inadmissible hearsay. Fed. R. Evid. 802.

      II.      **The Wal-Mart Notice Should be Excluded Under Fed. R. Evid. 403**

The Wal-Mart Notice should also be excluded under Rule 403, which provides a district court with discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue

delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The probative value of the Wal-Mart Notice is low because it was a stipulation created by the defendants in the Wal-Mart case, specifically for that litigation. (*See* Dkt. 213 at 3-5.) Stipulations bind only the parties to the stipulation. *See, e.g.*, *Rice v. Glad Hands, Inc.*, 750 F.2d 434, 438 (5th Cir. 1985). Defendants were not parties to the Wal-Mart Notice, and TWW has not shown that Defendants were aware of the Wal-Mart Notice. (*See generally* Dkt. 436.) Further, lay opinions regarding patent infringement have little probative value, especially when they pre-date the relevant claim construction order. *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1092 (Fed. Cir. 2014). The Wal-Mart Notice thus has, at best, limited probative value in this case, and that at best limited value is clearly outweighed by the danger that it will confuse the issues and mislead the jury. The jury could easily be led to believe that the Wal-Mart Notice is definitive proof of infringement, when it indisputably is not. (*See* Dkt. 213 at 5-7.) Not only were Defendants not parties to the Wal-Mart Notice, there was no stipulation as to many of the products that are at issue in this case. (*See* Dkt. 282 at 2 n.3.) In fact, one supplier specifically denied infringement of *any* claim of the '018 Patent. (*See id.* at 2 n.2.) The Magistrate Judge's Order correctly excluded the Wal-Mart Notice under Rule 403. The Court should not disturb that decision.

### III. Conclusion

The Wal-Mart Notice is inadmissible hearsay. No hearsay exception applies because the relevant witnesses are not unavailable within the meaning of Rule 804(a)(5)(B). Moreover, any probative value the Wal-Mart Notice has is substantially outweighed by the dangers of prejudice, misleading the jury, and confusing the issues. The Wal-Mart Notice is thus inadmissible under at least Rules 403 and 802, and the Magistrate Judge's Order should not be overruled.

Dated: June 2, 2021                               Respectfully submitted,

          /s/ *Andrew M. McCoy* (with permission)
**Faegre Drinker Biddle & Reath LLP**
R. Trevor Carter (admitted in E.D. Texas)
trevor.carter@faegredrinker.com
Andrew M. McCoy (admitted in E.D. Texas)
andrew.mccoy@faegredrinker.com
Reid E. Dodge (admitted in E.D. Texas)
reid.dodge@faegredrinker.com
300 N. Meridian St., Suite 2500
Indianapolis, IN  46204
(317) 237-0300 (telephone)
(317) 237-1000 (facsimile)

Lauren M.W. Steinhaeuser (admitted in E.D. Texas)
lauren.steinhaeuser@faegredrinker.com
90 S. Seventh St., Suite 2200
Minneapolis, MN  55402
(612) 766-7000 (telephone)

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

Charles Everingham IV
State Bar No. 00787447
**Ward Smith & Hill, PLLC**
P.O. Box 1231
Longview, TX  75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
Email: ce@wsfirm.com

*Counsel for Defendants Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

/s/ *Steven A. Caloiaro* (with permission)
**Dickinson Wright PLLC**
John S. Artz
jsartz@dickinsonwright.com
350 S. Main St., Suite 300
Ann Arbor, MI  48104
(734) 623-7075

Steven A. Caloiaro
scaloiaro@dickinsonwright.com
100 W. Liberty St., Suite 940
Reno, NV  8951
(775) 343-7500

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors and Target Corporation*

/s/ *Robert Cruzen* (with permission)
Robert T. Cruzen
**Klarquist Sparkman LLP**
One World Trade Center
121 SW Salmon St., Suite 1600
Portland, OR 97204
*Counsel for Defendants Amazon.com, Inc. and Amazon.com LLC*

/s/ *Walter Hill Levie III*
John W. Harbin
Gregory J. Carlin
Walter Hill Levie III
**Meunier Carlin & Curfman LLC**
999 Peachtree St. NE, Suite 1300
Atlanta, GA  30309
jharbin@mcciplaw.com
gcarlin@mcciplaw.com
tlevie@mcciplaw.com

*Counsel for Defendants Amazon.com, Inc. and Amazon.com LLC; Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Dick's Sporting Goods, Inc.; Macy's Retail Holdings, Inc. and Macy's.com, LLC; and Target Corporation*

7

Michael C. Smith
State Bar No. 18650410
**Scheef & Stone, LLP**
113 E. Austin St.
Marshall, TX  75671
Office: 903-938-8900
Michael.Smith@solidcounsel.com

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Amazon.com, Inc. and Amazon.com LLC; Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Dick's Sporting Goods, Inc.; Macy's Retail Holdings, Inc. and Macy's.com, LLC; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; and Target Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on counsel of record, all of whom have consented to electronic service, on this 2nd day of June 2021.

                                                   */s/ Walter Hill Levie III*
                                                   Walter Hill Levie III