**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, | |
| Plaintiff, | Case No. 2:19-cv-92-JRG-RSP |
| v. | LEAD CASE |
| ACADEMY, LTD D/B/A ACADEMY SPORTS + OUTDOORS, | |
| Defendant. | |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC, AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| THE HOME DEPOT, INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, and TARGET BRANDS, INC., | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, and TRANSFORM HOLDCO LLC, | Case No. 2:20-cv-00006-JRG-RSP |
| Defendants. | CONSOLIDATED CASES |

**<ins>DEFENDANTS' OBJECTIONS TO ORDER ON
DEFENDANTS' MOTION IN LIMINE NO. 1</ins>**

Pursuant to Fed. R. Civ. P. 72(a) and Local Rule CV-72(b), Defendants respectfully object to the Magistrate Judge's Order on Motion in Limine No. 1 (Dkt. 439 ["Order"]) on the grounds that the Magistrate Judge overlooked the undisputed fact that TWW admitted it "failed to link any disclosure contained within the ['760] Patent to any limitation in the asserted claims," and governing law is clear that "written description support for the asserted claims must be found in the ['760] Patent" to assert an earlier priority date. *Cordance Corp. v. Amazon.com, Inc*., 658 F.3d 1330, 1334–35 (Fed. Cir. 2011). Accordingly, because of these clear factual and legal errors, Defendants respectfully object to the Magistrate Judge's Order and ask the Court to preclude TWW from proffering testimony or making any statement insinuating that the '760 Patent provides an earlier priority date for the '018 Patent.[1]

In the Priority Date Motion briefing—which the Magistrate Judge considered as part of the Order (*see* Dkt. 439 at 3)—TWW did not contest Defendants' Statement of Undisputed Material Fact No. 7, which reads:

> The '331 Application is also a continuation-in-part of Patent Application No. 09/542,477 (the "'477 Application"), which was filed on April 4, 2000 and resulted in U.S. Patent No. 6,332,760 (the "'760 Patent," Ex. 6). ('018 Patent, ref. (60).) However, the '760 Patent lacks any disclosure related to Figures 13A, 13B, 14, and 15 from the '018 Patent. (*Compare generally* Ex. 6 ['760 Patent], *with* '018 Patent.) Indeed**, *TWW has failed to link any disclosure contained within the '760 Patent to any limitation in the Asserted Claims*.**[2]

---

[1] The Magistrate Judge correctly held that "Under 35 U.S.C. § 104, it is impermissible for TWW to establish a date of invention by reference to knowledge or use of the invention if it was only available in China or Taiwan." (Dkt. 439 at 4.) However, the Court also held "the restriction of § 104 applies to a specific use of the evidence, not the actual evidence itself." (*Id.*) Because TWW has not timely disclosed a "permissible" use for this evidence (specifically, PTX-COM-241, -241, and -302), TWW should be precluded under the Magistrate Judge's Order from reliance on these exhibits. Defendants address this issue in their Objections to the Pre-Admission of PTX-COM-240, -241, and -302 (Dkt. 414) and Proposed Reply (forthcoming).

[2] This is consistent with TWW's positions in the Priority Date Briefing that the '760 Patent does not support the accused claims, and thus cannot provide an earlier priority date. (*See, e.g.*, Dkt. 259 at 4 ("Absent Defendants' tortured interpretation of [the Chaffee] provisional application, TWW has not asserted that it is entitled to a priority date of April 4, 2000 based on the disclosure

(Dkt. 208 at 3 (emphasis added); Dkt. 259 at 2 (failing to dispute SUF No. 7).)  "Under Local

Rule CV-56(c), the court assumes that the facts as claimed and supported by admissible summary

judgment evidence by the moving party are true, unless controverted by the non-moving party in

its response and supported by admissible summary judgment evidence." *Regions Equip. Fin.

Corp. v. AT 2400, Off. No. 530775*, No. 1:10-CV-215, 2010 WL 11531292, at *3 n.5 (E.D. Tex.

Sept. 2, 2010), *aff'd*, 640 F.3d 124 (5th Cir. 2011).  The Magistrate Judge did not, however,

address this motion-determinative admission in the Order, instead focusing solely on the

inventor's statements[3] that the '760 and '018 Patents were unrelated.  (Dkt. 439 at 3.)

But with that admission, TWW conceded that the '760 Patent is irrelevant to the priority

date of the asserted claims of the '018 Patent under black letter Federal Circuit law and FRE 401.

Specifically, as explained in Defendants' motion *in limine* and summary judgment briefing, the

Federal Circuit held in *Cordance* the "failure to link any disclosure" contained in an earlier

application to "any limitation in the asserted claims" prevented the asserted claims from

receiving the benefit of the filing date of the earlier application as a matter of law.  *Cordance*,

658 F.3d at 1334–35; *see also Power Oasis, Inc. v. T-Mobile, Inc.*, 522 F.3d 1299, 1306 (Fed.

Cir. 2008) ("It is **elementary patent law** that a patent application is entitled to the benefit of the

filing date of an earlier filed application **only if** the disclosure of the earlier application provides

---

of TWW's U.S. Patent No. 6,332,760 ('the 760 Patent'), a parent patent to the '018 Patent.");
Dkt. 325 at 1 ("TWW did not dispute that its U.S. Patent No. 6,332,760 ("the 760 Patent"), a
parent patent to the '018 Patent, discloses a socket-style pump and not a built in pump.").)  To
the extent TWW argues that the '760 Patent is necessary to interpret the Chaffee prior art, that
argument has no bearing on the priority date analysis—indeed, TWW has cited no case law
supporting this argument.  (Dkt. 259 at 4.)

