IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 2:19-cv-00092-JRG-RSP |
| § | LEAD CASE |
| ACADEMY, LTD d/b/a ACADEMY § | |
| SPORTS + OUTDOORS, § | |
| § | |
| *Defendant*. § | |

### REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment of Invalidity for Lack of Written Description filed by Defendants Academy Ltd. d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Amazon.com, Inc.; Amazon.com, LLC; Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Dick's Sporting Goods, Inc.; Home Depot Product Authority, LLC; Home Depot U.S.A., Inc.; Macy's Inc.; Macy's.com, LLC; Target Corporation; Sears, Roebuck and Co.; Sears Holding Corporation; Transform SR LLC; and Transform KM LLC (collectively, "Defendants"). **Dkt. No. 209**. Defendants' Invalidity Motion asks the Court to grant Defendants summary judgment of invalidity for lack of written description based on an asserted lack of specification support for the limitation "built into . . . and partially recessed" recited in claims of the asserted patent. Dkt. No. 209 at 6; *see* Dkt. No. 1-1.

### I.  BACKGROUND

The above-captioned matter follows a previous lawsuit by Plaintiff Team Worldwide Corporation ("TWW") against Wal-Mart. Dkt. No. 126 at 7; *Team Worldwide Corporation v. Wal-Mart Stores, Inc. et al*, Case No. 2:17-cv-00235-JRG (the "*Wal-Mart* Case"), Dkt. No. 1 (E.D. Tex. Mar. 29, 2017). In the *Wal-Mart* Case, TWW accused Wal-Mart of infringing U.S. Patent

1

No. 9,211,018 (the "'018 Patent"). Intex Recreation Corp. and Intex Trading Ltd. (collectively, "Intex"), Coleman Company, Inc., and Bestway (USA), Inc. (collectively, "Intervenors") intervened in the *Wal-Mart* Case as part of indemnification agreements. *Wal-Mart* Case, Dkt. No. 84 at 1–3.

## II.   LEGAL STANDARDS

### A.  Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

### B. Written Description

A patent's written description must "clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed." *In re Gosteli*, 872 F.2d 1008, 1012 (Fed. Cir. 1989) (citation omitted). "The purpose of the written description requirement 'is to ensure that the scope of the right to exclude, as set forth in the claims, does not overreach the scope of the inventor's contribution to the field of art as described in the patent specification.'" *In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303, 1319 (Fed. Cir. 2011) (quoting *Reiffin v. Microsoft Corp.,* 214 F.3d 1342, 1345 (Fed. Cir. 2000)). "While the meaning of terms, phrases, or diagrams in a disclosure is to be explained or interpreted from the vantage point of one skilled in the art, all the limitations must appear in the specification." *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997).

To satisfy the written description requirement, the disclosure must "convey[] to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc). "[A] description which renders obvious a claimed invention is not sufficient to satisfy the written description requirement of that invention." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1567 (Fed. Cir. 1997) (citing *Lockwood v. American Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997). "[T]he hallmark of written description is disclosure. . . . [T]he test requires an objective inquiry into the four corners of the specification from the perspective of a [POSITA]." *Ariad*, 598 F.3d at 1351.

While a general description of an embodiment of a device can provide support for a claimed genus, a claim directed to a specific species must have support for that species to comply with the written description requirement. *See, e.g.*, *Knowles Elec. LLC v. Cirrus Logic, Inc.*, 883 F.3d 1358,

1365 (Fed. Cir. 2018) (affirming a lack of written description finding where the specification "merely disclose[d] a genus—solder pads that are capable of being connected to a board" but "fail[ed] [to] completely [] disclose the newly claimed species of such pads—pads that are connectable to a board specifically by using a reflow process" (citation omitted)). Written description can be met by figures provided "the drawings conveyed with reasonable clarity to those of ordinary skill that [the inventor] had in fact invented the [invention] recited in those claims." *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1566 (Fed. Cir. 1991). "Consideration of what the drawings conveyed to persons of ordinary skill is essential." *Id.*

The written description requirement is a question of fact but is amenable to summary judgment where no reasonable fact finder could return a verdict for the non-moving party. *PowerOasis, Inc. v. T–Mobile USA, Inc.*, 522 F.3d 1299, 1307 (Fed. Cir. 2008) (citing *Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1072–73 (Fed. Cir. 2005)); *LizardTech, Inc., v. Earth Res. Mapping, Inc.*, 424 F.3d 1336, 1346–47 (Fed. Cir. 2005); *Atl. Research Mktg. Sys., Inc. v. Troy*, 659 F.3d 1345, 1354–55 (Fed. Cir. 2011).

