**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS,<br><br>Defendant. | Case No. 2:19-cv-92-JRG-RSP<br><br>LEAD CASE |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC, AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| THE HOME DEPOT, INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, and TARGET BRANDS, INC., | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, and TRANSFORM HOLDCO LLC,<br><br>Defendants. | Case No. 2:20-cv-00006-JRG-RSP<br><br>CONSOLIDATED CASES |

**[PROPOSED] REPLY IN SUPPORT OF DEFENDANTS' OBJECTION TO PRE-ADMISSION OF PTX-COM-240, -241, -302**

As the Magistrate Judge recognized in his Order on Defendants' motion *in limine* No. 1, "[u]nder 35 U.S.C. § 104, it is impermissible for TWW to establish a date of invention by reference to knowledge or use of the invention if it was only available in China or Taiwan." (Dkt. 439 (Order) at 4.) That ruling is fatal to the pre-admission of PTX-COM-240, PTX-COM-241, and PTX-COM-302—three pages of drawings undisputedly developed and maintained in Taiwan and/or China for which TWW has no use other than this "impermissible" purpose. Accordingly, Defendants respectfully ask the Court to overrule the Magistrate Judge's pre-admission of the Foreign Evidence.

The Magistrate Judge's ruling unambiguously prohibits TWW from establishing a date of invention using the Foreign Evidence, a conclusion TWW does not dispute in its Response. (Dkt. 439 (Order) at 4 ("[I]t is impermissible for TWW to establish a date of invention by reference to knowledge or use of the invention if it was only available in China or Taiwan.") (citing *Realtek Semiconductor Corp. v. Marvell Semiconductor, Inc.*, 2005 WL 3634617, at *5 (N.D. Cal. Nov. 21, 2005)); Dkt. 442 (TWW Resp.) at 2-3 (acknowledging that the Magistrate Judge's Order regarding § 104 prohibits "a specific use of evidence").) Because TWW does not dispute that the Foreign Evidence was not maintained, disclosed, or developed outside Taiwan or China, under § 104, the Foreign Evidence is—as a matter of law—unavailable to TWW as support for a date of invention earlier than the December 18, 2000 effective filing date of the '018 Patent.

It is also clear that TWW seeks to use the Foreign Evidence for exactly this "impermissible" purpose. At the pre-trial hearing, TWW represented to the Court that it intended to use the Foreign Evidence to "establish that [Mr. Wang] came up with this idea first," as "relevant to the priority date," and "relevant to that determination of whether Mr. Wang

1

invented the idea at issue first." (Dkt. 407 (Pre-Trial Hrg. Tr.) at 34:24-25, 35:6-7, 36:2-4.) Each is an "impermissible" attempt to establish an earlier date of invention.

Because the deposition designations for Mr. Tony Wang—already finalized and adjudicated at the pre-trial hearing—do not include testimony related to the Foreign Evidence, and because TWW's only other fact witness, Mr. Ken Wang, testified that he had no knowledge of the content, accuracy, or authorship of the Foreign Evidence (Ex. 1 (Wang Dep. Tr.) at 75:25-76:20, 81:11-22, 82:17-24), the only witnesses who could potentially testify as to the Foreign Evidence are TWW's experts. But TWW's expert reports include only "impermissible" analysis under § 104. The only substantive discussion of the Foreign Evidence by TWW's technical expert, Dr. Stevick, is under the heading "Priority Date of the '018 Patent," to opine that the date of invention is "at least September 27, 2000," (Ex. 2 (Stevick Reb. Rept.) ¶¶ 103-110.) Dr. Stevick repeats this conclusion without elaboration, referring to "evidence" that "Mr. Wang invented the disclosure in the '018 Patent at least as early as September 27, 2000," and "the '018's September [2000] priority date" to discuss why references should not be considered prior art. (*Id.* ¶¶ 202, 209-211, 375.) That type of discussion is precisely the discussion that the Magistrate Judge found precluded by § 104. For his part, Dr. Becker never—including in his report directed explicitly to secondary considerations—even mentions, much less addresses, the Foreign Evidence. Indeed, the Foreign Evidence does not even appear in Dr. Becker's materials considered. There is, accordingly, no timely disclosed, legally permissible expert opinion related to the Foreign Evidence.

