# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, **Plaintiff,** v. ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS, **Defendant**. | Case No. 2:19-cv-00092-JRG-RSP LEAD CASE |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC., AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| HOME DEPOT PRODUCT AUTHORITY, LLC, HOME DEPOT U.S.A., INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S RETAIL HOLDINGS, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, TRANSFORM SR LLC, AND TRANSFORM KM LLC, **Defendants.** | Case No. 2:20-cv-00006-JRG-RSP CONSOLIDATED CASES |

**PLAINTIFF TEAM WORLDWIDE CORPORATION'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE REPORT & RECOMMENDATION (DKT. 437)**

Pursuant to Local Rule CV-72(b), Plaintiff Team Worldwide Corporation ("TWW") hereby responds to Defendants' Objections (Dkt. 444)("Obj.") to Magistrate Judge Payne's Report and Recommendation (Dkt. 437)("R&R") recommending denial of Defendants' Motion for Partial Summary Judgment on *Res Judicata* (Dkt. 126). Contrary to Defendants' objections, the R&R is based on a correct application of the law and facts and should be adopted. Defendants' objections fail to raise any new law or show any legal error in the R&R.

In the Wal-Mart case, TWW brought claims against Wal-Mart. The Wal-Mart Intervenors[1] intervened only to defend claims against Wal-Mart. The Intervenors asked for and received what they wanted – intervention by manufacturers and resolution limited to TWW's claims against Wal-Mart. The R&R correctly found that "the [Wal-Mart] Intervenors very clearly made a strategic decision in the Wal-Mart Case to limit their participation to defending and supporting Wal-Mart and its conduct." R&R at 6. This shielded the Intervenors from liability and damages outside of Wal-Mart's infringement.

In this case, TWW brought claims against different retailer-defendants ("Defendants"). The Intervenors are not parties to this case. The R&R correctly found that the retailer-defendants failed to establish privity with the Intervenors for the purpose of *res judicata*. *See* R&R at 6. The Defendants now repeat their unsuccessful arguments from the motion briefing in the Objection. Ultimately, Defendants did not meet their burden for summary judgment purposes on *res judicata*.

**A.    Limited Intervention Does Exist.**  Defendants are incorrect that "as a matter of law, there is no such thing as 'limited intervention.'" Obj. at 1. The Court has the right to limit an intervention or impose conditions upon the intervenor, even one of right under Rule 24(a)(2). *See Trbovich v. UMW*, 404 U.S. 528, 539 (1972)(remanding a denial of intervention under Rule

---

[1] Bestway, Coleman, and Intex ("Intervenors" or "Wal-Mart Intervenors"). Dkt. 142 at 1, n.2.

1

24(a)(2) with the direction to "allow limited intervention."); *see also Miniex v. Hous. Auth.*, No. 4:17-0624, 2019 U.S. Dist. LEXIS 94062, at *7 (S.D. Tex. June 5, 2019)(allowing intervention as a matter of right under Rule 24(a)(2), but stating "[h]owever, this grant of intervention is limited."); *see also Bibles v. City of Irving*, No. 3:08-CV-1795-M, 2009 U.S. Dist. LEXIS 67462, at *15 (N.D. Tex. July 28, 2009)("[T]he district court may impose reasonable conditions on a party who intervenes as of right. These conditions may include limiting the intervenor's participation in discovery or limiting the intervenor's participation to a single issue.").

Contrary to Defendants' objections, at least because of the limited intervention by the Intervenors in the case against Wal-Mart, TWW could not have brought the current claims involving other retailers in that case. Even if TWW could have done so, it was not required to bring claims against the Intervenors under the penalty of *res judicata*. See Dkt. 142 at 5-11; Dkt. 152 at 1-3. [2,3] Defendants ignore the body of case law that states that an intervenor cannot force a change in the scope of a case. *See* Dkt. 142 at 7. Thus, the Intervenors were not "vulnerable to complete adjudication" of (a) TWW's current claims involving other retailers or (b) new claims against the Intervenors, in the case that was against only Wal-Mart. *See* Obj at 2. The R&R correctly found that "the [Wal-Mart] Intervenors very clearly made a strategic decision in the Wal-Mart Case to limit their participation to defending and supporting Wal-Mart and its conduct." R&R at 6. This shielded the Intervenors from liability and damages outside of Wal-Mart's infringement.

