# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, **Plaintiff,** v. ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS, **Defendant**. | Case No. 2:19-cv-00092-JRG-RSP LEAD CASE |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC., AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| HOME DEPOT PRODUCT AUTHORITY, LLC, HOME DEPOT U.S.A., INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S RETAIL HOLDINGS, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, TRANSFORM SR LLC, AND TRANSFORM KM LLC, **Defendants.** | Case No. 2:20-cv-00006-JRG-RSP CONSOLIDATED CASES |

**PLAINTIFF TEAM WORLDWIDE CORPORATION'S RESPONSE
TO MAGISTRATE JUDGE PAYNE'S ORDER (DKT. 457)**

Pursuant to Magistrate Judge Payne's Order (Dkt. 457), Plaintiff Team Worldwide Corporation ("TWW") hereby responds to address the two questions regarding the "Reference" documents in Exhibit 3 (Dkt. 253-03) to TWW's Opposition (Dkt. 253):

1. Did Dr. Stevick rely on and review each and every one of the[] "Reference" documents [in Exhibit 3 to TWW's Opposition] during the preparation of his report?

2. If so, were these "Reference" documents incorporated into – or otherwise part of – Exhibit 20 [to Dr. Stevick's infringement report]?

Dr. Stevick reviewed and relied upon each and every Bates-numbered product page listed in Exhibit 3. These Bates-numbered product pages, which correspond to 125 of the 158 accused products, were incorporated by reference into Exhibit 20. As explained further below, for the "web addresses" listed in Exhibit 3, which correspond to the remaining 33 accused products, Dr. Stevick reviewed Bates-numbered product pages for the products corresponding to the listed web address, a physical sample of the accused product, and/or other publicly-available information. Thus, the web addresses listed in Exhibit 3 were not expressly identified in his report. In sum, Dr. Stevick reviewed a physical product and/or document for each accused product in preparing his infringement report.

## I. Dr. Stevick Reviewed and Relied on Every Product Page Listed in Exhibit 3

The "Reference" documents listed in Exhibit 3 (Dkt. 253-03) for each of the 158 accused products recite either: (a) Bates-numbered product pages from Amazon's website or (b) web addresses for product pages from Amazon's website.

First, for 125 of the 158 accused products there are Bates-numbered product pages from Amazon's website listed as the "Reference" documents in Exhibit 3. Dr. Stevick reviewed and relied on at least the Bates-numbered product pages for these 125 accused products during the preparation of his infringement report, and those references are cited in the infringement

contentions cited in his report in Exhibit 20.

The remaining 33 of the 158 accused products from Amazon's website listed as the "Reference" document in Exhibit 3 were listed by product website addresses. Of these, 12 products correspond to (i) other products sold by Amazon that have Bates-numbered product pages via Amazon's website[1]; or (ii) other products sold by Sears/Transform[2] that have Bates-numbered product pages via Sears' website. Dr. Stevick reviewed and relied on at least the Bates-numbered product pages for all retailers (including Amazon and Sears/Transform) for these 12 accused products during the preparation of his infringement report.

The 21 remaining products are not at issue in this case because Amazon reported no sales for them. They are listed by web address in Exhibit 3.[3] Dr. Stevick confirmed in his deposition that he examined a physical product or document for every accused product (*see* Dkt. 323, TWW's Sur-Reply, at 2 (citing Dkt. 323-002, Ex. 12, Stevick 12/28/20 Depo Tr. at 91:4-13[4] and 96:1-6[5])); and noted in his infringement report, that his analysis was also based on publicly available information (*see* Dkt. 323, Sur-Reply, at 2 (citing Dkt. 323-001, Ex. 11, Stevick Inf. Rep. at 5,

---

[1] E.g., AirComfort and Merax BIP airbeds.
[2] E.g., Cumbor, Giantex, Marnur, OlarHike, Zoetime BIP airbeds.
[3] E.g., BAYKA, Camabel, Elsibai, Forbidden Road, Giantex, GOFLAME, HIFORT, Hiwena, OlarHike, Spreey, Tuomico WEY&FLY, Zoternen BIP airbeds.
[4] Q: Are there some of the products that are listed in these exhibits for which you didn't have either documents or a physical sample? A: Probably Not. Q: Okay. So, you believe that you had documents or a physical sample for every product that you have included in your exhibits where you list out the accused products; is that right? A: I believe that is the case, yes.
[5] Q: Are there any products – I just want to make sure we are clear on this. Are you testifying that there are no products for which you didn't have a physical sample or a document to look at? A: I think of the ones I've analyzed, I had the physical sample or a document to look at.

note 2[6]); *see also* Dkt. 261-04, Stevick Inf. Rep. at ¶ 212[7]). However, the web addresses were not listed in Dr. Stevick's report or the infringement contentions.

## II. The Product Pages in Exhibit 3 were Incorporated by Reference into TWW's Infringement Contentions Which were Listed in Exhibit 20 to Dr. Stevick's Infringement Report.

As explained above, Dr. Stevick reviewed and relied on Bates-numbered product pages for 137 (125 +12) products, and incorporated by reference these documents in the infringement contentions. The remaining 21 products (for which Amazon has reported no sales) have no citations in Exhibit 20 or the infringement contentions. However, in Dr. Stevick's report, he repeatedly discussed reviewing publicly available websites in his analysis of accused products. *See* Dkt. 323, Sur-Reply, at 2 (citing Dkt. 323-001, Ex. 11, Stevick Inf. Rep. at 5, note 2[8]); *see also* Dkt. 261-04, Stevick Inf. Rep. at ¶ 212[9]. Additionally, during deposition, Dr. Stevick repeatedly confirmed that he looked at either a physical sample or document for each accused product. *See* Dkt. 323, TWW's Sur-Reply, at 2 (citing Dkt. 323-002, Ex. 12, Stevick 12/28/20 Depo Tr. at 91:4-13[10] and 96:1-6[11]).

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Date: June 18, 2021 | */s/ J. Mark Mann* |
|  | Korula T. Cherian |
|  | Robert Harkins |
|  | **RuyakCherian LLP** |
|  | 1936 University Ave., Suite 350 |
|  | Berkeley, CA 94702 |
|  | Telephone: (510) 944-0190 |

---

[6] "These exhibits list [accused] products identified based upon physical inspection of products, review of written discovery, produced documents, and/or publicly available information…."

[7] "…Based upon discussions with Ken Wang ***and my own search on one or more of Defendants' websites***, I understand BIP air beds to be its own category of air beds that appeared to largely define the indoor market for air beds during the damages period…." (emphasis added).

[8] *See* note 6, *infra*.

[9] *See* note 7, *infra*.

[10] *See* note 4, *infra*.

[11] *See* note 5, *infra*.

sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Robert F. Ruyak
J. Michael Woods
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
michaelw@ruyakcherian.com

Elizabeth L. DeRieux
State Bar No. 05770585
**Capshaw DeRieux, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ederieux@capshawlaw.com

J. Mark Mann
State Bar No. 12926150
Blake Thompson
State Bar No. 24042033
**Mann | Tindel | Thompson**
201 E. Howard St.
Henderson, TX 75654
Office 903-657-8540
mark@themannfirm.com
blake@themannfirm.com

*Counsel for Plaintiff Team Worldwide Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 18, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will automatically notify all registered counsel of record.

                                      /s/ *J. Mark Mann*
                                      *Counsel for Plaintiff Team*
                                      *Worldwide Corporation*