# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ACADEMY, LTD D/B/A ACADEMY SPORTS + OUTDOORS,<br><br>Defendant. | Case No. 2:19-cv-92-JRG-RSP<br><br>LEAD CASE |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC, AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| THE HOME DEPOT, INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, and TARGET BRANDS, INC., | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, and TRANSFORM HOLDCO LLC,<br><br>Defendants. | Case No. 2:20-cv-00006-JRG-RSP<br><br>CONSOLIDATED CASES |

**<u>DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION
ON THE MOTION FOR SUMMARY JUDGMENT OF INVALIDITY
FOR LACK OF WRITTEN DESCRIPTION</u>**

██████████████████████████████████████

Pursuant to Fed. R. Civ. P. 72(a) and Local Rule CV-72(b), Defendants respectfully object to the Magistrate Judge's Report and Recommendation on Defendants Motion for Summary Judgment of Invalidity for Lack of Written Description. (*See* Dkt. No. 449 ["Report and Recommendation"].) In the Report and Recommendation, the Magistrate Judge determined that "a reasonable jury may find Figures 13A, 13B, 14, and 15 are sufficient to disclose a non-detachable pump body that is partially recessed into the inflatable body to a person of ordinary skill in the art." (*Id.* at 12.) This was clearly erroneous and contrary to law.

## I. Background

U.S. Patent No. 9,211,018 (the "'018 Patent") includes two independent claims: claims 1 and 14. (Dkt. No. 1-1, at 32.) Claims 1 and 14 each recite the limitation: "wherein the pump body is built into the exterior wall and wholly or partially recessed into the inflatable body." (*Id.*) The Court construed "built into" as having its plain and ordinary meaning, which includes a "not detachable from" requirement. (Dkt. No. 177, at 24.) The Magistrate Judge correctly determined that this limitation is directed to two separate and distinct species: (1) a non-detachable, wholly recessed pump body species (the "Non-detachable, Wholly Recessed Species"); and (2) a non-detachable, partially recessed species (the "Non-detachable, Partially Recessed Species"). (Report and Recommendation, at 8.) In so doing, the Magistrate Judge correctly rejected TWW's argument to the contrary. (*Id.* ("While 'partially recessed' does require the pump body be recessed to some degree, the differentiation between 'wholly or partially recessed' indicates 'partially recessed' excludes 'wholly recessed.' Accordingly, TWW's first argument does not follow.").)

The '018 Patent claims priority to U.S. Patent Application No. 09/738,331 (the "As-Filed Specification"), which was filed on December 18, 2000 and ultimately matured into U.S. Patent No. 6,793,469 (the "'469 Patent"). (Dkt. No. 1-1, code (60).) TWW maintains that the '018 Patent

is "entitled to a priority date at least as early as the filing date of the [As-Filed Specification.]" (Dkt. No. 245, at 6.) Thus, there is no dispute that written description support for the '018 Patent must be found, if at all, in the As-Filed Specification and, more specifically, the eighth (Figs. 13A, 13B), ninth (Fig. 14), and tenth (Fig. 15) embodiments of the As-Filed Specification. (*Id.* at 1-3.) For reference, these embodiments are reproduced below:



████████████████████████████████████

II. <u>**Argument**</u>

The Report and Recommendation is clearly erroneous and contrary to law for several reasons.

