# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, **Plaintiff,** v. ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS, **Defendant**. | Case No. 2:19-cv-00092-JRG-RSP LEAD CASE |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC., AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| HOME DEPOT PRODUCT AUTHORITY, LLC, HOME DEPOT U.S.A., INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S RETAIL HOLDINGS, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, TRANSFORM SR LLC, AND TRANSFORM KM LLC, **Defendants.** | Case No. 2:20-cv-00006-JRG-RSP CONSOLIDATED CASES |

**PLAINTIFF TEAM WORLDWIDE CORPORATION'S RESPONSE IN OPPOSITION TO DEFENDANTS' OBJECTIONS TO ORDER ON DEFENDANTS' MOTION IN LIMINE NO. 1**

I.  **INTRODUCTION**

Pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 72(b), Plaintiff Team Worldwide Corporation ("TWW") responds in opposition to Defendants' Objections (Dkt. 447, "Objections") to the Magistrate Judge's Order (Dkt. 439, "Order") on Defendants' Motion in Limine No. 1 ("MIL No. 1"). The Order denying Defendants' MIL No. 1 is neither clearly erroneous nor contrary to law. And as Defendants again fail to demonstrate how the '760 Patent is not relevant to this litigation and how TWW's statements control the intrinsic scope of the patent (contrary to the Court's Order), TWW respectfully requests the Court to affirm the Court's Order and deny Defendants' MIL No. 1.

II. **ARGUMENT**

A.  **The '760 Patent is Relevant.**

Contrary to Defendants' claims, the question at issue is not whether TWW's statement controls the ***admission*** of the '760 Patent into trial at this stage; the question is whether the '760 Patent is relevant. Defendants do not—in any meaningful way—discuss the relevance (or the alleged irrelevance) of the '760 Patent. The only point on relevance, on which Defendants briefly touch, deals solely with TWW's statement. *See* Objection at 2 ("TWW conceded that the '760 Patent is irrelevant to the priority date of the asserted claims of the '018 Patent . . ..").

Defendants ignore that the '760 Patent is relevant particularly in light of Defendants' interpretation of certain alleged prior art references. As discussed in TWW's briefing for Defendants' Motion for Summary Judgment of No Early Priority Date, Defendants are interpreting U.S. Provisional Patent Appl. No. 60/204,836 ("the '836 Provisional"), as part of their invalidity arguments, to disclose a built-in pump. *See* Dkt. Nos. 259 and 325. But both Dr. Stevick in his expert report and the U.S. Patent Trial and Appeal Board determined that the '836 Provisional

does not disclose a built-in pump as described in the asserted '018 Patent. To the extent, Defendants argue the '836 Provisional discloses the built-in pump of the '018 Patent, contrary to the PTAB's determination, then – applying the same interpretation – TWW's '760 Patent discloses the same built-in pump. At a minimum, the jury is entitled to weigh Defendants' interpretation of the disclosure of the '836 Provisional with respect to the disclosure of the '760 Patent and whether TWW's '018 Patent is entitled to an earlier priority date.

Thus, the Court's ruling is correct: "The '760 Patent therefore has not been shown to be irrelevant to the issue of determining a priority date." Order at 3. Accordingly, TWW respectfully requests the Court to affirm the Magistrate Judge's Order.

### B. Inventor Statements Do Not Control the Intrinsic Scope of a Patent.

Despite the Court's express ruling that inventor statements do not control the intrinsic scope of a patent, Defendants again argue that TWW's statements determine that the '760 Patent must be excluded from use at trial. *See* Order at 3 ("Even if taken as true that the inventor 'did not see[] anything that could support the asserted claims of the '018 patent in the '760 patent and [he] described it as not related to '018 patent,' that is not dispositive. ***The intrinsic scope of the patent is not controlled by the inventor's statements***.") (emphasis added). Defendants' reiterating the substance of TWW's statements do not overcome the well-established law that "courts examine the patent's intrinsic evidence to define the patented invention's scope." *See Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1347 (Fed. Cir. 2008) ("As we have explained, 'it is not unusual for there to be a significant difference between what an inventor thinks his patented invention is and what the ultimate scope of the claims is after allowance by the PTO.'"); *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 983 (Fed. Cir. 1995) (en banc), *aff'd,* 517 U.S. 370 ("[t]he subjective intent of the inventor when he used a particular term

2

is of little or no probative weight in determining the scope of a claim."). Thus, the focus of Defendants' Opposition is misplaced and unpersuasive. Accordingly, the Court should reject Defendants' Objection.

Rule 402 of the Federal Rules of Evidence expressly states that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 402. Notwithstanding the express language of Rule 402, Defendants claim that the case law addressing the possible *use* of the '760 Patent should govern the admission of the '760 Patent. The cases cited by Defendants do not address in any way whether such evidence shall be admitted or excluded from use at trial. And without any legal basis, Defendants argue that the Magistrate Judge must have "address[ed] this motion-determinative admission in the Order" rather than determining the relevance of the '760 Patent. *See* Objections at 2. Defendants fail to present any controlling and persuasive case law to support its claims, TWW respectfully requests the Court to reject Defendants' unsupported arguments.

## C. CONCLUSION

For the foregoing reasons, TWW respectfully requests the Court to affirm the Magistrate Judge's Order regarding Defendants' motion *in limine* No. 1.

Date: June 18, 2021

Respectfully Submitted,
/s/ *Korula T. Cherian*
Korula T. Cherian
Robert Harkins
**RuyakCherian LLP**
1936 University Ave., Suite 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Robert F. Ruyak
J. Michael Woods
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
michaelw@ruyakcherian.com

Elizabeth L. DeRieux
State Bar No. 05770585
**Capshaw DeRieux, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ederieux@capshawlaw.com

Mark Mann
Blake Thompson
**Mann | Tindel | Thompson**
300 West Main
Henderson, TX 75652
Office 903-657-8540
mark@themannfirm.com
blake@themannfirm.com

*Counsel for Plaintiff Team Worldwide Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will automatically notify all registered counsel of record.

/s/ *Korula T. Cherian*
*Counsel for Plaintiff Team Worldwide Corporation*