## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, | |
| **Plaintiff,** | |
| v. | Case No. 2:19-cv-00092-JRG-RSP |
| ACADEMY, LTD d/b/a ACADEMY SPORTS + OUTDOORS, | LEAD CASE |
| **Defendant**. | ████████████ |
| | |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC., AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| HOME DEPOT PRODUCT AUTHORITY, LLC, HOME DEPOT U.S.A., INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S RETAIL HOLDINGS, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, TRANSFORM SR LLC, AND TRANSFORM KM LLC, | Case No. 2:20-cv-00006-JRG-RSP CONSOLIDATED CASES |
| **Defendants.** | |

### PLAINTIFF TEAM WORLDWIDE CORPORATION'S OBJECTIONS TO MAGISTRATE JUDGE PAYNE'S REPORT AND RECOMMENDATION (DKT. 445)

Plaintiff Team Worldwide Corporation ("TWW") respectfully objects to the Magistrate Judge's Report and Recommendation (Dkt. 445, "R&R") recommending denial of TWW's Motion (Dkt. 203, "Motion") for partial summary judgment of infringement of U.S. Patent No. 9,211,018 (the '018 Patent) by accused products with the Intex 619A and Bestway P3042 pump types. R&R at 1.

The R&R is contrary to law and should be rejected. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). There is no genuine dispute of material fact precluding summary judgment of literal infringement of the asserted claims of the '018 Patent. The R&R improperly focuses on whether a portion of the pump body which is built-in to the exterior wall of the inflatable body can be removed and not whether the complete pump body is built-in to the exterior wall. Defendants manufactured disputed material facts by arguing that Dr. Stevick's testimony on applying the "built-in" limitation was inconsistent for his infringement and validity analysis. As explained below, his testimony was consistent and, thus, no genuine dispute of material facts exists. In addition, for claims 12 and 13, no genuine dispute of material fact exist as Dr. Stevick consistently opined that the accused products met these claim limitations and Defendants mischaracterized Dr. Stevick's testimony to create a dispute.

Accordingly, TWW respectfully requests that the Court reject the R&R as discussed herein. Additionally, TWW respectfully requests the Court find the Intex 619A and Bestway P3042 accused products literally infringe the asserted claims of the '018 Patent.

## I.   THE PUMP BODIES OF THE ACCUSED PRODUTS ARE BUILT-IN TO THE EXTERIOR WALL OF THE INFLATABLE BODY REGARDLESS OF WHETHER THE FACEPLATE CAN BE REMOVED

The R&R contends that a genuine dispute of material fact precluding summary judgment exists because "the faceplate, which Dr. Stevick opines is part of the pump body, can be removed

1

from the accused products. Dkt. No. 204-10 at 24 (removal of screws allows user to remove faceplate)." R&R at 6-7.  This finding is in error because the R&R presumes that removing the pump faceplate, a portion of the pump body, from the accused products means that the pump body is somehow not built-in to the exterior wall of the inflatable body as required by the asserted claims of the '018 Patent.   In fact, for the accused products the pump body is welded into the exterior wall of the inflatable body as a unit.  Defendants manufactured this purported factual dispute by claiming that Dr. Stevick was inconsistent in applying the built-in limitation for infringement and validity.

But, contrary to Defendants' arguments, Dr. Stevick's testimony was not inconsistent.  Dr. Stevick was consistent in his opinions as to whether the complete pump body could be disassembled/detached for both accused products and the prior art products (like Chaffee).  Dr. Stevick uniformly analyzed whether the pump body of accused products (or of prior art products like Chaffee) was still "complete" when certain parts are disassembled/detached:



Dkt. 289-001 at 58:6-59:3 (emphasis added); *see also id.* at 43:14-44:22 (directly addressing this alleged inconsistency); *id.* at 57:19-25 (                                                               "); *id.* at 59:14-24

███████████████████████████████████████████████████

██████████████████████████████████████████ .")(emphasis added);

*id.* at 61:8-11 ███████████████████████████████████████

███████████████████████████████████████████████████

████████████████████ )(emphasis added).

