IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> ACADEMY, LTD d/b/a ACADEMY § <br> SPORTS + OUTDOORS, § <br> § <br> *Defendant*. § | Case No. 2:19-cv-00092-JRG-RSP <br> (LEAD CASE) |

## ORDER

The Court held a Pretrial Conference in the above-captioned case on April 13, 2021, regarding motions *in limine* filed by Defendants Academy, Ltd. d/b/a Academy Sports + Outdoors, Ace Hardware Corporation, Amazon.com, Inc., Amazon.com LLC, Bed Bath & Beyond Inc., Costco Wholesale Corporation, Dick's Sporting Goods, Inc., Home Depot Product Authority, LLC, Macy's Retail Holdings, Inc., Macy's.com, LLC, Target Corporation, Sears, Roebuck and Co., Sears Holdings Corp., Transform SR LLC, and Transform KM LLC (collectively, the "Defendants"). Dkt. No. 350. At the Pretrial Conference, the Court deferred ruling on Defendants' Motion *in Limine* No. 7 ("MIL No. 7") until the Defendants notified the Court about whether they sought to use the IPR related to the '018 Patent as part of the willfulness defense. Dkt. No. 394 at 7[1]. On May 5, 2021, Defendants notified the Court that they "do not seek to use the IPR related to the '018 patent as part of their willfulness defense." Dkt. No. 398 at 2. Accordingly, the Court takes up MIL No. 7.

Defendants move the Court to exclude TWW from arguing and/or introducing evidence of ongoing *inter partes* review ("IPR") proceedings. Dkt. No. 350 at 10.

---

[1] Citations are to the document numbers and page numbers assigned through ECF.

1

Defendants argue MIL. No. 7 should be granted because "[t]hese proceedings are not relevant to the issues to be decided by the jury . . . and any limited probative value would be substantially outweighed by the danger of jury confusion and unfair prejudice to Defendants—a danger specifically avoided by many past decisions of this Court on this very issue." Dkt. No. 350 at 10; *see also Ericsson Inc. v. TCL Comms. Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, Dkt. 362 (E.D. Tex. Nov. 8, 2016).

After review of the parties' MIL No. 7 briefing, the arguments on April 13, 2021, and the discussion of the issue in the parties' briefing of Defendants strike motion (Dkt. No. 214), the Court finds that evidence and argument about the PTAB proceedings should be excluded pursuant to Fed. R. Evid. 403. Considering Defendants notice that they do not plan to use the PTAB proceedings as evidence to counter TWW's willful infringement claims and the complex nature of the appeal, the Court finds that there is too high a risk of jury confusion and too little probative value to permit evidence or argument of the PTAB proceedings. Accordingly, neither party may present such evidence or argument before the jury without prior leave. MIL No. 7 is **GRANTED**.

**SIGNED this 18th day of June, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE