# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS,
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION, | |
| Plaintiff, | Case No. 2:19-cv-92-JRG-RSP |
| v. | LEAD CASE |
| ACADEMY, LTD D/B/A ACADEMY SPORTS + OUTDOORS, | |
| Defendant. | |
| ACE HARDWARE CORPORATION, | Case No. 2:19-cv-00093-JRG-RSP |
| AMAZON.COM, INC, AMAZON.COM LLC, | Case No. 2:19-cv-00094-JRG-RSP |
| BED BATH & BEYOND INC., | Case No. 2:19-cv-00095-JRG-RSP |
| COSTCO WHOLESALE CORPORATION, | Case No. 2:19-cv-00096-JRG-RSP |
| DICK'S SPORTING GOODS, INC., | Case No. 2:19-cv-00097-JRG-RSP |
| THE HOME DEPOT, INC., | Case No. 2:19-cv-00098-JRG-RSP |
| MACY'S, INC., MACY'S.COM, LLC, | Case No. 2:19-cv-00099-JRG-RSP |
| TARGET CORPORATION, and TARGET BRANDS, INC., | Case No. 2:19-cv-00100-JRG-RSP |
| SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, and TRANSFORM HOLDCO LLC, | Case No. 2:20-cv-00006-JRG-RSP |
| Defendants. | CONSOLIDATED CASES |

**DEFENDANTS' RESPONSE TO PLAINTIFF TEAM WORLDWIDE'S RESPONSE TO MAGISTRATE JUDGE PAYNE'S ORDER**

The Court's Order (Dkt. 457) directed TWW to answer two simple questions: (1) Did Dr. Stevick "rely on and review each and every one of the[] 'Reference' documents" TWW cited in Exhibit 3 filed with its Opposition to Defendants' Motion to Strike; and (2) "were these 'Reference' documents incorporated into—or otherwise part of—Exhibit 20?"

While TWW answers "yes" to both questions, such responses are wholly unsupported by reference to Dr. Stevick's expert report or any other evidence of record. In response to the first question TWW does not identify anywhere in Dr. Stevick's report support for the assertion that he reviewed each "Reference" document. Nor does it submit a declaration or point to other evidence demonstrating that Dr. Stevick reviewed each "Reference" document.

In response to the Court's second question, TWW does not cite any portion of Exhibit 20 where a "Reference" document is listed, or cite another portion of Dr. Stevick's report proving that TWW timely complied with Rule 26(a)(2)(B)(ii) by identifying each of these documents when it served his report. Therefore, TWW's unsupported arguments should be rejected.

### I. NO EVIDENCE SUGGESTS DR. STEVICK REVIEWED THE REFERENCE DOCUMENTS.

TWW flatly asserts that Dr. Stevick reviewed Bates-numbered documents and websites listed in its lawyer-created Exhibit 3, but this attorney argument is unsupported by a single citation of evidence in the first seven paragraphs of its nine-paragraph brief. (Dkt. 464 at 1-2.) In the final two paragraphs, TWW finally cites deposition testimony. But the cited testimony is not directed to the "Reference" documents at all, and is equivocal: Dr. Stevick's general testimony that he "probably" had and "believe[d]" he had documents or a physical sample for the products listed in his exhibits hardly establishes that he reviewed each and every "Reference" document. (*Id*. at 2 n.4.) TWW's failure to cite his report or Ex. 20 establishing Dr. Stevick considered the "Reference" documents is not cured by this broad, equivocal testimony.

The remainder of Dr. Stevick's cited testimony is hopelessly circular:

> **Q**: Are you testifying that there are no products for which you didn't have a physical sample or a document to look at?
> **A**: I think *of the ones I've analyzed*, I had the physical sample or a document to look at.