[3] The inventor's statements (*see* Dkt. 208-3) are consistent with TWW's other admissions, but
are not determinative.  It is TWW's admission that the disclosure of the '760 patent does not
support the asserted claims—which the Magistrate Judge overlooked—that is critical to the
analysis.

support for the claims of the later application, as required by 35 U.S.C. § 112." (internal

quotation omitted, emphasis added)).  Here, TWW repeatedly admits that the '760 Patent fails to

provide support for the asserted claims.  (Dkt. 259 at 2 (failing to dispute that "TWW has failed

to link any disclosure contained within the '760 Patent to any limitation in the Asserted

Claims."); Dkt. 325 at 1 ("TWW did not dispute that its U.S. Patent No. 6,332,760 ('the 760

Patent'), a parent patent to the '018 Patent, discloses a socket-style pump and not a built in

pump."); Dkt. 259 at 4 ("TWW has not asserted that it is entitled to a priority date of April 4,

2000 based on the disclosure of TWW's U.S. Patent No. 6,332,760 ('the 760 Patent'), a parent

patent to the '018 Patent.").)  As a matter of undisputed fact and black letter law, TWW cannot

rely upon the '760 Patent for purposes of asserting an earlier priority date.  The Magistrate

Judge's failure to recognize TWW's admission and apply the correct legal precedent is clear

error.

## CONCLUSION

Accordingly, Defendants respectfully object to the Magistrate Judge's Order regarding

Defendants' motion *in limine* No. 1.


Dated: June 3, 2021                        Respectfully submitted,

                                           */s/ Bethany N. Mihalik*
                                              Charles Everingham IV
                                              State Bar No. 00787447
                                              **WARD SMITH & HILL, PLLC**
                                              P.O. Box 1231
                                              Longview, TX  75606-1231
                                              (903) 757-6400 (telephone)
                                              (903) 757-2323 (facsimile)
                                              Email: ce@wsfirm.com

                                              *Counsel for Defendants Ace Hardware*
                                              *Corporation; Dick's Sporting Goods, Inc.; Home*
                                              *Depot U.S.A., Inc. and Home Depot Product*
                                              *Authority, LLC; Target Corporation; Sears,*

*Roebuck and Co., and Sears Holdings Corporation;
and Transform SR LLC and Transform KM LLC*

**FAEGRE DRINKER BIDDLE & REATH LLP**
R. Trevor Carter (admitted in E.D. Texas)
trevor.carter@faegredrinker.com
Andrew M. McCoy (admitted in E.D. Texas)
andrew.mccoy@faegredrinker.com
Reid E. Dodge (admitted in E.D. Texas)
reid.dodge@faegredrinker.com
300 N. Meridian St., Suite 2500
Indianapolis, IN  46204
(317) 237-0300 (telephone)
(317) 237-1000 (facsimile)

Lauren M.W. Steinhaeuser (admitted in E.D. Texas)
lauren.steinhaeuser@faegredrinker.com
90 S. Seventh St., Suite 2200
Minneapolis, MN  55402
(612) 766-7000 (telephone)

Bethany N. Mihalik (admitted in E.D. Texas)
bethany.mihalik@faegredrinker.com
1500 K Street NW, Suite 1100
Washington, DC 20005
Tel: 202-312-7440

*Counsel for Defendants Academy, Ltd d/b/a
Academy Sports + Outdoors; Ace Hardware
Corporation; Dick's Sporting Goods, Inc.; Home
Depot U.S.A., Inc. and Home Depot Product
Authority, LLC; Target Corporation; Sears,
Roebuck and Co., and Sears Holdings Corporation;
and Transform SR LLC and Transform KM LLC*

*/s/ Steven A. Caloiaro*
**DICKINSON WRIGHT PLLC**
John S. Artz
jsartz@dickinsonwright.com
350 S. Main St., Suite 300
Ann Arbor, MI  48104
(734) 623-7075

Steven A. Caloiaro
scaloiaro@dickinsonwright.com

- 4 -

100 W. Liberty St., Suite 940
Reno, NV  8951
(775) 343-7500

Peter E. Doyle
pdoyle@dickinsonwright.com
2600 W. Big Beaver Rd., Suite 300
Troy, MI 48084-3312
(248) 205-5978

*Counsel for Defendants Academy, Ltd d/b/a
Academy Sports + Outdoors and Target
Corporation*


*/s/ Robert T. Cruzen*
 Robert T. Cruzen
 **KLARQUIST SPARKMAN LLP**
 One World Trade Center
 121 SW Salmon St., Suite 1600
 Portland, OR 97204
 *Counsel for Defendants Amazon.com, Inc.*
 *and Amazon.com LLC*

*/s/ John W. Harbin*
 John W. Harbin
 Gregory J. Carlin
 Walter Hill Levie III
 **MEUNIER CARLIN & CURFMAN LLC**
 999 Peachtree St. NE, Suite 1300
 Atlanta, GA  30309

 *Counsel for Defendants Bed Bath & Beyond Inc.;*
 *Costco Wholesale Corporation; Macy's Retail*
 *Holdings, Inc. and Macy's.com, LLC; Target*
 *Corporation; and Amazon.com, Inc. and*
 *Amazon.com, LLC*

 Michael C. Smith
 State Bar No. 18650410
 **SCHEEF & STONE, LLP**
 113 E. Austin St.
 Marshall, TX  75671
 Office: 903-938-8900
 Michael.Smith@solidcounsel.com

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Amazon.com, Inc. and Amazon.com LLC; Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Dick's Sporting Goods, Inc.; Macy's Retail Holdings, Inc. and Macy's.com, LLC; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; and Target Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on counsel of record, all of whom have consented to electronic service, on June 3, 2021.

*/s/ Bethany N. Mihalik*

- 6 -