"A patent shall be presumed valid." 35 U.S.C. § 282(a). The presumption of validity may only be overcome by clear and convincing evidence of invalidity. *Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1374 (Fed. Cir. 2001)

### III. ANALYSIS

#### A. Written Description

Claims 1 and 14 are the only independent claims of the '018 Patent, and each recites the limitation "wherein the pump body is built into the exterior wall and wholly or partially recessed into the inflatable body." Dkt. No. 1-1 at 32. Defendants assert there can be no material dispute that the "built into" and "partially recessed" claim limitations required in all claims lack written

4

description support. Dkt. No. 209 at 5.

Each of the '018 Patent Claims recite "an electric pump . . . wherein the pump body is built into the exterior wall and wholly or partially recessed into the inflatable body . . . ." Dkt. No. 1-1 at 32. The Court has construed "built into" as having its plain and ordinary meaning. Dkt. No. 177 at 25. In the analysis of "built into," the Court stated:

> Defendants' proposed construction for "the pump body is built into the exterior wall" adds three limitations for built into: "directly in contact with," "integrated into," and "not detachable from." Dkt. No. 143 at 15. While the Court agrees that something "built into" is "integrated into" and "not detachable from," the Court disagrees on the added "directly in contact with" limitation.

*Id.* at 24. The Court explained that with respect to the "directly in contact with" proposed limitation, there can be intervening surfaces or mechanisms. *Id.*

Defendants contend that each '018 Patent Claim includes two alternative species for the claimed built-in pump body: either (1) the built-in pump body is "wholly . . . recessed into the inflatable body" or (2) the built-in pump body is "partially recessed into the inflatable body." Dkt. No. 209 at 15. Defendants argue that the specification does not disclose the second species: a built-in pump body that is "partially recessed into the inflatable body." *Id.* at 16–19. Defendants do not claim that the specification fails to disclose the first species: a built-in pump body that is "wholly . . . recessed into the inflatable body."

Defendants discuss Figures 13A and 13B (the "Eighth Embodiment") and Figure 14 (the "Ninth Embodiment") and assert that only those embodiments disclose the "partially recessed" embodiments and assert neither embodiment is described or disclosed as being non-detachable. *Id.* at 16. Defendants contend the Eighth Embodiment is described as directed to a detachable socket design during prosecution and the ninth embodiment merely states that the "housing 93 is mounted on the airbed (not shown)," which allegedly says nothing about whether the ninth embodiment is

detachable from the airbed. *Id.* (citing Dkt. No. 209-8; Dkt. No. 209-6 at 32; Dkt. No. 209-7 at 14). Defendant argues the relevant figures do not fill this gap in the description and because Figure 15 is described as being "permanently or detachably [fixed] to the airbed (not shown)" while the Eighth Embodiment and Ninth Embodiment are not described as such, this confirms that the Eighth Embodiment and Ninth Embodiment do not necessarily disclose not-detachable arrangements. *Id.* at 16–17 (citing *Knowles Elec.*, 833 F.3d at 1366).

Defendants further assert that TWW's expert testified that even the amended specification of the issued '018 Patent is "ambiguous" and "doesn't show" how the pump body is connected to the inflatable body. *Id.* at 17 (citing Dkt. No. 209-13 at 553:12–19, 556:8–557:1). Defendants argue "[a]ccordingly, there can be no dispute that the As-Filed Specification simply does not disclose whether the eighth and ninth embodiments--the only ostensibly relevant 'partially recessed' embodiments--are non-detachable from the inflatable body." *Id.* at 17 (citing *Hyatt v. Boone*, 146 F.3d 1348, 1353 (Fed. Cir. 1998) ("It is insufficient as a written description, for purposes of establishing priority of invention, to provide a specification that does not unambiguously describe all limitations.").