In its Response, TWW for the first time asserts that the Foreign Evidence is "relevant for several purposes including rebutting Defendants' representations about certain prior art, support for secondary considerations of nonobviousness, and providing the necessary background for

2

how Mr. Tony Wang came up with and developed the patented invention." (Dkt. 442 at 2-3.) TWW's novel attempts to repackage its "impermissible" analysis fail. First, as to the "representations about prior art"—as demonstrated in Dr. Stevick's report, the only "representation" TWW seeks to rebut is whether the prior art pre-dates the patented invention. Dr. Stevick does not reference the Foreign Evidence in any other context. According to § 104, that is an impermissible use. Second, as to secondary considerations, Dr. Stevick and Dr. Becker do not reference the Foreign Evidence anywhere in the context of secondary considerations. Accordingly, although TWW never explains how the Foreign Evidence is even relevant to secondary considerations, any new opinion from the experts would be untimely. Finally, as to providing "context" for the development of the patented invention, this is simply the other side of the same coin addressed in connection with the first point—a repackaging of TWW's "impermissible" date of invention analysis. Again, Dr. Stevick's only discussion of the Foreign Evidence is in relation to the purported date of invention of the '018 patent. TWW may not circumvent the statutory prohibition on this evidence through semantic games restating "conception and reduction to practice" as "how Mr. Wang came up with and developed the patented invention."

Given the limitations of its expert reports and the Magistrate Judge's determination that the Foreign Evidence may not be used to establish an earlier date of invention, TWW has no basis to properly present the Foreign Evidence at trial. This issue has been extensively briefed and presented to the Court—on summary judgment, in motion *in limine* briefing, and in the exhibit pre-admission process—and TWW has in every instance failed to articulate a legally sufficient or timely disclosed basis to present the Foreign Evidence to the jury. Accordingly, the Court should overrule the Magistrate Judge's pre-admission of the Foreign Evidence.

Dated: June 4, 2021  Respectfully submitted,

 */s/ Bethany N. Mihalik*
Charles Everingham IV
State Bar No. 00787447
**WARD SMITH & HILL, PLLC**
P.O. Box 1231
Longview, TX 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
Email: ce@wsfirm.com

*Counsel for Defendants Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

**FAEGRE DRINKER BIDDLE & REATH LLP**
R. Trevor Carter (admitted in E.D. Texas)
trevor.carter@faegredrinker.com
Andrew M. McCoy (admitted in E.D. Texas)
andrew.mccoy@faegredrinker.com
Reid E. Dodge (admitted in E.D. Texas)
reid.dodge@faegredrinker.com
300 N. Meridian St., Suite 2500
Indianapolis, IN 46204
(317) 237-0300 (telephone)
(317) 237-1000 (facsimile)

Lauren M.W. Steinhaeuser (admitted in E.D. Texas)
lauren.steinhaeuser@faegredrinker.com
90 S. Seventh St., Suite 2200
Minneapolis, MN 55402
(612) 766-7000 (telephone)

Bethany N. Mihalik (admitted in E.D. Texas)
bethany.mihalik@faegredrinker.com
1500 K Street NW, Suite 1100
Washington, DC 20005
Tel: 202-312-7440

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

/s/ Steven A. Caloiaro
**DICKINSON WRIGHT PLLC**
John S. Artz
jsartz@dickinsonwright.com
350 S. Main St., Suite 300
Ann Arbor, MI 48104
(734) 623-7075

Steven A. Caloiaro
scaloiaro@dickinsonwright.com
100 W. Liberty St., Suite 940
Reno, NV 8951
(775) 343-7500

Peter E. Doyle
pdoyle@dickinsonwright.com
2600 W. Big Beaver Rd., Suite 300
Troy, MI 48084-3312
(248) 205-5978

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors and Target Corporation*

/s/ Robert T. Cruzen
Robert T. Cruzen
**KLARQUIST SPARKMAN LLP**
One World Trade Center
121 SW Salmon St., Suite 1600
Portland, OR 97204
*Counsel for Defendants Amazon.com, Inc. and Amazon.com LLC*

/s/ John W. Harbin
John W. Harbin
Gregory J. Carlin

5

Walter Hill Levie III
**MEUNIER CARLIN & CURFMAN LLC**
999 Peachtree St. NE, Suite 1300
Atlanta, GA  30309

*Counsel for Defendants Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Macy's Retail Holdings, Inc. and Macy's.com, LLC; Target Corporation; and Amazon.com, Inc. and Amazon.com, LLC*

Michael C. Smith
State Bar No. 18650410
Siebman, Forrest, Burg & Smith, LLP
113 E. Austin St.
Marshall, TX  75671
Office: 903-938-8900
michael.smith@siebman.com

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Amazon.com, Inc. and Amazon.com LLC; Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Dick's Sporting Goods, Inc.; Macy's Retail Holdings, Inc. and Macy's.com, LLC; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; and Target Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically, under seal, in compliance with Local Rule CV-5(a)(7).  A complete and unredacted copy of this document was served on counsel of record, all of whom have consented to electronic service, via email on May XX, 2021.

　　 */s/ Draft*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that Target Corporation's Brief Regarding TWW's Reliance on Foreign Evidence To Support Its Priority Date is filed under seal pursuant to the Protective Order (Dkt. 94).

  */s/ Draft*