---

[2] *Fractus, S.A. v. AT&T Mobility LLC*, 2018 WL 325369 (E.D. Tex. July 19, 2019) is not applicable because here, the Walmart Intervenors limited their intervention from the start, and the Court granted and upheld their request. *See* Dkt. 142 at 10, and *infra* at 3. Fairness dictates that Defendants should not now be permitted to use Intervenors' ability to limit their liability to game the court system and prejudice TWW.

[3] *ASARCO, LLC v. Montana Res, Inc.,* 858 F.3d 949, (5th Cir. 2017), also fails to support Defendants' point because the Court did not analyze privity, and it did not deal with intervention in an earlier case. *ASARCO* does not address the points central to the issues in this case. Moreover, the Court upheld the District Court's denial of a motion for summary judgment on res judicata.

Defendants now ignore the strategy and structure put into place by the Intervenors themselves. Whether claims could have been brought is only one element of *res judicata*, and cannot be viewed in a vacuum, as Defendants are attempting to persuade the Court to do.[4]

Defendants raise no new arguments pointing to a place in the record where the Intervenors enlarged the scope of the Wal-Mart case. Instead, this limited scope was upheld and applied multiple times throughout the Wal-Mart case, including, for example, the following: (1) Wal-Mart Intervenors were denied their motions to sever and transfer (Dkt. 142-3 at 15), (2) they were limited to joint invalidity contentions with Wal-Mart (Dkt. 142-9 at 14), (3) they did not dispute TWW's claim that Wal-Mart ultimately controlled the litigation (*compare* Dkt. 142 at 13 *to generally* Dkt. 148), and (4) they willingly agreed to a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Dkt. 142-10 at 4).



Moreover, as the R&R correctly acknowledges, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* R&R at 6-7. The Intervenors voluntarily agreed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Defendants cannot now undo that agreement.[5]

---

[4] *RPD Holdings, L.L.C. v. Tech Pharm. Servs. (In re Provider Meds, L.L.C.)*, 907 F.3d 845, 855 (5th Cir. 2018) largely deals with the terms of a license agreement and the facts are not on point with this case. *Adaptix, Inc. v. AT&T Mobility LLC,* No. 6:12-CV-17, 2015 U.S. Dist. LEXIS 197486, at *6 (E.D. Tex. May 12, 2015) is also not applicable here. This is not a case of repeated suits against the same retailer. *See* Dkt. 152 at 2.

[5] Unlike *Maz Encryption Techs., LLC v. Blackberry Ltd.,* 347 F. Supp.3d 283, 288 (N.D. Tex. 2018) and *Pactiv Corp. v. Dow Chem. Co.*, 449 F.3d 1227, 1232 (Fed. Cir. 2006), here, the Walmart Intervenors' Answers and statements to the Court were express, direct, and clear in their terms and effect. They were not implicit, nor did they rely on statements mostly or entirely made only in settlement discussions (as in the *Maz* case). *See* Dkt. 142 at 14-15; s*ee also* Dkt. 152 at 3.

**B.    Defendants Failed to Show Privity for the Purpose of *Res Judicata*.** Judge Payne correctly assessed privity for the purposes of *res judicata*. Defendants failed to meet their requirements under the Fifth Circuit law, which the R&R plainly relied on as it is cited at least twice. R&R at 3 and 4. It is Defendants who ignore the legal standard for the Fifth Circuit and continue to rely on a simplified notion that a contractual indemnification agreement is sufficient to establish privity for the purposes of *res judicata*. *See* Obj. at 2 n.1. But Defendants failed to present those indemnification agreements or cite any specific provision or language that would establish the necessary privity.[6] Defendants did not provide the evidence they now criticize Judge Payne for not considering.

The R&R does not rely on "an inaccurate description of the Intervenor's participation in the Wal-Mart litigation." Obj. 4.[7] As discussed above, the Intervenors' participation in the Wal-Mart case did not enlarge the scope of the Wal-Mart case beyond Wal-Mart's infringement.

Regarding the hearing in the Wal-Mart Case (*see* R&R at 5-6; Obj. at 4), Defendants claim that Judge Gilstrap never ruled on whether the Intervenors were following a first path of "limited

---

[6] Defendants also failed to provide other material evidence in support of their position, as referenced in TWW's Opposition (Dkt. 142). For example, Defendants did not dispute the fact that that Walmart was the final decision-maker in the litigation (*see id.* at 13), they did not show that the Walmart Intervenors had any property rights to convey to Defendants (*id*.,) or that the Walmart Intervenors adequately represented Defendants' interests in the Walmart case (*id*.). Moreover, Defendants have not even identified specifically how the time period for an "overlapping products" would be counted (*id.* at 11-12; *see also* Dkt 152 at 3).