**First**, the Report and Recommendation erroneously determined that the tenth embodiment (Figure 15) may provide support for the Non-detachable, Partially Recessed Species. (Report and Recommendation, at 12.) However, TWW did not dispute that the tenth embodiment disclosed only a wholly recessed (as opposed to a partially recessed) pump body arrangement. (*Compare* Dkt. No. 209, Statement of Fact ["SUF"] No. 5 (stating that the tenth embodiment is directed to a "wholly recessed" arrangement), *with* Dkt. No. 245, at 7 (not disputing that fact).) Thus, pursuant to this Court's Local Rules and basic summary judgment practice, the tenth embodiment does not provide support for the Non-detachable, Partially Recessed Species. *Regions Equip. Fin. Corp. v. AT 2400, Off. No. 530775*, No. 1:10-CV-215, 2010 WL 11531292, at *3 n.5 (E.D. Tex. Sept. 2, 2010), *aff'd*, 640 F.3d 124 (5th Cir. 2011) ("Under Local Rule CV-56(c), the court assumes that the facts as claimed and supported by admissible summary judgment evidence by the moving party are true, unless controverted by the non-moving party in its response and supported by admissible summary judgment evidence."). Indeed, if the Magistrate Judge were correct regarding the tenth embodiment, the '018 Patent would be invalid for a different reason—specifically, the '018 Patent would lack written description support for the Non-detachable, Wholly Recessed Species, as the only remaining relevant embodiments (the eighth and ninth embodiments) are directed to partially recessed arrangements. (*Compare* Dkt. No. 209, SUF Nos. 6 and 7 (stating that the eighth and ninth embodiments are directed to "partially recessed" arrangements), *with* Dkt. No. 245, at 7 (not disputing these facts).)

**Second**, the Report and Recommendation overlooks determinative evidence—in the form

- 3 -

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ of testimony from TWW's expert (Dr. Stevick) and TWW's own public admissions—that the As-Filed Specification is silent as to the non-detachability of the pump body in the eighth and ninth embodiments. With respect to the eighth embodiment, Dr. Stevick testified that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ (Dkt. No. 209-2 (Ex. 7), 184:3-10 (emphasis added).) Dr. Stevick testified similarly with respect to the ninth embodiment, acknowledging that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. (*Id.* at 186:6-12 (emphasis added), 186:22-187:9.) TWW's representations regarding the teachings of the As-Filed Specification for these embodiments in filings before the Federal Circuit are consistent with Dr. Stevick's testimony. (Dkt. No. 291-2, at 17 ("[T]he specification is ***simply silent*** as to whether the Eighth and Ninth embodiments are detachable or not detachable" (emphasis added)); Dkt. No. 291-3, at 28.) In light of such evidence, no reasonable jury could find that the As-Filed Specification provides written description support for the Non-detachable, Partially Recessed Species. *Hyatt v. Boone*, 146 F.3d 1348, 1353 (Fed. Cir. 1998) ("It is insufficient as written description, for purposes of establishing priority of invention, to provide a specification that does not unambiguously describe all limitations."). It was clear error for the Magistrate Judge to find otherwise and, notably, completely ignore this evidence in reaching that conclusion. (*See generally* Report and Recommendation.)

**Third**, the Report and Recommendation focuses on the disclosure of the '018 Patent, rather than the As-Filed Specification. Specifically, the Court analyzed only Figures 13A, 13B, 14, and 15 of the '018 Patent and explained that it was "persuaded by TWW's argument that the figures are sufficient to disclose a non-detachable pump body that is partially recessed into the inflatable body." (Report and Recommendation, at 8-12.) The Magistrate Judge's focus on Figures 13A, 13B, 14, and 15 in the '018 Patent—rather than the figures as they appeared in the As-Filed Specification

██████████████████████████████████████

that TWW relies upon for priority (Dkt. No. 245, at 6)—is contrary to black-letter law. *Ariad Pharm., Inc. v. Eli Lilly and Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc) ("[T]he test for sufficiency is whether ***the disclosure of the application relied upon*** reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." (emphasis added)). It is also contrary to TWW's own arguments, which focus on the "original drawings" in the As-Filed Specification, as binding authority requires. (Dkt. No. 245, at 11.) This is significant because neither Figure 14 nor Figure 15 in the As-Filed Specification disclose the inflatable body; instead, they simply disclose pumps. (*Compare* Dkt. No. 209-2 (Ex. 1), at TWW_CONSOL-00000075-0000076 (omitting reference numerals 90, 180 and corresponding disclosure), *with* Dkt. No. 1-1, Figs. 14 and 15 (including reference numerals 90, 180 and corresponding disclosure).) By focusing only on the '018 Patent and not the As-Filed Specification, the Magistrate Judge overlooked this important omission.