Dr. Stevick's purported inconsistent testimony does not exist.  Similar to Dr. Stevick's statements about Chaffee above, ████████████████████████████

███████████████████████████████████████████████████

████████████. *See* Ex. 1, Excerpt from the Rebuttal Expert Report of Dr. Glen Stevick, Ph.D. Regarding Validity of U.S. Patent No. 9,211,018. ███████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███




One-Touch Aerobed



Intex Fast-Fill Airbed

Thus, Defendants' argument that Dr. Stevick's testimony creates a genuine dispute of material facts is incorrect.  Dr. Stevick's testimony regarding whether disassembly affected if the pump body was "built-in" was consistent throughout his infringement and validity analysis.  There is no genuine dispute that for the accused products, air beds with the Intex 619A and Bestway P3042 pumps, the pump bodies  are built into the exterior wall as required by all asserted claims. A visual inspection of the accused products, Dr. Stevick's expert analysis, and the manufacturers' previous admission of infringement, altogether compel a finding of partial summary judgment of infringement. This particular infringement issue does not require trial time. *See Invitrogen Corp. v. Clontech Lab., Inc.*, 429 F.3d 1052, 1068 (Fed. Cir. 2005).[1] TWW respectfully submits that for at least this reason, partial summary judgment is appropriate and therefore, the R&R should be rejected.

## II.    TWW OFFERED ADDIITONAL EVIDENCE TO VALIDATE DR. STEVICK'S OPINIONS

In addition, the R&R stated "[t]he fact that Defendants' expert does not offer a rebuttal opinion does not necessarily validate Dr. Stevick's opinion." R&R at 5. However, TWW offered additional, undisputed evidence to validate Dr. Stevick's opinion. The expert report appendices identify specific evidence supporting infringement in the form of technical drawings, manuals, box art, deposition testimony, and advertisements. *See generally* Dkt. 204-010 for 619A products; Dkt. 204-011 for P3042 products. TWW also referenced the undisputed fact that the manufacturers, the technical authorities on the 619A and P3042 products, previously admitted that all asserted claim limitations of the '018 Patent are present in the 619A and P3042 products. Dkt. 203 at 7-8. Now,

---

[1] "Unsubstantiated attorney argument regarding the meaning of technical evidence is no substitute for competent, substantiated expert testimony. It does not, and cannot, support [a defendant's] burden on summary judgment." *Id.*

4

the retailers do not present any technical evidence or technical, expert opinions disputing infringement. Regarding the asserted claims, the retailers simply argue that TWW has not met its burden regarding the "built into" limitation.

III.     **DEFENDANTS MISCHARACTERIZED DR. STEVICK'S TESTIMONY AS HE CONSISTENTLY TESTIFIED THAT THE ACCUSED PRODCUTS MET THE LIMITATIONS OF CLAIMS 12 AND 13**

No genuine issue of material fact exists with respect to the infringement of claims 12 and 13 of the '018 Patent by the accused products.  Dr. Stevick opined that the pump body and the air outlet are wholly recessed (not partially recessed) in the inflatable body, as required by claims 12 and 13, respectively. *See* Dkt. 204-10 at 32-39; Dkt. 204-11 at 35-43. Defendants mischaracterized Dr. Stevick's testimony regarding protrusions on the pump-faceplate "sticking out" from the airbed to argue this was an admission that the pump body is not wholly recessed.  *See* Dkt. 289 at 4-5. But Dr. Stevick clarified this testimony on the record that the protrusion sticking out was not part of the pump body.  *See id*.  Thus, no genuine issue of material fact exists with respect to the infringement of claims 12 and 13 by the accused products.

**IV.  CONCLUSION**

For at least the foregoing reasons, TWW respectfully requests that the Court reject the R&R as discussed herein. Additionally, TWW respectfully requests the Court find the Intex 619A and Bestway P3042 accused products literally infringe the asserted claims of the '018 Patent.

Respectfully Submitted,

Date: June 15, 2015

*/s/  Korula T. Cherian*
Korula T. Cherian
Robert Harkins
**RuyakCherian LLP**
1936 University Ave., Suite 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

5

Robert F. Ruyak
Corrine Saylor Davis
J. Michael Woods
Jane Inkyung Shin
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
corrinesd@ruyakcherian.com
michaelw@ruyakcherian.com
janes@ruyakcherian.com

Elizabeth L. DeRieux
State Bar No. 05770585
**Capshaw DeRieux, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ederieux@capshawlaw.com

Mark Mann
Blake Thompson
**Mann | Tindel | Thompson**
300 West Main
Henderson, TX 75652
Office 903-657-8540
mark@themannfirm.com
blake@themannfirm.com

*Counsel for Plaintiff Team Worldwide Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2021, the foregoing document was served on all counsel of record via e-mail.

/s/ *Korula T. Cherian*

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I hereby certify that the foregoing document is being filed under seal pursuant to the

Protective Order entered in this matter.

<u>/s/ *Korula T. Cherian*</u>

7