(Dkt. 464 at 2 n.5, citing Dkt. 323-2, Ex. 12 at 96:1-6 (emphasis added).) But Defendants' Motion to Strike established that Dr. Stevick did *not* in fact analyze the unexamined products: his report analyzed a single Air Comfort product and assumed the analysis of that one product applied to all of the "Other" unexamined products. (Dkt. 210.) Dr. Stevick's testimony that he had documents or samples as to products he *actually analyzed* does not address this critical defect in his report.

The only other evidence TWW cites is Dr. Stevick's report. TWW quotes his broad statement that accused products were "identified based upon physical inspection of products, review of written discovery, produced documents, and/or publicly available information…." (Dkt. 464 at 3 n.6.) That does not establish he reviewed any "Reference" documents. It also leaves open the possibility that he accused products merely because they were listed by name in written interrogatory responses where defendants identified all air mattresses they sold. Finally, TWW quotes his statement that he examined "one or more" of defendants' websites to understand the BIP category. *Id*. at 3 n.7. That falls far short of proving he reviewed any "Reference" documents.[1]

## II. THE "REFERENCE" DOCUMENTS ARE NOT "INCORPORATED BY REFERENCE" INTO EXHIBIT 20.

TWW does not contend that Ex. 20 identifies any "Reference" documents. Instead, it asserts without support that "Dr. Stevick reviewed and relied on Bates-numbered product pages for 137 (125 + 12) products, and *incorporated by reference these documents in the infringement*

---

[1] TWW admits the websites cited in Ex. 3 do not appear in the infringement contentions or Ex. 20. TWW argues that some website addresses in Ex. 3 correspond to Bates-numbered documents, but others have no corresponding Bates-numbered documents. (Dkt. 464 at 2.) But TWW identifies no websites falling into either category. TWW does not explain why when creating Ex. 3 it cited websites accessed after discovery closed and after the '018 patent expired if documents showing the websites had been produced. And it identifies no documents corresponding to any web page.

*contentions*." (Dkt. 464 at 3 (emphasis added)). It is entirely unclear what TWW means in this passage, and the response never cites any support for it. TWW does not contend Dr. Stevick drafted the infringement contentions so he could not have incorporated by reference documents into them.[2] The contentions TWW previously filed with the Court (but which it now studiously ignores) do *not* incorporate by reference *any* documents, let alone any "Reference" documents. (Dkt. 253-3.) And Dr. Stevick's Report and his Ex. 20 *specifically identify* all documents they incorporate by reference. His report incorporates by reference only his own report appendices. (Dkt. 210-4 at ¶94, p. 28.) His Ex. 20 incorporates by reference only materials he reviewed during the Walmart case. (Dkt. 211-2.[3]) When Dr. Stevick intended to incorporate documents by reference into his report or exhibits, *he knew how to do so*. That he did *not* incorporate by reference any document or website cited in TWW's Ex. 3 dooms TWW's argument. Finally, Dr. Stevick's deposition testimony was clear: defendants could rely upon his Exhibit 20 to find "either in documents or physical [form]" each of the specific materials considered for every accused product that he analyzed. (Dkt. 285-1, at 91:9-24.) Exhibit 20 lists nothing at all for any product listed in TWW's counsel-created Ex. 3. Therefore, even if Dr. Stevick had considered the "Reference" documents (a proposition for which no evidentiary support exists), his failure to comply with Rule 26(a)(2)(B)(ii) would justify striking his opinions. *See McGuire v. Cirrus Design*, No. CIV. A. 1:07-CV-683, 2009 WL 383541, at *1 (E.D. Tex. Feb. 13, 2009).

---

[2] TWW's filed infringement contentions string-cite more than 800 pages of documents, only some of which are included in TWW's Ex. 3. "See, e.g., TWW_CONSOL-00001783–TWW_CONSOL-00002413; TWW_CONSOL-00002723–TWW_CONSOL-00002883; TWW_CONSOL-00002893–TWW_CONSOL-00002907." (Dkt. 323-3 at 7.) For example, the first Bates number cited (1783) appears nowhere in TWW's lawyer-created Exhibit 3; the same is true of the final Bates number (2907). (Dkt. 253-3.) No evidence suggests that Dr. Stevick reviewed any of these documents. Even if he had, and even if he had incorporated these documents by reference into his report or his Ex. 20 (which he did not do), the string citation would not inform Defendants of which documents within the cited range he reviewed and relied upon, and the citation would not constitute a proper disclosure under Rule 26(a)(2)(B)(ii).