Defendants compare the present dispute to issues in *Atlantic Research* and *Ohshiro*. *Id.* Defendants assert that in *Atlantic Research* a patent directed to handguards for military rifles included claims covering two species of handguard attachment arrangements: ones with single-attachment and ones with dual-attachment. *Id.* at 17–18 (citing *Atl. Research Mktg. Sys., Inc. v. Troy*, 659 F.3d 1345, 1354 (Fed. Cir. 2011)). Defendants contend the Federal Circuit upheld the district court's grant of summary judgment of invalidity for lack of written description of the single-attachment design recited in claims 31–36 finding that the single-attachment design lacked written description, specifically, the claims "exceed[ed] in scope" the subject matter disclosed in

the as-filed specification, which was limited to the dual-attachment design recited in claims 1–30. *Id.* at 18 (citing *Atl. Research Mktg. Sys.*, 659 F.3d at 1355).

Defendants assert that in *Ohshiro* the Patent Trial and Appeal Board affirmed a written description rejection of claims to an internal combustion engine which recited the claim limitation "at least one of said piston and said cylinder having a recessed channel." *Id.* (citing *Ex parte Ohshiro*, Appeal No. 87-0642, 1989 WL 274429, at *1 (B.P.A.I. Sept. 19, 2011), *aff'd by* 485 F.App'x 436 (Fed. Cir. Oct. 15, 2012)). Defendants contend the Board found that this limitation recited two species with a recessed channel: a piston species and a cylinder species. *Id.* (citing *Ex parte Ohshiro*, 1989 WL 274429, at *2). Defendants assert the Patent Trial and Appeals Board affirmed the written description rejection since the application only disclosed a cylinder with a recessed channel, not a piston with a recessed channel, explaining that "[s]ince the 'piston' species is not disclosed in the original specification or claims, there is no compliance with the written description requirement of the first paragraph of 35 U.S.C. 112." *Id.* (quoting *Ex parte Ohshiro*, 1989 WL 274429, at *2). Defendants argue, like in *Atlantic Research* and *Ohshiro*, the '018 Patent Claims cover two alternative pump body species and lack disclosure for the partially recessed, non-detachable embodiment.

TWW first argues that Defendants do not dispute that the original drawings of the as-filed specification sufficiently disclose a pump body that is non-detachable from the exterior wall and wholly recessed into the inflatable body and that based on the Court's claim construction, a disclosure that satisfies a pump body wholly recessed into the inflatable body necessarily satisfies a pump body that is at least partially recessed into the inflatable body. Dkt. No. 245 at 5. TWW also argues that material facts are in dispute as to whether the original drawings in Figures 13A and 13B of the as-filed specification sufficiently disclose a non-detachable pump body that is at

7

least partially recessed into the inflatable body. *Id.* Lastly, TWW argues that material facts are in dispute as to whether the original drawings in Figures 14 and 15 of the as-filed specification sufficiently disclose a non-detachable pump body that is at least partially recessed into the inflatable body. *Id.* at 6.

Regarding TWW's argument that, based on the Court's claim construction, a disclosure that satisfies a pump body wholly recessed into the inflatable body necessarily satisfies a pump body that is at least partially recessed into the inflatable body, TWW merely makes the statement, points to the claims, and notes the Court construed "located in" to mean "wholly recessed." *See Id.* at 16. Although the Court construed "located in" to mean "wholly recessed," it does not follow that both species are covered by the disclosure. *See* Dkt. No. 177 at 27.

While this statement in TWW's argument is grammatically correct, this does not reflect the claim language and is not the question in dispute. The '018 Patent Claims describe an electric pump "wherein the pump body is built into the exterior wall and wholly **or** partially recessed into the inflatable body," not "wherein the pump body is built into the exterior wall and **at least** partially recessed into the inflatable body." Dkt. No. 1-1 at 32 (emphasis added). The Court's construction of "located in" to mean "wholly recessed" merely means the scope of the dependent claims that recite a "located in" limitation are limited to "wholly recessed" embodiments. *See Id.* While "partially recessed" does require the pump body be recessed to some degree, the differentiation between "wholly or partially recessed" indicates "partially recessed" excludes "wholly recessed." Accordingly, TWW's first argument does not follow.