[7] Defendants state that the Walmart Intervenors "serv[ed] separate invalidity contentions" (Obj. at 4,) but this is misleading because the Court ordered joint contentions with Walmart – they only served a separate copy. *See* Dkt. 142 at 9-10; *see also* Dkt. 152 at 1, n. 1. Defendants also state that the Walmart Intervenors "were separately served infringement contentions by TWW," (Obj. at 4,) but this is misleading because TWW simply served a separate copy of TWW's contentions against Walmart on them. *See* Dkt. 142 at 9-10; *see also* Dkt. 152 at 1, n. 1. Defendants also state that it is "undisputed" that the Walmart Intervenors were "parties to the dismissal with prejudice… ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓," (Obj. at 4-5) which is misleading as noted in the briefing and for the reasons stated herein. *See* Dkt. 142 at 3.

4

intervention" or a second path of "expanded intervention" by stepping out from behind Wal-Mart. Obj. at 4. However, the Court does appear to have ruled on this issue when it limited the Wal-Mart Intervenors to "joint" invalidity contentions with Wal-Mart, consistent with limited intervention. Dkt. 142-9 at 14. Further, Defendants point to no event or place in the record where the Wal-Mart Intervenors ever did affirmatively step out from behind Wal-Mart. In response to Judge Gilstrap's statement that the Intervenors had limited the scope of the case in their Answers, (Dkt. 142-8 at 43:24-44:10; *see also id.* at 46:9-14), Counsel speaking on behalf of Wal-Mart and the Intervenors[8] responded, "Yes. And that is how we answered." *Id.* at 44:11[9]. Therefore, Defendants fail to present any evidence that "demonstrates that the [Wal-Mart] Intervenors elected the second path." Obj. at 4.

Even as Defendants continue to claim broad sweeping privity sufficient for *res judicata,* Defendants refuse to give up any non-infringement or invalidity arguments in this case. Defendants attempt to use privity as both a sword (asserting privity for res judicata) and shield (asserting no privity for claim construction, non-infringement, and invalidity). Indeed, Defendants continue to dispute infringement for certain accused products previously admitted to infringe by Wal-Mart and Intervenors. *See generally* Dkt. 248. The R&R rightly limited Defendants' gamesmanship in this case.

**C.     Conclusion.**   For the above reasons, as well as those raised in TWW's briefing, TWW respectfully requests that the Court adopt the R&R and deny Defendants' Motion for Partial Summary Judgment on *Res Judicata*.

---

[8] *Id.* at 4:10-11 ("Trevor Carter on behalf of the Defendants and Intervenors").

[9] It appears that at the time of this hearing there was a misunderstanding on the part of Defendants about whether TWW's infringement contentions were limited to products sold by Walmart, or additional products sold by other retailers. Counsel for TWW clarified on the record that the infringement contentions were limited to products sold by Walmart. *Id.* at 49:6-10.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Date: June 14, 2021 | */s/ Korula T. Cherian* |
|  | Korula T. Cherian |
|  | Robert Harkins |
|  | **RuyakCherian LLP** |
|  | 1936 University Ave., Suite 350 |
|  | Berkeley, CA 94702 |
|  | Telephone: (510) 944-0190 |
|  | sunnyc@ruyakcherian.com |
|  | bobh@ruyakcherian.com |

Robert F. Ruyak
Corrine Saylor Davis
J. Michael Woods
Jane Inkyung Shin
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
corrinesd@ruyakcherian.com
michaelw@ruyakcherian.com
janes@ruyakcherian.com

Elizabeth L. DeRieux
State Bar No. 05770585
**Capshaw DeRieux, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ederieux@capshawlaw.com

Mark Mann
Blake Thompson
**Mann | Tindel | Thompson**
300 West Main
Henderson, TX 75652
Office 903-657-8540
mark@themannfirm.com
blake@themannfirm.com

*Counsel for Plaintiff Team Worldwide Corporation*

### CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will automatically notify all registered counsel of record.

*/s/ Robert Harkins*

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Robert Harkins*