### III. <u>Conclusion</u>

For at least the foregoing reasons, Defendants respectfully object to the Magistrate Judge's Report and Recommendation on Defendants Motion for Summary Judgment of Invalidity for Lack of Written Description. (*See* Dkt. Nos. 209, 449 [Report and Recommendation].) Defendants respectfully request that the Court not adopt the Report and Recommendation and instead enter an Order finding that the '018 Patent is invalid.

Dated: June 18, 2021

Respectfully submitted,

 /s/ Reid E. Dodge
Charles Everingham IV
State Bar No. 00787447
**WARD SMITH & HILL, PLLC**
P.O. Box 1231
Longview, TX  75606-1231

██████████████████████████████

(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
Email: ce@wsfirm.com

*Counsel for Defendants Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

**FAEGRE DRINKER BIDDLE & REATH LLP**
R. Trevor Carter (admitted in E.D. Texas)
trevor.carter@faegredrinker.com
Andrew M. McCoy (admitted in E.D. Texas)
andrew.mccoy@faegredrinker.com
Reid E. Dodge (admitted in E.D. Texas)
reid.dodge@faegredrinker.com
300 N. Meridian St., Suite 2500
Indianapolis, IN  46204
(317) 237-0300 (telephone)
(317) 237-1000 (facsimile)

Lauren M.W. Steinhaeuser (admitted in E.D. Texas)
lauren.steinhaeuser@faegredrinker.com
90 S. Seventh St., Suite 2200
Minneapolis, MN  55402
(612) 766-7000 (telephone)

Bethany N. Mihalik (admitted in E.D. Texas)
bethany.mihalik@faegredrinker.com
1500 K Street NW, Suite 1100
Washington, DC 20005
Tel: 202-312-7440

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

                          */s/ John S. Artz*

██████████████████████████

        **DICKINSON WRIGHT PLLC**
        John S. Artz
        jsartz@dickinsonwright.com
        350 S. Main St., Suite 300
        Ann Arbor, MI  48104
        (734) 623-7075

        Steven A. Caloiaro
        scaloiaro@dickinsonwright.com
        100 W. Liberty St., Suite 940
        Reno, NV  8951
        (775) 343-7500

        Peter E. Doyle
        pdoyle@dickinsonwright.com
        2600 W. Big Beaver Rd., Suite 300
        Troy, MI 48084-3312
        (248) 205-5978

        *Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors and Target Corporation*


 */s/ Robert T. Cruzen*
        Robert T. Cruzen
        **KLARQUIST SPARKMAN LLP**
        One World Trade Center
        121 SW Salmon St., Suite 1600
        Portland, OR 97204
        *Counsel for Defendants Amazon.com, Inc. and Amazon.com LLC*

 */s/ Walter Hill Levie III*
        John W. Harbin
        Gregory J. Carlin
        Walter Hill Levie III
        **MEUNIER CARLIN & CURFMAN LLC**
        999 Peachtree St. NE, Suite 1300
        Atlanta, GA  30309

        *Counsel for Defendants Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Macy's Retail Holdings, Inc. and Macy's.com, LLC; Target*

██████████████████████████████

*Corporation; and Amazon.com, Inc. and Amazon.com, LLC*

Michael C. Smith
State Bar No. 18650410
Siebman, Forrest, Burg & Smith, LLP
113 E. Austin St.
Marshall, TX 75671
Office: 903-938-8900
michael.smith@siebman.com

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Amazon.com, Inc. and Amazon.com LLC; Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Dick's Sporting Goods, Inc.; Macy's Retail Holdings, Inc. and Macy's.com, LLC; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; and Target Corporation*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically, under seal, in compliance with Local Rule CV-5(a)(7). A complete and unredacted copy of this document was served on counsel of record, all of whom have consented to electronic service, via email on June 18, 2021.

　　　　　　　　　　　　　　　　　　　/s/ Reid E. Dodge

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that Defendants' Objections to the Report and Recommendation on the Motion for Summary Judgment of Invalidity for Lack of Written Description is filed under seal pursuant to the Protective Order (Dkt. 94).

　　　　　　　　　　　　　　　　　　　/s/ Reid E. Dodge

- 8 -