[3] "I also incorporate by reference any materials I reviewed in preparing my reports dated May 18, 2018, June 8, 2018, and February 21, 2019 in the [Wal-Mart litigation]." (Dkt. 211-2 at 1.) TWW does not contend documents regarding any of the current defendants were considered by Dr. Stevick in the Wal-Mart litigation.

Dated: June 21, 2021

Respectfully submitted,

/s/ Robert T. Cruzen
Robert T. Cruzen
Oregon Bar No. 080167
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204
Office: (503) 595-5300
rob.cruzen@klarquist.com

*Counsel for Defendants Amazon.com, Inc. and Amazon.com LLC*

/s/ R. Trevor Carter (with permission)
Faegre Drinker Biddle & Reath LLP
R. Trevor Carter (admitted in E.D. Texas)
trevor.carter@faegredrinker.com
Andrew M. McCoy (admitted in E.D. Texas)
andrew.mccoy@faegredrinker.com
Reid E. Dodge (admitted in E.D. Texas)
reid.dodge@faegredrinker.com
300 N. Meridian St., Suite 2500
Indianapolis, IN 46204
(317) 237-0300 (telephone)
(317) 237-1000 (facsimile)

Lauren M.W. Steinhaeuser (admitted in E.D. Texas)
lauren.steinhaeuser@faegredrinker.com
90 S. Seventh St., Suite 2200
Minneapolis, MN 55402
(612) 766-7000 (telephone)

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

Charles Everingham IV
State Bar No. 00787447
Ward Smith & Hill, PLLC
P.O. Box 1231
Longview, TX 75606-1231

(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
Email: ce@wsfirm.com

*Counsel for Defendants Ace Hardware Corporation; Dick's Sporting Goods, Inc.; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; Target Corporation; Sears, Roebuck and Co., and Sears Holdings Corporation; and Transform SR LLC and Transform KM LLC*

/s/ Steven A. Caloiaro (with permission)
Dickinson Wright PLLC
John S. Artz
jsartz@dickinsonwright.com
350 S. Main St., Suite 300
Ann Arbor, MI 48104
(734) 623-7075
Steven A. Caloiaro
scaloiaro@dickinsonwright.com
100 W. Liberty St., Suite 940
Reno, NV 8951
(775) 343-7500

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors and Target Corporation*

/s/ Walter Hill Levie III (with permission)
John W. Harbin
Gregory J. Carlin
Walter Hill Levie III
Meunier Carlin & Curfman LLC
999 Peachtree St. NE, Suite 1300
Atlanta, GA 30309

*Counsel for Defendants Bed Bath & Beyond Inc.; Costco Wholesale Corporation; and Macy's Retail Holdings, Inc. and Macy's.com, LLC*

Michael C. Smith
State Bar No. 18650410
Scheef & Stone, LLP
113 East Austin Street
Marshall, TX 75670
Office: 903-938-8900

-5-

Michael.Smith@solidcounsel.com

*Counsel for Defendants Academy, Ltd d/b/a Academy Sports + Outdoors; Ace Hardware Corporation; Amazon.com, Inc. and Amazon.com LLC; Bed Bath & Beyond Inc.; Costco Wholesale Corporation; Dick's Sporting Goods, Inc.; Macy's Retail Holdings, Inc. and Macy's.com, LLC; Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC; and Target Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on counsel of record, all of whom have consented to electronic service, via email on June 21, 2021.

/s/ Robert T. Cruzen
Robert T. Cruzen