TWW's second argument consistently uses the phrase "at least partially recessed" to address disclosure of both a partially recessed and wholly recessed pump. The Court addresses TWW's argument with respect to a partially recessed but not wholly recessed pump because

disclosure of a wholly recessed pump is not in dispute. TWW's second argument asserts that the original drawings in Figures 13A and 13B of the as-filed specification "sufficiently disclose a non-detachable pump body that is at least partially recessed into the inflatable body." Dkt. No. 245 at 16. Figures 13A and 13B are reproduced below:



FIG. 13A



FIG. 13B

Dkt. No. 1-1 at 25–26. TWW argues "[i]f the exterior wall of the airbed 80 defines a plane, then the pump body extends at least partially into the interior of the airbed 80 relative to that plane." Dkt. No. 245 at 17. TWW contends "[f]igures alone may constitute sufficient written description support and '[c]onsideration of what the drawings conveyed to persons of ordinary skill is essential.'" *Id.* (citing *Vas-Cath Inc.*, 935 F.2d at 1565–66). TWW continues, "[t]he description need only describe in detail that which is new or not conventional." *Id.* (citing *Hybritech, Inc. v.*

9

*Monoclonal Anitbodies, Inc.*, 802 F.2d 1367, 1384 (Fed. Cir. 1986)). To support TWW's argument, TWW cites testimony by TWW's expert, Dr. Stevick, from a deposition in the previous *Wal-Mart* Case, that shows Dr. Stevick opined on the figures as showing the pump body is non-detachable from the exterior wall. Dkt. No. 245 at 16 (citing Ex 9 at 487:5–8 ("Q. All right. So what you see in Figures 13A and 13B, that does show a pump body built into the exterior wall? A. Yes.")

TWW's arguments with respect to Figures 14 and 15 are similar: the figures themselves allegedly sufficiently disclose a non-detachable pump body that is partially recessed into the inflatable body. *Id.* at 18–20. Figures 14 and 15 are reproduced below:



FIG. 14

10



FIG. 15

Dkt. No. 1-1 at 27–28.

TWW argues that the cases Defendants cite are inapplicable because in each of those cases the patent owner failed to assert that the claim limitations were ever actually disclosed in the specification at issue. Dkt. No. 245 at 22. TWW contends the circumstance is instead directly comparable to *Cosper*, where the appellate court held that the original drawings for a car heating apparatus satisfied the written description requirement even though the original drawings failed to include a representation of the car in connection with the drawing illustrating the apparatus. *Id.* at 20 (citing *Cosper v. Gold*, 36 App. D.C. 302, 313, 1911 U.S. App. LEXIS 5579 (February 6, 1911)). TWW quotes the appellate court as explaining:

> But with a general knowledge of the art and the uses to which this system was intended to be practically applied, the inference is readily deducible that the thermostat was to be placed outside the car at least. This is strengthened by the fact that if not located outside the car, it must necessarily discharge water and steam therein. Considering then the arrangement of the pipes, radiators, connections, and traps as shown in that drawing, and adapted to the well-known car body, we cannot escape the conclusion that, notwithstanding a failure of the specifications to particularly

11

>    describe the location of the thermostat with respect to the car floor, that it was in the mind of the inventor it should be outside or underneath the floor.

*Id.* (quoting *Cosper*, 36 App. D.C. at 313).

Although the Court discounts TWW's argument about "wholly recessed" disclosures covering "partially recessed" disclosures by necessity, the Court is persuaded by TWW's argument that the figures are sufficient to disclose a non-detachable pump body that is partially recessed into the inflatable body. Within the context of the rest of the patent, a reasonable jury may find Figures 13A, 13B, 14, and 15 are sufficient to disclose a non-detachable pump body that is partially recessed into the inflatable body to a person of ordinary skill in the art. The factual dispute over whether these figures are sufficient to meet this written description issue is a genuine issue of material fact. Accordingly, Defendants' Motion should be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days, bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 4th day of June, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE